IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| PATRICIA R. KELLEY, § § PLAINTIFF, § § VS. § § OCWEN FEDERAL BANK, FSB; § MOSS, CODILIS, STAWIARSKI, § MORRIS, SCHNEIDER & PRIOR, § L.L.P.; Fictitious Defendants A, B, C,... § those individuals, partnerships, § corporations, limited liability companies, § or other legal entities who are or have § been mortgage brokers, holders or § servicers of the notes and mortgages § executed by the Plaintiff, or who have § otherwise attempted to collect the fees, § finance charges, and other penalties § from Plaintiff, § § DEFENDANTS. § | CIVIL ACTION NO. CV-2004- 072  |

## COMPLAINT

1. Plaintiff Patricia R. Kelley ("Plaintiff") is an individual over the age of 19 and a resident of Barbour County, Alabama.

2. Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in Barbour County, Alabama.

3. Defendant Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P. ("Moss, Codilis"), is believed to be a limited liability partnership doing business in Alabama.

4. Fictitious Defendants A, B, C, . . . are those individuals, partnerships, corporations, limited liability companies, or other legal entities who are or have been mortgage brokers, holders or

servicers of the notes and mortgages executed by the Plaintiff or who have otherwise attempted to collect the fees, finance charges, and other penalties as more fully discussed below.

5.  Named and Fictitious Defendants are hereafter known collectively as "Defendants".

## FACTS

6.  Plaintiff executed a Note and Mortgage on Plaintiff's property located in Barbour County, Alabama.

7.  The Note and Mortgage were serviced and/or held by one or more Defendants.

8.  The servicing rights to this loan were transferred to one or more Defendants.

9.  Defendants improperly charged Plaintiff late fees when Plaintiff sent mortgage payments to the prior loan servicer.

10. Defendants continued to charge Plaintiff late fees for these payments and other payments that were timely received.

11. Defendants misapplied payments received from Plaintiff and otherwise miscalculated the amount owed by Plaintiff.

12. Defendants improperly held payments received from Plaintiff until said payments were past due.

13. Defendants improperly returned payments made by Plaintiff, causing Plaintiff's payments to be past due.

14. Defendants improperly charged Plaintiff unidentified fees and penalties.

15. Defendants improperly charged Plaintiff certain fees, finance charges, and penalties relating to foreclosure proceedings.

16. As a result of being improperly charged certain fees and penalties, Defendants' misapplication of funds, and Defendants' miscalculation of amounts owed, Plaintiff was forced to enter into one or more forbearance agreements.

17. Defendants charged excessive fees relating to these forbearance agreements.

18. Defendants charged excessive fees relating to notices of default.

19. Defendants improperly began foreclosure proceedings on Plaintiff's home as a result of Plaintiff's inability to pay the excessive fees and penalties charged by Defendants.

20. Defendants charged excessive fees relating to these foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiff to keep Plaintiff's home.

21. Defendants force-placed insurance on Plaintiff's home when Plaintiff already had appropriate coverage on the home and offered proof of same.

22. Defendants improperly reported the status and amount of Plaintiff's loan to various credit reporting agencies.

23. Defendants attempted to collect and did collect money from Plaintiff which was not due.

24. Defendants provided inconsistent payoff amounts to Plaintiff, or otherwise refused to provide payoff amounts upon request.

25. Defendants failed to disclose to Plaintiff that Plaintiff would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiff's loan which they had a duty to disclose.

## **COUNT ONE**

26. The allegations of paragraphs 1 through 25 are incorporated herein as though set forth again in full.

27. Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage.

28. Defendants had a duty to disclose that Plaintiff would be charged these fees, finance charges, and/or penalties.

29. As a result of Defendants' failure to disclose this information, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWO

30. The allegations of paragraphs 1 through 29 are incorporated herein as though set forth again in full.

31. Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff.

32. Said representations were made with the intent that Plaintiff rely upon them.

33. Plaintiff relied on said representations.

34. Defendants benefited from Plaintiff's reliance.

35. As a result of said conduct, Plaintiff was damaged.

- 5 -

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT THREE

36. The allegations of paragraphs 1 through 35 are incorporated herein as though set forth again in full.

37. Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented that they would promptly apply payments received to Plaintiff's account.

38. Said representations were made with the intent that Plaintiff rely upon them.

39. Plaintiff relied on said representations.

40. Defendants benefited from Plaintiff's reliance.

41. As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FOUR

42. The allegations of paragraphs 1 through 41 are incorporated herein as though set forth again in full.

43. Defendants intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiff pursuant to the terms of Plaintiff's note and mortgage.

44. As a result of not being made aware of such suppressed material facts, Plaintiff entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

45. Defendants benefited from Plaintiff's reliance.

46. As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FIVE

47. The allegations of paragraphs 1 through 46 are incorporated herein as though set forth again in full.

48. A contract existed between Plaintiff and Defendants.

49. Defendants breached their agreement with Plaintiff.

50. As a result of said breach, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT SIX

51. The allegations of paragraphs 1 through 50 are incorporated herein as though set forth again in full.

52. Defendants were negligent in the handling of Plaintiff's loan.

53. As a result of said negligence, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

### COUNT SEVEN

54. The allegations of paragraphs 1 through 53 are incorporated herein as though set forth again in full.

55. Defendants were wanton in the handling of Plaintiff's loan.

56. As a result of said wantonness, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

### COUNT EIGHT

57. The allegations of paragraphs 1 through 56 are incorporated herein as though set forth again in full.

58. Defendants intentionally inflicted emotional distress upon Plaintiff by threatening to foreclose on Plaintiff's property for failure to pay fees and charges which Defendants had no right to collect and thus had no right to foreclose, and otherwise made representations of foreclosure when they had no right to affect Plaintiff's ownership in the property.

59. Defendants intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly.

60. Such conduct was outrageous and in contravention of good conduct and good faith and should thus be deemed repugnant by our society.

61. As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT NINE

62. The allegations of paragraphs 1 through 61 are incorporated herein as though set forth again in full.

63. The Defendants have converted to their own use the monies as paid by Plaintiff, said monies being the property of Plaintiff.

64. As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TEN

65. The allegations of paragraphs 1 through 64 are incorporated herein as though set forth again in full.

66. The Defendants owe Plaintiff for money paid by Plaintiff to the Defendants by mistake.

67. As a result of said payments, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

### COUNT ELEVEN

68. The allegations of paragraphs 1 through 67 are incorporated herein as though set forth again in full.

69. Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties.

70. This information was false and defamatory.

71. As a result, Plaintiff was unable to refinance or was otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

### COUNT TWELVE

72. The allegations of paragraphs 1 through 71 are incorporated herein as though set forth again in full.

73. Defendants conspired with each other to commit the wrongs alleged herein.

74. As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

_____
R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

**Plaintiff's Address:**

Patricia R. Kelley
487 Gammage Road
Eufala, Alabama 36027

**Defendants' Addresses:**

Ocwen Federal Bank, FSB
12650 Ingenuity Drive
Orlando, Florida 32826

Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P.
P.O. Box 785051
Orlando, Florida 32878-5051