## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| PATRICIA R. KELLEY,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, FSB;<br>MOSS, CODILIS, STAWIARSKI,<br>MORRIS, SCHNEIDER & PRIOR, L.L.P.;<br>Fictitious Defendants A, B, C, … those<br>individuals, partnerships, corporations, limited<br>liability companies, or other legal entities who<br>are or have been mortgage brokers, holders or<br>servicers of the notes and mortgages executed<br>by the Plaintiff, or who have otherwise<br>attempted to collect the fees, finance charges,<br>and other penalties from Plaintiff,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL ACTION NO. CV-2004-072 |

**FILED FEB 28 2005 DAVID S. NIX, CLERK BARBOUR COUNTY, ALABAMA**

## ANSWER TO COMPLAINT

Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis"), by its undersigned counsel, answers the Complaint filed by Plaintiff Patricia R. Kelley ("Plaintiff") as follows:

1.    Plaintiff Patricia R. Kelley ("Plaintiff") is an individual over the age of 19 and a resident of Barbour County, Alabama.

**ANSWER:**    Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies them.

2.    Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in Barbour County, Alabama.

**ANSWER:**    Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies them.

>    3.    Defendant Moss, Codilis, Stawiarski, Morris, Schneider,
>           & Prior, L.L.P. ("Moss, Codilis"), is believed to be a
>           limited liability partnership doing business in Alabama.

**ANSWER:**    Moss Codilis admits that it is a limited liability partnership organized under the laws of the State of Colorado, and further admits that it has sent letters to Ocwen borrowers relating to property located in Alabama.    Moss Codilis denies any remaining allegations contained in Paragraph 3.

>    4.    Fictitious Defendants A, B, C, . . . are those individuals,
>           partnerships, corporations, limited liability companies, or
>           other legal entities who are or have been mortgage
>           brokers, holders or servicers of the notes and mortgages
>           executed by the Plaintiff or who have otherwise
>           attempted to collect the fees, finance charges, and other
>           penalties as more fully discussed below.

**ANSWER:**    Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies them.

>    5.    Named and Fictitious Defendants are hereafter known
>           collectively as "Defendants".

**ANSWER:**    Moss Codilis admits that the parties identified are abbreviated as "Defendants" but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies them.

## FACTS

>    6.    Plaintiff executed a Note and Mortgage on Plaintiff's
>           property located in Barbour County, Alabama.

**ANSWER:**    Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies them.

7.    The Note and Mortgage were serviced and/or held by one or more Defendants.

**ANSWER:**    Moss Codilis admits that at some time Ocwen Federal Bank FSB ("Ocwen") serviced Plaintiff's mortgage loan, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 and therefore denies them.

8.    The servicing rights to this loan were transferred to one or more Defendants.

**ANSWER:**    Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies them.

9.    Defendants improperly charged Plaintiff late fees when Plaintiff sent mortgage payments to the prior loan servicer.

**ANSWER:**    Moss Codilis denies that it improperly charged Plaintiff late fees. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and therefore denies them.

10.    Defendants continued to charge Plaintiff late fees for these payments and other payments that were timely received.

**ANSWER:**    Moss Codilis denies that it charged Plaintiff late fees for any payments. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and therefore denies them.

11.    Defendants misapplied payments received from Plaintiff and otherwise miscalculated the amount owed by Plaintiff.

**ANSWER:**    Moss Codilis denies that it misapplied payments received from Plaintiff or otherwise miscalculated the amount owed by Plaintiff. Moss Codilis lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and therefore denies them.

>    12.    Defendants improperly held payments received from Plaintiff until said payments were past due.

**ANSWER:**   Moss Codilis denies that it ever held payments, improperly or otherwise, received from Plaintiff until said payments were past due.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and therefore denies them.

>    13.    Defendants improperly returned payments made by Plaintiff, causing Plaintiffs payments to be past due.

**ANSWER:**   Moss Codilis denies that it improperly returned payments made by Plaintiff, causing Plaintiff's payments to be past due.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and therefore denies them.

>    14.    Defendants improperly charged Plaintiff unidentified fees and penalties.

**ANSWER:**   Moss Codilis denies that it improperly charged Plaintiff unidentified fees or penalties.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and therefore denies them.

>    15.    Defendants improperly charged Plaintiff certain fees, finance charges, and penalties relating to foreclosure proceedings.

**ANSWER:**   Moss Codilis denies that it improperly charged Plaintiff certain fees, finance charges, or penalties relating to foreclosure proceedings.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore denies them.

16.  As a result of being improperly charged certain fees and penalties, Defendants' misapplication of funds, and Defendants' miscalculation of amounts owed, Plaintiff was forced to enter into one or more forbearance agreements.

**ANSWER:**  Moss Codilis denies that it improperly charged certain fees and penalties, misapplied funds, or miscalculated amounts owed by Plaintiff.  Moss Codilis denies that Plaintiffs were forced to enter into one or more forbearance agreements as a result of Moss Codilis's conduct.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and therefore denies them.

17.  Defendants charged excessive fees relating to these forbearance agreements.

**ANSWER:**  Moss Codilis denies that it charged excessive fees relating to any forbearance agreements.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and therefore denies them.

18.  Defendants charged excessive fees relating to notices of default.

**ANSWER:**  Moss Codilis denies that it charged excessive fees relating to notices of default.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and therefore denies them.

19.  Defendants improperly began foreclosure proceedings on Plaintiffs home as a result of Plaintiff's inability to pay the excessive fees and penalties charged by Defendants.

-5-

**ANSWER:**    Moss Codilis denies that it improperly began foreclosure proceedings on Plaintiff's home. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore denies them.

20.    Defendants charged excessive fees relating to these foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiff to keep Plaintiff's home.

**ANSWER:**    Moss Codilis denies that it charged excessive fees relating to any foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiff to keep Plaintiff's home. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and therefore denies them.

21.    Defendants force-placed insurance on Plaintiffs home when Plaintiff already had appropriate coverage on the home and offered proof of same.

**ANSWER:**    Moss Codilis denies that it force-placed insurance on Plaintiff's home and denies that Plaintiff ever offered Moss Codilis proof of appropriate coverage on the home. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and therefore denies them.

22.    Defendants improperly reported the status and amount of Plaintiffs loan to various credit reporting agencies.

**ANSWER:**    Moss Codilis denies that it improperly reported the status or amount of Plaintiff's loan to any credit reporting agencies. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and therefore denies them.

23.    Defendants attempted to collect and did collect money from Plaintiff which was not due.

**ANSWER:**    Moss Codilis denies that it attempted to collect or did collect money from Plaintiff which was not due. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and therefore denies them.

24.    Defendants provided inconsistent payoff amounts to Plaintiff, or otherwise refused to provide payoff amounts upon request.

**ANSWER:**    Moss Codilis denies that it provided inconsistent payoff amounts to Plaintiff, or otherwise refused to provide payoff amounts upon request. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and therefore denies them.

25.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiffs loan which they had a duty to disclose.

**ANSWER:**    Moss Codilis denies that it failed to disclose to Plaintiff that Plaintiff would be charged any fees, finance charges, or penalties, prior to the closing of Plaintiff's loan, and denies that Moss Codilis had any duty to disclose any fees, finances, or penalties prior to the closing of Plaintiff's loan. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and therefore denies them.

## COUNT ONE

26.    The allegations of paragraphs 1 through 25 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 25 as though set forth again in full.

27.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage.

**ANSWER:**    Moss Codilis denies that it failed to disclose to Plaintiff that Plaintiff would be charged any improper or otherwise excessive fees, finance charges, or penalties, in connection with Plaintiff's note or mortgage, and denies that Moss Codilis had any duty to disclose any fees, finances, or penalties prior to the closing of Plaintiff's loan. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 and therefore denies them.

28.    Defendants had a duty to disclose that Plaintiff would be charged these fees, finance charges, and/or penalties.

**ANSWER:**    Moss Codilis denies that it had a duty to disclose that Plaintiff would be charged any fees, finance charges, or penalties. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and therefore denies them.

29.    As a result of Defendants' failure to disclose this information, Plaintiff was damaged.

**ANSWER:**    Moss Codilis denies that it had a duty to disclose that Plaintiff would be charged any fees, finance charges, or penalties, and denies that any lack of disclosure by Moss Codilis could constitute a failure. Moss Codilis further denies that Plaintiff was damaged as a result of its conduct. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 and therefore denies them.

## COUNT TWO

30.    The allegations of paragraphs 1 through 29 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 29 as though set forth again in full.

31.    Defendants intentionally, recklessly, wantonly, maliciously' and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff.

**ANSWER:**    Moss Codilis denies that it intentionally, recklessly, wantonly, maliciously' or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 and therefore denies them.

32.    Said representations were made with the intent that Plaintiff rely upon them.

**ANSWER:**    Moss Codilis denies that it misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff, and denies that it made any misrepresentations with the intent that Plaintiff rely on them. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 and therefore denies them.

33.    Plaintiff relied on said representations.

**ANSWER:**    Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore denies them.

34.    Defendants benefited from Plaintiff's reliance.

**ANSWER:**     Moss Codilis denies that it benefited from Plaintiff's reliance.  Moss Codilis

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 34 and therefore denies them.

35.     As a result of said conduct, Plaintiff was damaged.

**ANSWER:**     Moss Codilis denies that Plaintiff was damaged as a result of Moss Codilis's

conduct. Moss Codilis lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 35 and therefore denies them.

## COUNT THREE

36.     The allegations of paragraphs 1 through 35 are
incorporated herein as though set forth again in full.

**ANSWER:**     Moss Codilis hereby incorporates its responses to Paragraphs 1 through 35 as

though set forth again in full.

37.     Defendants     intentionally,     recklessly,     wantonly,
maliciously and/or negligently misrepresented that they
would promptly apply payments received to Plaintiff's
account.

**ANSWER:**     Moss Codilis denies that it intentionally, recklessly, wantonly, maliciously or

negligently misrepresented that it would promptly apply payments received to Plaintiff's

account. Moss Codilis lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 37 and therefore denies them.

38.     Said representations were made with the intent that
Plaintiff rely upon them.

**ANSWER:**     Moss Codilis denies that it misrepresented the fees, finance charges, and

penalties which were, were to be, or could be assessed and collected from Plaintiff, and

denies that it made any misrepresentations with the intent that Plaintiff rely on them.  Moss

-10-

Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and therefore denies them.

39.    Plaintiff relied on said representations.

**ANSWER:**    Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore denies them.

40.    Defendants benefited from Plaintiff's reliance.

**ANSWER:**    Moss Codilis denies that it benefited from Plaintiff's reliance.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and therefore denies them.

41.    As a result of said conduct, Plaintiff was damaged.

**ANSWER:**    Moss Codilis denies that Plaintiff was damaged as a result of Moss Codilis's conduct. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and therefore denies them.

## COUNT FOUR

42.    The allegations of paragraphs 1 through 41 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 41 as though set forth again in full.

43.    Defendants' intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiff pursuant to the terms of Plaintiffs note and mortgage.

**ANSWER:**    Moss Codilis denies that it intentionally, recklessly, wantonly, maliciously or negligently suppressed the correct amount due from Plaintiff pursuant to the terms of Plaintiff's note and mortgage.  Moss Codilis lacks knowledge or information sufficient to

-11-

form a belief as to the truth of the remaining allegations contained in Paragraph 43 and therefore denies them.

> 44. As a result of not being made aware of such suppressed material facts, Plaintiff entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

**ANSWER:**    Moss Codilis denies any allegations contained in Paragraph 44 that it suppressed material facts. Moss Codilis further denies that Plaintiff entered into any loan transaction with Moss Codilis. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 and therefore denies them.

> 45. Defendants benefited from Plaintiffs reliance.

**ANSWER:**    Moss Codilis denies that it benefited from Plaintiff's reliance. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 and therefore denies them.

> 46. As a result of said conduct, Plaintiff was damaged.

**ANSWER:**    Moss Codilis denies that Plaintiff was damaged as a result of Moss Codilis's conduct. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 and therefore denies them.

## COUNT FIVE

> 47. The allegations of paragraphs 1 through 46 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 46 as though set forth again in full.

> 48. A contract existed between Plaintiff and Defendants.

**ANSWER:**     Moss Codilis denies that a contract existed between Plaintiff and Moss Codilis. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 and therefore denies them.

49.     Defendants breached their agreement with Plaintiff.

**ANSWER:**     Moss Codilis denies that it had an agreement with Plaintiff and, accordingly, that any breach of agreement between Plaintiff and Moss Codilis could have occurred. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 and therefore denies them.

50.     As a result of said breach, Plaintiff was damaged.

**ANSWER:**     Moss Codilis denies that Plaintiff was damaged as a result of Moss Codilis's conduct. Moss Codilis further denies it had an agreement with Plaintiff and, accordingly, that any breach of agreement between Plaintiff and Moss Codilis occurred. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 and therefore denies them.

## COUNT SIX

51.     The allegations of paragraphs 1 through 50 are incorporated herein as though set forth again in full.

**ANSWER:**     Moss Codilis hereby incorporates its responses to Paragraphs 1 through 50 as though set forth again in full.

52.     Defendants were negligent in the handling of Plaintiff's loan.

**ANSWER:**     Moss Codilis denies that it was negligent in the handling of Plaintiff's loan. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and therefore denies them.

53.    As a result of said negligence, Plaintiff was damaged.

**ANSWER:**    Moss Codilis denies that Plaintiff was damaged as a result of Moss Codilis's conduct, and denies that its conduct constitutes negligence. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and therefore denies them.

## COUNT SEVEN

54.    The allegations of paragraphs 1 through 53 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 53 as though set forth again in full.

55.    Defendants were wanton in the handling of Plaintiff's loan.

**ANSWER:**    Moss Codilis denies that it was wanton in the handling of Plaintiff's loan. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 and therefore denies them.

56.    As a result of said wantonness, Plaintiff was damaged.

**ANSWER:**    Moss Codilis denies that Plaintiff was damaged as a result of Moss Codilis's conduct, and denies that its conduct constitutes wantonness. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and therefore denies them.

## COUNT EIGHT

57.    The allegations of paragraphs 1 through 56 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 56 as though set forth again in full.

58.    Defendants intentionally inflicted emotional distress upon Plaintiff by threatening to foreclose on Plaintiffs property for failure to pay fees and charges which Defendants had no right to collect and thus had no right to foreclose, and otherwise made representations of foreclosure when they had no right to affect Plaintiffs ownership in the property.

**ANSWER:**    Moss Codilis denies that it intentionally inflicted emotional distress upon Plaintiff by threatening to foreclose on Plaintiff's property for failure to pay fees or charges which Defendants had no right to collect and thus had no right to foreclose. Moss Codilis further denies that it otherwise made representations of foreclosure when it had no right to affect Plaintiff's ownership in the property. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 and therefore denies them.

59.    Defendants intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly.

**ANSWER:**    Moss Codilis denies that it intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone or mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and therefore denies them.

60.    Such conduct was outrageous and in contravention of good conduct and good faith and should thus be deemed repugnant by our society.

**ANSWER:**    Moss Codilis denies that its conduct was outrageous or in contravention of good conduct or good faith, and denies that its conduct should thus be deemed repugnant by

our society. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 and therefore denies them.

61.    As a result of said conduct by Defendants, Plaintiff was damaged.

**ANSWER:**    Moss Codilis denies that Plaintiff was damaged as a result of Moss Codilis's conduct. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and therefore denies them.

## COUNT NINE

62.    The allegations of paragraphs 1 through 61 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 61 as though set forth again in full.

63.    The Defendants have converted to their own use the monies as paid by Plaintiff, said monies being the property of Plaintiff.

**ANSWER:**    Moss Codilis denies that it has converted to its own use any monies paid by Plaintiff, said monies being the property of Plaintiff. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 and therefore denies them.

64.    As a result of said conduct by Defendants, Plaintiff was damaged.

**ANSWER:**    Moss Codilis denies that Plaintiff was damaged as a result of any conduct by Moss Codilis. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 and therefore denies them.

## COUNT TEN

65.    The allegations of paragraphs 1 through 64 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 64 as though set forth again in full.

66.    The Defendants owe Plaintiff for money paid by Plaintiff to the Defendants by mistake.

**ANSWER:**    Moss Codilis denies that it owes Plaintiff for money paid by Plaintiff to it by mistake.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 and therefore denies them.

67.    As a result of said payments, Plaintiff has been damaged.

**ANSWER:**    Moss Codilis denies that Plaintiff has been damaged as a result of any payments made by Plaintiff to Moss Codilis.  Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 and therefore denies them.

## COUNT ELEVEN

68.    The allegations of paragraphs 1 through 67 are incorporated herein as though set forth again in full.

**ANSWER:**    Moss Codilis hereby incorporates its responses to Paragraphs 1 through 67 as though set forth again in full.

69.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiffs credit or financial condition to be published to third parties.

**ANSWER:**    Moss Codilis denies that it intentionally, recklessly, wantonly, maliciously or negligently caused negative or untruthful information regarding Plaintiff's credit or financial

-17-

condition to be published to third parties. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 and therefore denies them.

70. This information was false and defamatory.

**ANSWER:** Moss Codilis denied that it caused any false or defamatory information regarding Plaintiff's credit or financial condition to be published to third parties. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 and therefore denies them.

71. As a result, Plaintiff was unable to refinance or was otherwise damaged.

**ANSWER:** Moss Codilis denies that Plaintiff was unable to refinance or was otherwise damaged as a result of Moss Codilis's conduct. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 and therefore denies them.

## COUNT TWELVE

72. The allegations of paragraphs 1 through 71 are incorporated herein as though set forth again in full.

**ANSWER:** Moss Codilis hereby incorporates its responses to Paragraphs 1 through 71 as though set forth again in full.

73. Defendants conspired with each other to commit the wrongs alleged herein.

**ANSWER:** Moss Codilis denies that it conspired with the other defendants to commit the wrongs alleged in Plaintiff's Complaint. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73 and therefore denies them.

74.    As a result of said conduct by Defendants, Plaintiff was damaged.

**ANSWER:**    Moss Codilis denies that Plaintiff was damaged as a result of Moss Codilis's conduct. Moss Codilis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 and therefore denies them.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis") states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against Moss Codilis.

### SECOND AFFIRMATIVE DEFENSE

In the event that any fee charged by Ocwen Bank is deemed not to be authorized under Plaintiff's note and mortgage, Moss Codilis's attempt to collect such fees was unintentional and due to a bona fide error notwithstanding Moss Codilis's maintenance of procedures reasonably adapted to avoid any such error, including substantial legal research on the ability to recover the fees at issue in this case. As such, Moss Codilis's attempt to collect the fees was a mistake of law subject to the bona fide error defense of the FDCPA, 15 U.S.C. §1692k(c).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is preempted by federal law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not pled with the specificity required by Ala. R. Civ. P. 9.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel, laches and waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parol evidence rule.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she has not sustained injury or damage as a result of the matters averred in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Moss Codilis avers that it did not participate in, authorize, ratify, or benefit from any alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Moss Codilis denies that it has been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allows plaintiff to recover punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by Ala. Code § 6-11-20, et seq. (1993).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by Ala. Code § 6-11-27 (1993).

## SEVENTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Moss Codilis specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards articulated by the United States Supreme Court in *Commerce Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *BMW of North America, Inc. v. Gore,* 116 S. Ct. 1589 (1996), and the application thereof in *BMW of North America, Inc. v. Gore,* 701 So. 2d 507 (Ala. 1997).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in *Commerce Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424

(2001); and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997).

## NINETEENTH AFFIRMATIVE DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in *Commerce Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997), when assessing the constitutionality of punitive damages and of any such award.

## TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be unconstitutional under *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997), because Moss Codilis received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any verdict based upon Plaintiff's claim for punitive damages or for compensatory damages for pain and suffering, mental anguish or emotional distress would violate Moss Codilis's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety and amount of such damages violate the constitutional prohibition against vague and overbroad laws.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Moss Codilis, this award contravenes Moss Codilis's right to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon Moss Codilis's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

An award of punitive damages in the circumstances of this case would be violative of Moss Codilis's due process rights as embraced by the Fifth and Fourteenth Amendments of the United States Constitution and by the due process clause of article 1, section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

1.        Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined.

2.        Alabama courts lack adequate standards or guidance to instruct a jury with regard to assessing the amount and appropriateness of a punitive damage award.

3.        Post verdict review of a punitive damage award is similarly subject to insufficient standards or criterion under present Alabama law to accord Moss Codilis due process of law.

4.          Punitive damage awards in Alabama lack a rational relationship to the wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

5.          The procedures utilized by Alabama courts and/or the jury instructions provided to Alabama jurors, jointly and separately, are vague, ambiguous and overbroad.

6.          The extent of punitive damages in Alabama lacks a rational relationship to the legitimate interests to be advanced by the State of Alabama.

7.          An award of punitive damages in this case would be penal in nature and thus, would violate Moss Codilis's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Moss Codilis is granted the procedural safeguards afforded criminal defendants including, but not limited to, the constitutional safeguard of a heightened standard of proof beyond a reasonable doubt.

8.          Present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive damages award against a defendant.

9.          Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

10.          The award of punitive damages on the basis of vicarious liability for the conduct of others violates a defendant's constitutional rights.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would deny Moss Codilis its right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6 and 22 of the Alabama Constitution. Specifically, Moss Codilis would be treated differently from criminal defendants which are

charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article 1, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternatively, such an award is violative of the Commerce Clause to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate Moss Codilis's rights under the Contract Clause of Article 1, Section 10 of the United States Constitution and Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages violates Moss Codilis's guarantee of Due Process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety and amount of punitive damages violate the constitutional prohibition against vague and overbroad laws.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The award of punitive damages in this case would contravene the constitutional prohibition against *ex post facto* laws as found in Article 1, Section 22 of the Alabama Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The award of punitive damages in this case would be in contravention of the constitutional safeguards provided to Moss Codilis under the Constitution of the United States and the Constitution of the State of Alabama, jointly and separately.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent plaintiff has suffered no physical injury, § 6-11-21 of the Code of Alabama bars Plaintiff's claim for punitive damages to the extent that said claim exceeds the greater of three times their compensatory damages or $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. To the extent Plaintiff claims that she has suffered physical injury, § 6-11-21 of the Code of Alabama bars her claim for punitive damages insofar as said claim exceeds the greater of three times his compensatory damages or $1,500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this Commerce.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The injuries to plaintiff were not proximately caused by any acts or omissions of Moss Codilis.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Moss Codilis pleads that the transaction alleged was voluntarily undertaken, that Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by it or her, that the terms of the contract were fully disclosed to it or her, that she knowingly entered into the transaction, having either understood the transaction or having failed to avail herself of the opportunity to understand the transaction.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The filing of these affirmative defenses is intended to notify Plaintiff of certain of Defendant's possible defenses and they should not be interpreted to shift the burden of proof on any issue where the burden resides with the Plaintiff. Moss Codilis reserves the right to assert other defenses and claims when and if they become appropriate during this action. Moss Codilis hereby specifically denies any allegations contained in the Complaint which were not expressly admitted. In particular, Plaintiff has failed to specify any particular conduct by Moss Codilis as distinct from other defendants and has failed to plead any facts explaining how or to what extent Plaintiff was damaged by the alleged conduct. Thus, Plaintiff has made it impossible for Moss Codilis to formulate all of its affirmative defenses to the claims.

**WHEREFORE,** Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP denies that Plaintiff is entitled to the relief prayed for, in whole or in part, or to any other relief against Moss Codilis. Moss Codilis respectfully requests that the Plaintiff's Complaint be dismissed in its entirety with prejudice and that the Court award Codilis its actual costs of defense, including actual attorneys' fees and such other relief as the Court deems appropriate.

MOSS, CODILIS STAWIARSKI, MORRIS,
SCHNEIDER & PRIOR, LLP

By _____

One of Its Attorneys

John N. Bolus
T. Louis Coppedge
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203-2618
205.254.1025 (Office)
205.254.1999 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served on the undersigned

attorneys via U.S. Mail, first class postage prepaid and properly addressed, all on this the

25th day of February, 2005:


    R. Cooper Shattuck
    Jane L. Calamusa
    ROSEN, COOK, SLEDGE, DAVIS,
      CADE & SHATTUCK, P.A.
    2117 Jack Warner Parkway
    Tuscaloosa, Alabama 35401

    John E. Goodman
    BRADLEY, ARANT, ROSE & WHITE
    One Federal Place
    1819 Fifth Avenue North
    Birmingham, Alabama 35203


OF COUNSEL