IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| PATRICIA R. KELLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. CV-2004-072 |
| OCWEN FEDERAL BANK FSB; MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER, & PRIOR, L.L.P.; and Fictitious Defendants A, B, C et al., | ) ) ) ) ) ) |
| Defendants. | ) |

## OCWEN FEDERAL BANK FSB'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CLAIMS EXCEEDING $75,000

COMES NOW defendant Ocwen Federal Bank FSB ("Ocwen"), and moves the court to enter partial summary judgment in its favor with respect to any claims exceeding $75,000 (including compensatory damages, punitive damages, equitable monetary relief, and attorneys' fees). As grounds for this motion Ocwen shows as follows.

### STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule 56(c)(1), Ocwen sets forth the following narrative summary of undisputed facts. The following facts are either undisputed or are uncontradicted by substantial evidence.

In order to defeat removal of this case to federal court, plaintiff Patricia R. Kelley unequivocally represented to the United States District Court for the Middle District of Alabama that she *"does not seek and will not accept damages of more than $74,999.00, exclusive of interest and costs."* (*See Kelley v. Ocwen Federal Bank, FSB*, 2:04-CV-00900-MTC-CSC, Motion to Remand, at 4 (M.D. Ala. Oct. 25, 2004) (emphasis added) ("Motion to Remand")



(attached at Tab 1).) Based on this representation, the federal court determined that the amount in controversy did not satisfy the jurisdictional threshold required for federal diversity jurisdiction and remanded the case to this court. (*Kelley v. Ocwen Federal Savings Bank, FSB*, No. 2:04cv900-T, Order, at 3 (Jan. 24, 2005) (attached at Tab 2).)

Plaintiff Patricia R. Kelley filed suit against Ocwen in this court alleging a variety of claims relating to the propriety and disclosure of fees, penalties and finance charges assessed and collected by defendants in holding, servicing, and pursuing foreclosure proceedings on plaintiff's mortgage. (*See, e.g.*, Compl. ¶¶ 9-25.) Pursuant to these claims, plaintiff seeks not only compensatory damages, but also punitive damages (*see id.* ¶¶ 29, 41, 46, 50, 53, 56, 61, 64, 67, 71, 74.) and attorneys' fees. (*See id.* Count Five.)   On September 28, 2004, Ocwen removed the case to the United States District Court for the Middle District of Alabama. (*See Kelley v. Ocwen Federal Savings Bank, FSB, et al.*, 2:04-CV-00900-MTC-CSC, Notice of Removal (M.D. Ala. Sept. 23, 2004) ("Notice of Removal") (attached at Tab 3).).  In support of removal based on federal diversity jurisdiction, Ocwen argued that this action puts more than $75,000 in controversy.  Specifically, Ocwen argued that in addition to the compensatory damages claims, plaintiff's claims for punitive damages, emotional distress, and attorneys' fees would independently and collectively exceed $75,000 based upon jury verdicts and findings in similar cases. (*See* Notice of Removal, at 4-5 (discussing cases).)

Plaintiff moved to remand the action to state court, arguing that the federal district court lacked federal diversity jurisdiction because the amount in controversy was less than $75,000.  In support of this argument, plaintiff represented to the federal court that:

> The Plaintiff's "out-of-pocket" damages in this action are currently estimated to be less than $10,000.00. The Plaintiff is seeking also to recover damages for mental anguish in addition to punitive damages. . . . The Plaintiff, by and through her attorneys of record,

2

hereby represents to the Court that *she does not seek and will not accept damages of more than $74,999.00, exclusive of interest and costs.*

(Motion to Remand, at 4 (emphasis added) (attached at Tab 1).) Relying on plaintiff's unequivocal representation that she would not accept damages in excess of $74,999.00, the federal district court concluded that the amount in controversy was less than the jurisdictional threshold of $75,000 and remanded the case to this Court. (Order, at 3-4.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *See* Ala. R. Civ. P. 56(c)(3); *Aetna Life & Casualty Co. v. Atlantic & Gulf Stevedores*, 590 So. 2d 205, 206 (Ala. 1991).

## ARGUMENT

There is no genuine issue of material fact that the total amount of damages in this case may not exceed $75,000.00. Plaintiff is judicially estopped from seeking damages in excess of $75,000 because any request for damages above the jurisdictional minimum is clearly inconsistent with her unequivocal representations to the federal district court. *See In re Donald J. Vincent*, 883 So.2d 1236 (Ala. 2003). Moreover, the federal court's determination that the amount in controversy fails to meet the jurisdictional threshold now provides the law of the case on that issue, and should not be revisited by this court. *See, e.g., United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case. . . Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."). Accordingly, Ocwen is entitled to judgment

as a matter of law on any claims for damages (including compensatory damages, punitive damages, equitable monetary relief, or attorneys' fees) exceeding $75,000.00.

## I. JUDICIAL ESTOPPEL PRECLUDES PLAINTIFF FROM SEEKING ANY RELIEF EXCEEDING $75,000.

"The law in Alabama is well settled that a party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter that is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts and where another would be prejudiced by his action." *See Aetna Life & Casualty Co. v. Atlantic & Gulf Stevedores*, 590 So. 2d 205, 208-209 (Ala. 1991) (citing cases). The essential purpose of the doctrine of judicial estoppel (traditionally referred to as the law of inconsistent positions) is to "prevent parties from deliberately shifting positions to suit the exigencies of the moment in order to maintain the sanctity of the oath and integrity of the judicial process." *In re Donald J. Vincent*, 883 So.2d 1236, 1244 (Ala. 2003); *see also Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000) (holding that judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"). Courts have recognized that judicial estoppel is appropriate where: (1) a party's later position is "clearly inconsistent" with its earlier position, (2) the party has been successful in the prior proceeding so that "judicial acceptance of an inconsistent position in a later proceeding . . . create[s] the perception that either the first or second court was mislead"; and (3) the party seeking to assert an inconsistent position "derive[s] an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *See In re Donald J. Vincent*, 883 So.2d at 1244-45 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

4

Plaintiff unequivocally represented to the United States District Court that "she is not seeking and will not accept damages of more than $74,999.00, exclusive of interest and costs." (Motion to Remand at 4.) Any future claim by plaintiff for recovery exceeding $75,000 would be "clearly inconsistent" with this express disclaimer to the federal court. *See, e.g., In re Donald J. Vincent*, 883 So.2d at 1245 (describing "clear inconsistency" of plaintiff's statement in a bankruptcy proceeding that he did not have $500,000 in cash with statement in later-filed lawsuit that he did); *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003) (alleging product defect was caused by manufacturer in first action was "clearly inconsistent" with naming a different manufacturer for the same defect in a second action). The success of the prior proceedings is likewise beyond dispute – the case was remanded from federal district court to this Court because the federal court accepted plaintiff's argument and determined that the amount in controversy did not satisfy the $75,000 minimum requirement for federal diversity jurisdiction. Finally, if allowed to claim damages in excess of $75,000 now that this case has been remanded to state court, plaintiff would derive an unfair advantage and impose an unfair detriment on Ocwen.

In sum, plaintiff Kelley is judicially estopped from claiming any damages—compensatory, punitive, fee-shifting, or otherwise—in excess of $75,000.00. Because there is no genuine issue of material fact relating either to her representation to the federal court that she would not accept more than that amount, or to the operation of judicial estoppel principles with respect to her claims here, Ocwen is entitled to partial summary judgment with respect to any claims exceeding $75,000.

## II. THE LAW-OF-THE-CASE DOCTRINE PROHIBITS PLAINTIFF FROM SEEKING ANY RELIEF IN EXCESS OF $75,000.

The law-of-the-case doctrine requires that "whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." *Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 68 (Ala. 2001). The purpose of the law-of-the-case doctrine is to bring an efficient end to the litigation by foreclosing the possibility of repeatedly litigating an issue already decided in the case. *See Murphy v. Federal Deposit Insurance Corp.*, 208 F.3d 959, 965 (11th Cir. 2000); *see also Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1199 (11th Cir. 2004) ("While not an inexorable command, the law of the case doctrine provides stability and finality in litigation, which are crucial cornerstone values for developing a just and efficient judicial process.") (citing *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987)). This doctrine applies with particular force to issues of fact and mixed issues of law and fact, such as damages. *See* Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 4478.5 (2d ed. 2002) ("If an attempt is made to press the same fact issue for a second time on an unchanged record, law-of-the-case reluctance approaches maximum force.").

Based upon plaintiff's unopposed representation that she will not accept any recovery in excess of $74,999.00, the federal district court concluded that it lacked federal diversity jurisdiction because the amount in controversy failed to satisfy the $75,000 jurisdictional threshold. The federal court's decision on the damages at issue "should continue to govern the same issues in subsequent stages in the same case." *See Bailey v. Allgas, Inc.*, 148 F. Supp. 2d 1222, 1229 (N.D. Ala. 2000) (citing *Murphy v. Federal Deposit Insurance Corp.*, 208 F.3d 959, 965 (11th Cir. 2000)). Indeed, the Supreme Court itself contemplated this scenario in *Ruhrgas*

6

*Ag v. Marathon Oil Co.*, 526 U.S. 574 (1999), when it indicated that if a district court remanded an action to state court for failure to satisfy the amount in controversy requirement for federal diversity jurisdiction, "the federal court's conclusion will travel back with the case." *Id.* at 586. "Assuming a fair airing of the issue in federal court, that court's ruling on permissible state-law damages may bind the parties in state court." *Id.*

For this additional reason, plaintiff's total recovery in this case—including compensatory damages, punitive damages, equitable monetary relief, and attorneys' fees—cannot exceed $75,000.00. Because there is no genuine issue of fact regarding the maximum recovery that may be had in this case, the Court should enter partial summary judgment in favor of Ocwen on any claims exceeding $75,000.

## CONCLUSION

For the foregoing reasons, Defendant Ocwen respectfully requests that this court enter partial summary judgment exculpating Ocwen from any claim for damages exceeding $75,000.00.

Dated: March 21, 2005

Respectfully submitted,

_____
John E. Goodman
Benjamin M. Moncrief
Brian M. Blythe
Attorneys for Defendant
Ocwen Federal Bank FSB

OF COUNSEL

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama  35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
Amsouth/Harbert Plaza, Suite 2400
1901 6th Avenue North
Birmingham, Alabama 35203-2618

by United States mail, first class and postage prepaid, on this 21 day of March, 2005.

_____
Of Counsel