IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA R. KELLEY, § | |
| § | |
| PLAINTIFFS, § | |
| § | |
| VS. § | CIVIL ACTION NO. CV |
| § | 2:05-CV-00458-MEF-SRW |
| OCWEN FEDERAL BANK, FSB, § | |
| et al., § | |
| § | |
| DEFENDANTS. § | |

## MOTION TO REMAND

Comes now the Plaintiff, Patricia R. Kelley, and respectfully requests this Court to, again, remand this case to the Circuit Court of Barbour County and would show unto the Court the following in support hereof:

1. **Ocwen has removed this case before.** Ocwen first removed this case on September 23, 2004. (Patricia R. Kelley v. Ocwen Federal Bank, FSB, et al., 2:04-CV-00900-MHT-CSC, in the United States District Court for the Middle District of Alabama (Judge Thompson)). It argued that this Court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as well as federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. (Ocwen's First Notice of Removal).

2. In response to Ocwen's first removal, Plaintiff filed a motion to remand stating that her out-of-pocket damages were estimated to be below $10,000 and, thus, that the amount in controversy was less than the $75,000 jurisdictional amount. (Motion to Remand, p.4). Plaintiff also represented "that she does not seek and will not accept damages of more than $74,999.00, exclusive of interest and costs." (Motion to Remand, p.4).

3. Plaintiff argued in her response to Ocwen's first removal that Ocwen did not fulfill its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeded $75,000.

4. **The Court has already remanded this case.** This Court remanded this case on January 24, 2005 and in its Order stated that no federal question jurisdiction existed. (Order of January 24, 2005, a true, correct, and authentic copy of which is attached hereto as Exhibit "A"). The Order also stated that the defendants "failed to meet their burden as to establishing the jurisdictional amount; the notice of removal provides only conclusory allegations."

5. Once the case was remanded, Ocwen filed a motion for partial summary judgment, asking the state court to enter a judgment in its favor on all claims in excess of $75,000. A true, correct, and authentic copy of said motion is attached hereto as Exhibit "B".

6. Plaintiff filed a response to this motion, stating that it did not appear that this Court relied upon the Plaintiff's statement regarding damages in remanding this case but that, in any event, Ocwen's motion was premature since there had been no award of damages in excess of $75,000, nor had Plaintiff sought damages in excess of $75,000.[1] A true, correct, and authentic copy of the Plaintiff's Response to Ocwen's Motion for Partial Summary Judgment is attached hereto as Exhibit "C".

Knowing that Ocwen's intent in filing such a motion was to effectuate another removal of this action, Plaintiff included the following language in her response to Ocwen's motion:

> Plaintiff anticipates that Ocwen will attempt to use this response as a basis to re-remove this case to federal court. Such a removal would be improper. Nothing herein shall be interpreted or construed to mean that the Plaintiff is now seeking damages of over $75,000. She is not. The Plaintiff is not taking a new position regarding the amount of her damages. The Plaintiff, as stated in her motion to remand, still does not believe her claims are in excess of $75,000. Instead, the

---

[1] If the Court did, indeed, rely upon the Plaintiff's representation regarding damages in remanding this case, the Plaintiff will obviously abide by such representation.

2

> Plaintiff is asserting that the damages issue raised by Ocwen is not ripe for consideration and, in order to defeat Ocwen's motion, has been required to raise the issue of the federal court's reliance on Plaintiff's prior statement regarding damages. If a jury awards Plaintiff damages in excess of $75,000.00 and if the federal court relied upon Plaintiff's representations, then she will abide by her statements. However, that is not an issue that is ripe for resolution at this time.

(Plaintiff's Resp. to Mtn. for Summ. J., p. 4).

7. Ocwen removed this case based on the Plaintiff's statement that her representation that she would not seek or accept damages in excess of $75,000 "does not preclude a jury from <u>awarding</u> damages in excess of $75,000[;] it would only prevent the Plaintiff from <u>seeking</u> or <u>accepting</u> damages in excess of $75,000." (Second Notice of Removal, ¶ 2). It stated that by making this statement, the Plaintiff has put more than $75,000 in controversy. As discussed below, this statement does not place the amount in controversy over $75,000.

8. An appeal or review of a remand order is not allowed pursuant to 28 U.S.C. § 1447(d). <u>Harris v. Blue Cross/Blue Shield</u>, 951 F.2d 325, 330 (11th Cir. 1992). Courts have held, however, that 28 U.S.C. § 1446(b) will allow for the "re-removal" of an action **but only in limited circumstances**:

> The plain language of the statute is that there must be *receipt* by the defendant of something, from which the defendant *first* may ascertain that the case is removable. Proper ways to use § 1446(b) include the situation where a plaintiff voluntarily dismisses a resident defendant prior to the one year limit, or the plaintiff amends the complaint to assert a federal cause of action. Re-removal is not proper where defendant simply supplies evidentiary support that the first remand was incorrect. A second removal based on the same ground as the first does not reinvest the court with jurisdiction.

<u>TKI, Inc. v. Nichols Research Corp.</u>, 191 F.Supp.2d 1307, 1311-12 (M.D.Ala. 2002) (emphasis in original) (citations omitted).

9. Plaintiff's response to Ocwen's motion is <u>not</u> "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

3

removable" as would allow removal under § 1446. First, as is evident from the Plaintiff's statements regarding Ocwen's anticipated removal of this action (discussed in Paragraph 6 above), Plaintiff has made clear that she has not taken a new position on her damages. Second, and although unlikely, nothing prevents a <u>jury</u> from <u>awarding</u> damages in excess of $75,000. The only restriction on the Plaintiff is that she cannot seek or accept damages in excess of $75,000.

10. Ocwen's present removal is clearly an attempt to have this Court revisit an issue that it previously asserted and upon which this Court has already ruled. (<u>Patricia R. Kelley v. Ocwen Federal Bank, FSB, et al.</u>, 2:04-CV-00900-MHT-CSC, in the United States District Court for the Middle District of Alabama (Judge Thompson)). As stated previously, the Court in the original remand of this case found that Ocwen did not meet its burden of showing the amount in controversy exceeded the jurisdictional amount. Nothing has changed since that time.

Ocwen's attempt to secure a second bite at the apple is prohibited by 28 U.S.C. § 1447(d). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d).

11. Ocwen's current argument in support of its allegation that the amount in controversy is met for diversity jurisdiction is the same as that made in its original notice of removal in this case. Ocwen's current notice of removal raises no new arguments. Ocwen did not satisfy its burden before and it cannot do so now.

Ocwen has presented the same "evidence" that this Court originally found to be "conclusory allegations". Such conclusory allegations did not support Ocwen's first removal and, likewise, cannot support the present removal. Because, **for the second time**, Ocwen has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, this case should immediately be again remanded.

4

12. Ocwen states that the Plaintiff's failure to provide an affidavit stating that she would not seek in excess of $75,000, as Plaintiff's counsel has done in another similar case, puts more than $75,000 in controversy. In the case to which Ocwen alludes, however, the court specifically requested the plaintiffs to file an affidavit. The Court did not do so in this case. That fact is not indicative of the amount in controversy. However, Plaintiff has executed an affidavit to put an end to Ocwen's abusive motion practice once and for all. A true, correct and authentic copy of Plaintiff's affidavit is attached hereto as Exhibit "D".

13. Ocwen also states that it re-removed two other cases to the United States District Court for the Southern District of Alabama and that Judge Hand has denied those plaintiffs' second motions to remand. The plaintiffs in those cases were not given the opportunity to reply to Ocwen's response to the motions to remand which contained misleading statements designed to make that court believe that those plaintiffs changed their positions regarding damages once their cases were remanded, a fact which is not true. Those plaintiffs never "represented that more than $75,000 was at issue." Those plaintiffs have filed motions to reconsider and have requested permission to appeal the court's denial of their motions to remand if remand is not ultimately granted.

14. Ocwen's current removal was clearly effectuated for the improper purpose of causing unnecessary delay and needless increase in the cost of litigation. Ocwen's arguments in support of its current removal of this case are at best, absurd, and at worst, abusive. To re-remove a case on an issue which was decided in the initial removal and to present no new arguments in support of its position on removal further illustrates the frivolity of Ocwen's present removal.

15. Plaintiff respectfully requests this Court to award her costs and attorney's fees incurred as a result of Ocwen's improper removal of this case pursuant to 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiff respectfully requests this Court to remand this case back to the Circuit Court of Barbour County, Alabama, to award her costs and attorney's fees associated with this second removal of this action, and for such other and further relief as this Court may deem just and proper.

/s/ **Rhon E. Jones**
Rhon E. Jones (JONE7747)
Counsel for Plaintiff

OF COUNSEL:

Scarlette M. Tuley (TULE4517)
**BEASLEY, ALLEN, CROW,**
**METVIN, PORTIS, & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555


Jane L. Calamusa
R. Cooper Shattuck
**ROSEN, COOK, SLEDGE, DAVIS,**
**SHATTUCK & OLDSHUE, P.A.**
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

## CERTIFICATE OF SERVICE

I hereby certify that on <u>May 27, 2005</u>, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedures, and/or the Middle District's Local Rules, and/or the Middle District's Rules on Electronic Service upon the following parties and participants:

John E. Goodman
Benjamin M. Moncrief
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104
(205) 521-8000
Attorneys for Defendants

John N. Bolus
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203-2618
(205) 254-1000
Attorneys for Defendants

/s/ Rhon E. Jones
Rhon E. Jones
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
(334) 269-2343