IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA R. KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:04cv900-T |
| | ) | |
| OCWEN FEDERAL BANK, FSB, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After careful consideration of the state-law claims
presented in this case, the court does not believe that the
following statutes and regulations enacted pursuant to them
provide "complete preemption" that would support removal
jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1441, nor is
the court convinced that a substantial "federal question" is
presented, see Caterpillar, Inc. v. Williams, 482 U.S. 386,
107 S.Ct. 2425 (1987); Metropolitan Life Ins. Co. v. Taylor,
481 U.S. 58 107 S.Ct. 1542 (1987); Merrell Dow
Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct.



EXHIBIT

A

3229 (1986); <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 103 S.Ct. 2841 (1983); <u>Gully v. First National Bank of Meridian</u>, 299 U.S. 109, 57 S.Ct. 96 (1936): the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692e(4); the Home Owner's Loan Act, 12 U.S.C.A. § 1461 et seq.; the Truth in Lending Act, 15 U.S.C.A. § 1601 et seq.; the Fair Credit Reporting Act, 15 U.S.C.A. § 1682 et seq.; and the Real Estate Settlement Procedures Act, 12 U.S.C.A. § 2603.   And in light of these circumstances, supplemental jurisdiction under 28 U.S.C.A. §§ 1367, 1441 is also inappropriate.

With the above conclusions, however, the court has <u>not</u> held that the state-law claims in this lawsuit are not "preempted" by one or more of the above statutes.   This court has merely held that there is not such "complete preemption" as would support removal to federal court.   After remand, the state court may still independently conclude that one or more of the above statutes preempt state law.   <u>See</u> <u>Glasser v. Amalgamated Workers Union Local 88</u>, 806 F.2d 1539, 1540 (11th

2

Cir. 1986) (per curium); <u>see also</u> <u>Franchise Tax Board v.</u> <u>Construction Laborers Vacation Trust</u>, 463 U.S. 1, 12-14 & n.12, 103 S.Ct. 2821, 2848 & n.12; <u>Soley v. First National</u> <u>Bank of Commerce</u>, 923 F.2d 406, 408-09 (5th Cir 1991).

The court also does not believe that diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is present. A removing defendant bears the burden of proving proper federal jurisdiction. <u>Leonard v. Enterprise Rent-a-Car</u>, 279 F.3d 967, 972 (11th Cir. 2002). Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement. <u>Id</u>. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319-1320 (11th Cir. 2001). The defendants have

3

failed to meet their burden as to establishing the jurisdictional amount; the notice of removal provides only conclusory allegations.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 14) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that all other motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

Done, this the 24th day of January, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE