IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| PATRICIA R. KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. CV-2004-072 |
| | ) |
| OCWEN FEDERAL BANK FSB; | ) |
| MOSS, CODILIS, STAWIARSKI, | ) |
| MORRIS, SCHNEIDER, & PRIOR, | ) |
| L.L.P.; and Fictitious Defendants | ) |
| A, B, C et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## OCWEN FEDERAL BANK FSB'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CLAIMS EXCEEDING $75,000

COMES NOW defendant Ocwen Federal Bank FSB ("Ocwen"), and moves the court to enter partial summary judgment in its favor with respect to any claims exceeding $75,000 (including compensatory damages, punitive damages, equitable monetary relief, and attorneys' fees). As grounds for this motion Ocwen shows as follows.

### STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule 56(c)(1), Ocwen sets forth the following narrative summary of undisputed facts. The following facts are either undisputed or are uncontradicted by substantial evidence.

In order to defeat removal of this case to federal court, plaintiff Patricia R. Kelley unequivocally represented to the United States District Court for the Middle District of Alabama that she "*does not seek and will not accept damages of more than $74,999.00, exclusive of interest and costs.*" (*See Kelley v. Ocwen Federal Bank, FSB,* 2:04-CV-00900-MTC-CSC, Motion to Remand, at 4 (M.D. Ala. Oct. 25, 2004) (emphasis added) ("Motion to Remand")



EXHIBIT
B

(attached at Tab 1).)  Based on this representation, the federal court determined that the amount

in controversy did not satisfy the jurisdictional threshold required for federal diversity

jurisdiction and remanded the case to this court.  (*Kelley v. Ocwen Federal Savings Bank, FSB*,

No. 2:04cv900-T, Order, at 3 (Jan. 24, 2005) (attached at Tab 2).)

> Plaintiff Patricia R. Kelley filed suit against Ocwen in this court alleging a variety of

claims relating to the propriety and disclosure of fees, penalties and finance charges assessed and

collected by defendants in holding, servicing, and pursuing foreclosure proceedings on plaintiff's

mortgage. (*See, e.g.*, Compl. ¶¶ 9-25.)  Pursuant to these claims, plaintiff seeks not only

compensatory damages, but also punitive damages (*see id.* ¶¶ 29, 41, 46, 50, 53, 56, 61, 64, 67,

71, 74.) and attorneys' fees. (*See id.* Count Five.)    On September 28, 2004, Ocwen removed

the case to the United States District Court for the Middle District of Alabama. (*See Kelley v.*

*Ocwen Federal Savings Bank, FSB, et al.*, 2:04-CV-00900-MTC-CSC, Notice of Removal (M.D.

Ala. Sept. 23, 2004) ("Notice of Removal") (attached at Tab 3).)   In support of removal based

on federal diversity jurisdiction, Ocwen argued that this action puts more than $75,000 in

controversy.  Specifically, Ocwen argued that in addition to the compensatory damages claims,

plaintiff's claims for punitive damages, emotional distress, and attorneys' fees would

independently and collectively exceed $75,000 based upon jury verdicts and findings in similar

cases. (*See* Notice of Removal, at 4-5 (discussing cases).)

> Plaintiff moved to remand the action to state court, arguing that the federal district court

lacked federal diversity jurisdiction because the amount in controversy was less than $75,000.  In

support of this argument, plaintiff represented to the federal court that:

> > The Plaintiff's "out-of-pocket" damages in this action are currently
> > estimated to be less than $10,000.00.  The Plaintiff is seeking also
> > to recover damages for mental anguish in addition to punitive
> > damages. . . . The Plaintiff, by and through her attorneys of record,

> hereby represents to the Court that *she does not seek and will not accept damages of more than $74,999.00, exclusive of interest and costs*.

(Motion to Remand, at 4 (emphasis added) (attached at Tab 1).) Relying on plaintiff's unequivocal representation that she would not accept damages in excess of $74,999.00, the federal district court concluded that the amount in controversy was less than the jurisdictional threshold of $75,000 and remanded the case to this Court. (Order, at 3-4.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *See* Ala. R. Civ. P. 56(c)(3); *Aetna Life & Casualty Co. v. Atlantic & Gulf Stevedores*, 590 So. 2d 205, 206 (Ala. 1991).

## ARGUMENT

There is no genuine issue of material fact that the total amount of damages in this case may not exceed $75,000.00. Plaintiff is judicially estopped from seeking damages in excess of $75,000 because any request for damages above the jurisdictional minimum is clearly inconsistent with her unequivocal representations to the federal district court. *See In re Donald J. Vincent*, 883 So.2d 1236 (Ala. 2003). Moreover, the federal court's determination that the amount in controversy fails to meet the jurisdictional threshold now provides the law of the case on that issue, and should not be revisited by this court. *See, e.g., United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case. . . Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."). Accordingly, Ocwen is entitled to judgment

as a matter of law on any claims for damages (including compensatory damages, punitive

damages, equitable monetary relief, or attorneys' fees) exceeding $75,000.00.

## I.    JUDICIAL ESTOPPEL PRECLUDES PLAINTIFF FROM SEEKING ANY RELIEF EXCEEDING $75,000.

"The law in Alabama is well settled that a party will not be permitted to maintain

inconsistent positions or to take a position in regard to a matter that is directly contrary to, or

inconsistent with, one previously assumed by him, at least where he had, or was chargeable with,

full knowledge of the facts and where another would be prejudiced by his action." *See Aetna*

*Life & Casualty Co. v. Atlantic & Gulf Stevedores*, 590 So. 2d 205, 208-209 (Ala. 1991) (citing

cases). The essential purpose of the doctrine of judicial estoppel (traditionally referred to as the

law of inconsistent positions) is to "prevent parties from deliberately shifting positions to suit the

exigencies of the moment in order to maintain the sanctity of the oath and integrity of the judicial

process." *In re Donald J. Vincent*, 883 So.2d 1236, 1244 (Ala. 2003); *see also Pegram v.*

*Herdrich*, 530 U.S. 211, 227 n.8 (2000) (holding that judicial estoppel "generally prevents a

party from prevailing in one phase of a case on an argument and then relying on a contradictory

argument to prevail in another phase"). Courts have recognized that judicial estoppel is

appropriate where: (1) a party's later position is "clearly inconsistent" with its earlier position,

(2) the party has been successful in the prior proceeding so that "judicial acceptance of an

inconsistent position in a later proceeding . . . create[s] the perception that either the first or

second court was mislead"; and (3) the party seeking to assert an inconsistent position "derive[s]

an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *See In*

*re Donald J. Vincent*, 883 So.2d at 1244-45 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-

51 (2001)).

4

Plaintiff unequivocally represented to the United States District Court that "she is not

seeking and will not accept damages of more than $74,999.00, exclusive of interest and costs."

(Motion to Remand at 4.)  Any future claim by plaintiff for recovery exceeding $75,000 would

be "clearly inconsistent" with this express disclaimer to the federal court.  *See, e.g., In re Donald*

*J. Vincent*, 883 So.2d at 1245 (describing "clear inconsistency" of plaintiff's statement in a

bankruptcy proceeding that he did not have $500,000 in cash with statement in later-filed lawsuit

that he did); *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003) (alleging

product defect was caused by manufacturer in first action was "clearly inconsistent" with naming

a different manufacturer for the same defect in a second action).  The success of the prior

proceedings is likewise beyond dispute – the case was remanded from federal district court to

this Court because the federal court accepted plaintiff's argument and determined that the

amount in controversy did not satisfy the $75,000 minimum requirement for federal diversity

jurisdiction.  Finally, if allowed to claim damages in excess of $75,000 now that this case has

been remanded to state court, plaintiff would derive an unfair advantage and impose an unfair

detriment on Ocwen.

In sum, plaintiff Kelley is judicially estopped from claiming any damages—

compensatory, punitive, fee-shifting, or otherwise—in excess of $75,000.00.  Because there is no

genuine issue of material fact relating either to her representation to the federal court that she

would not accept more than that amount, or to the operation of judicial estoppel principles with

respect to her claims here, Ocwen is entitled to partial summary judgment with respect to any

claims exceeding $75,000.

## II.    THE LAW-OF-THE-CASE DOCTRINE PROHIBITS PLAINTIFF FROM SEEKING ANY RELIEF IN EXCESS OF $75,000.

The law-of-the-case doctrine requires that "whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." *Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 68 (Ala. 2001). The purpose of the law-of-the-case doctrine is to bring an efficient end to the litigation by foreclosing the possibility of repeatedly litigating an issue already decided in the case. *See Murphy v. Federal Deposit Insurance Corp.*, 208 F.3d 959, 965 (11th Cir. 2000); *see also Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1199 (11th Cir. 2004) ("While not an inexorable command, the law of the case doctrine provides stability and finality in litigation, which are crucial cornerstone values for developing a just and efficient judicial process.") (citing *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987)). This doctrine applies with particular force to issues of fact and mixed issues of law and fact, such as damages. *See* Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 4478.5 (2d ed. 2002) ("If an attempt is made to press the same fact issue for a second time on an unchanged record, law-of-the-case reluctance approaches maximum force.").

Based upon plaintiff's unopposed representation that she will not accept any recovery in excess of $74,999.00, the federal district court concluded that it lacked federal diversity jurisdiction because the amount in controversy failed to satisfy the $75,000 jurisdictional threshold. The federal court's decision on the damages at issue "should continue to govern the same issues in subsequent stages in the same case." *See Bailey v. Allgas, Inc.*, 148 F. Supp. 2d 1222, 1229 (N.D. Ala. 2000) (citing *Murphy v. Federal Deposit Insurance Corp.*, 208 F.3d 959, 965 (11th Cir. 2000)). Indeed, the Supreme Court itself contemplated this scenario in *Ruhrgas*

6

*Ag v. Marathon Oil Co.*, 526 U.S. 574 (1999), when it indicated that if a district court remanded an action to state court for failure to satisfy the amount in controversy requirement for federal diversity jurisdiction, "the federal court's conclusion will travel back with the case." *Id.* at 586. "Assuming a fair airing of the issue in federal court, that court's ruling on permissible state-law damages may bind the parties in state court." *Id.*

For this additional reason, plaintiff's total recovery in this case—including compensatory damages, punitive damages, equitable monetary relief, and attorneys' fees—cannot exceed $75,000.00. Because there is no genuine issue of fact regarding the maximum recovery that may be had in this case, the Court should enter partial summary judgment in favor of Ocwen on any claims exceeding $75,000.

## CONCLUSION

For the foregoing reasons, Defendant Ocwen respectfully requests that this court enter partial summary judgment exculpating Ocwen from any claim for damages exceeding $75,000.00.

Dated: March 21, 2005

Respectfully submitted,

John E. Goodman
Benjamin M. Moncrief
Brian M. Blythe
Attorneys for Defendant
Ocwen Federal Bank FSB

OF COUNSEL

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama  35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
Amsouth/Harbert Plaza, Suite 2400
1901 6th Avenue North
Birmingham, Alabama 35203-2618

by United States mail, first class and postage prepaid, on this 21 day of March, 2005.

Of Counsel

8

**Stephens, Lori**

**From:**      efile_notice@almd.uscourts.gov
**Sent:**      Monday, October 25, 2004 4:59 PM
**To:**        almd_mailout@almd.uscourts.gov
**Subject:**   Activity in Case 2:04-cv-00900-MHT-CSC Kelley v. Ocwen Federal Bank, FSB et al "Motion to Remand"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from Calamusa, Jane L. entered on 10/25/2004 at 4:59 PM CDT and filed on 10/25/2004
**Case Name:**      Kelley v. Ocwen Federal Bank, FSB et al
**Case Number:**    2:04-cv-900
**Filer:**          Patricia R. Kelley
**Document Number:** 14

**Docket Text:**
MOTION to Remand by Patricia R. Kelley. (Calamusa, Jane)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=10/25/2004] [FileNumber=250078-0
] [0646fb41d6d5a4210a0b5084174c5ccf220e536e903fc4be796d67fd669983de4a1
d26b624e8d68b3bbb3393d915bfe6a2bdc0c1656c588fb4b67e880030c7ca]]

**2:04-cv-900 Notice will be electronically mailed to:**

John N. Bolus    jbolus@mcglaw.com

Jane L. Calamusa    jcalamusa@rcslaw.com

John Edward Goodman    jgoodman@bradleyarant.com, lstephens@bradleyarant.com

Benjamin Michael Moncrief    bmoncrief@bradleyarant.com, lstephens@bradleyarant.com

Roland Cooper Shattuck    cshattuck@rcslaw.com

**2:04-cv-900 Notice will be delivered by other means to:**

10/26/2004



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICIA R. KELLEY,                          §
                                             §
              PLAINTIFFS,                     §
                                             §
VS.                                          §          CIVIL ACTION NO. CV 04-MHT-900-CSC
                                             §
OCWEN FEDERAL BANK, FSB,                     §
et al.,                                      §
                                             §
              DEFENDANTS.                     §

## MOTION TO REMAND

COMES NOW the Plaintiff, Patricia Kelley (hereinafter "Plaintiff"), and respectfully

requests this Court to remand the above-styled cause of action back to the Circuit Court of Barbour

County, Alabama, pursuant to 28 U.S.C. § 1447. As grounds for this request the Plaintiff states that

this District Court lacks subject matter jurisdiction over the present controversy because complete

diversity does not exist and the amount in controversy does not exceed $75,000. Further, federal

question jurisdiction does not exist, the Plaintiff's claims are not preempted by federal law and the

adjudication of the Plaintiff's claims does not require the resolution of any substantial question of

federal law.

## STANDARD

"Federal courts are courts of limited jurisdiction" and "only have the power to hear cases that

they have been authorized to hear by the Constitution or the Congress of the United States."

Newman v. Spectrum Stores, Inc., 109 F.Supp. 2d 1342, 1344-5 (M.D. Ala. 2000) (citations

omitted). "On a motion to remand, the removing party bears the burden of showing that the federal

court has jurisdiction to decide the matter." Clark Const. Group v. Hellmuth, Obata & Kassabaum.

Inc., 286 F.Supp. 2d 1348, 1349 (M.D. Fla. 2003). Consequently, "the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear." Love v. Fortis Benefits Ins. Co., 120 F.Supp.2d 997, 1000 (M.D. Ala. 2000). "It is well established that removal statutes are to be strictly construed against removal." Miles v. Kilgore, 928 F.Supp 1071, 1075 (N.D.Ala. 1996).

ARGUMENT

The Plaintiff in the present action filed a Complaint in Barbour County, Alabama, asserting claims actionable under Alabama statutory and common laws against several Defendants. (Complaint, a true, correct, and authentic copy of which is attached hereto as Exhibit "A"). More specifically, the Plaintiff has pled the following causes of action: fraud, suppression, negligence, wantonness, intentional infliction of emotional distress, reimbursement for money paid, defamation, and conspiracy. (Complaint, Exhibit "A"). The foregoing causes of action are clearly grounded in state law.

Nevertheless, Ocwen has represented to this Court that the present action should be removed to this District Court on both diversity jurisdiction and federal question jurisdiction grounds. (Notice of Removal).

The Plaintiff will show, however, that this Court lacks subject matter jurisdiction over the present controversy on any of the grounds asserted by Ocwen in its Notice of Removal. (Notice of Removal). The Plaintiff therefore requests that this Court grant her Motion to Remand.

**I.    THIS COURT LACKS DIVERSITY JURISDICTION OVER THIS MATTER BECAUSE THE DAMAGES CLAIMED BY THE PLAINTIFF FALL BELOW $75,000.00.**

When a plaintiff seeks an indeterminate amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a *preponderance of the evidence* that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (emphasis added).

2

Ocwen lists the verdicts in a number of other Alabama cases alleging different types of fraud and intentional infliction of emotional distress which were well above the $75,000.00 jurisdictional limit for this Court. The specific facts of these cases were not made available to the Plaintiff or this Court. Thus, it is unclear whether the claims asserted in these actions were substantially similar to those asserted in the Plaintiff's complaint or that a similar outcome is possible in the present case. However, Ocwen bears the burden of showing that the Plaintiff's claim meets the jurisdictional minimum by a preponderance of the evidence, which it has not done and cannot do. "[M]ere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the defendant's] assertion [that the amount in controversy is in excess of $75,000.00]." Federated, 329 F.3d at 809.

Interestingly, Ocwen directs the Court's attention to a similar case filed against Ocwen by the same counsel representing the Plaintiff in this action in which counsel for the plaintiff submitted a petition for attorney's fees totaling over $200,000.00. After years of discovery battles in which Ocwen repeatedly refused to comply with the court's orders on such discovery, the Circuit Court of Fayette County, Alabama ordered counsel for plaintiffs in that case to submit the "attorneys' fees and expenses of Plaintiffs' counsel incurred as a result of addressing any discovery matter relating to Ocwen's failure to produce requested information." (See Order dated June 18, 2004, Kimberly and Lee Dowdle v. Aurora Loan Services, et al., CV1999-082, in the Circuit Court of Fayette County, Alabama, a copy of which is attached hereto as Exhibit "B").[1] The fees and expenses were submitted as ordered. Thus, the fee application submitted by plaintiff's counsel in that matter has no relevance to the present Plaintiff's claim.

---

[1] The court's order was subsequently quashed in conjunction with the dismissal of that action after a compromise settlement of the entire controversy.

The Plaintiff's "out-of-pocket" damages in this matter are currently estimated to be less than $10,000.00. The Plaintiff is seeking to also recover damages for mental anguish in addition to punitive damages. Ocwen cannot show by a preponderance of the evidence that the Plaintiff's claims exceed $75,000.00.

The Plaintiff, by and through her attorneys of record, hereby represents to the Court that she does not seek and will not accept damages of more than $74,999.00, exclusive of interest and costs. Such a limitation on damages in order to defeat diversity jurisdiction is given great deference by courts and will be presumed to be true. Federated, 329 F.3d at 808. As a result, Ocwen cannot prove by a preponderance of the evidence that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. Therefore, Plaintiff's Motion to Remand is due to be granted.

II.    THIS COURT LACKS FEDERAL QUESTION JURISDICTION OVER THIS MATTER.

   A.    Original subject matter jurisdiction cannot be established in the present case because no federal question exists.

Ocwen contends that the "complaint alleges claims arising under federal law, including the federal Truth in Lending Act ("TILA") . . . and the Fair Credit Reporting Act ("FCRA") . . .", and that federal question jurisdiction therefore exists. (Notice of Removal). However, the legal theories upon which the Plaintiff bases her claims (namely, fraud and defamation under Alabama state law) are clear on the face of the Plaintiff's complaint. In fact, the allegations set out in each of the Plaintiff's claims track the elements required for each state law claim under Alabama law. Plaintiff intentionally did not plead federal causes of action in her Complaint and does not seek to recover on the basis of any federal law.

Whether a case arises under federal law is determined by the "well-pleaded" complaint rule—"a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."

4

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). In other words, a case "may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Blab T.V. of Mobile. Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th 1999) (citations omitted). Further, the federal question "must not be asserted as part of an issue that is merely collateral or incidental to a claim that is primarily based in state law." Id. Therefore, "the plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead an available federal claim." Id. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial, 539 U.S. at 6.

A case "arises under" federal law only if federal law "creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). "A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Pan Am. Petroleum Corp. v. Superior Court of the State of Delaware, 366 U.S. 656 (1961) (citations and alterations omitted). The federal right or immunity forming the basis of the claim "must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Dunlap v. G&L Holding Group Inc., 381 F.3d 1285, 1290 (11th Cir. 2004).

1.    **None of the rights created under the Truth-in-Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") are an essential element of any of the Plaintiff's claims.**

The Plaintiff has alleged, in Count One of her Complaint, that the "Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance

charges, and/or penalties in connection with Plaintiff's note and mortgage." (Complaint, Exhibit "A"). Ocwen contends that the duty of creditors to disclose credit terms is created by the Truth-in-Lending Act ("TILA") and the Plaintiff's claim that defendant failed to disclose fees, finance charges, and penalties is a claim for a breach of duty provided by the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 1603. (Notice of Removal).

Alabama Code § 6-5-102 (1993) provides an independent state law basis for the instant causes of action. Specifically, Alabama Code § 6-5-102 states that *"[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud"* and that the "obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Ala. Code § 6-5-102 (emphasis added). "Where one person has superior knowledge of a fact and suppression of that fact will induce another person to take action that he or she otherwise would not take, the obligation to disclose is particularly compelling." Life Ins. Co. of Georgia v. Parker, 706 So.2d 1108, 1112 (Ala. 1997). Consequently, the Defendants in this matter had a duty, independent of any federal law, to disclose all material facts with respect to the subject transaction. See, e.g., Parker, 706 So.2d at 1112 (holding that insurer had a duty to disclose to insureds policy terms and details even though such terms and details were found on face of the policy where insurer had superior knowledge of subject matter).

As evidenced by the terms of the Plaintiff's Complaint, Count One, when read in its entirety, expressly and repeatedly alleges a failure to disclose which is actionable under the statutory and common laws of the State of Alabama. Thus, Count One of the Plaintiff's Complaint has been well-pleaded and states a viable cause of action under the statutory and common laws of the State of Alabama. The rights conferred under TILA and RESPA do not constitute any essential element of

6

the aforesaid claims. Therefore, neither Count One nor any other Count states a claim upon which an essential element of the claim depends on any aspect of federal law.

>    **2.    None of the rights created under the FCRA are an essential element of the Plaintiff's claims.**

Count Eleven of the Complaint alleges that the Defendants "intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties" and *"[t]his information was false and defamatory."* (Complaint, Exhibit "A") (emphasis added). Despite the fact that Count Eleven of the Plaintiff's Complaint clearly sets out a claim for defamation sounding in Alabama tort law, Ocwen contends that the "Plaintiff does not specify the legal theory under which she seeks recovery for Count Eleven", and that Count Eleven therefore "alleges a claim under FCRA." (Notice of Removal). Ocwen's reading of the Plaintiff's claim is clearly incorrect.

Under Alabama tort law, in order to establish a prima facie case of defamation the Plaintiff must show "[1] that the defendant was at least negligent, [2] in publishing [3] a false and defamatory statement to another [4] concerning the plaintiff, [5] which is either actionable without having to prove special harm . . . or actionable upon allegations and proof of special harm . . ." Gary v. Crouch, 867 So. 2d 310, 315 (Ala. 2003) (citations omitted).

Count Eleven of the Plaintiff's Complaint makes specific allegations that correspond with each required element to establish a cause of action for defamation under Alabama's tort law. Furthermore, Alabama's courts have consistently recognized causes of action for defamation where allegations of negligent and/or false credit reporting were averred. See Battles v. Ford Motor Credit Co., 597 So.2d 688, 689, 692 (Ala. 1992) (plaintiff alleged, and court heard, that defendant "slandered him by willfully publishing false information regarding . . . his being in default on the payments under the lease" to a credit bureau); see also Liberty Loan Corp. of Gadsden v. Mizell, 410

So.2d 45, 49-50 (Ala. 1982) (although unsuccessful, court heard plaintiff's cause of action for defamation for publishing false statements that plaintiff was indebted to defendant); <u>Jakob v. First Alabama Bank of Montgomery,</u> 361 So. 2d 1017, 1020 (Ala. 1978) (plaintiff brought cause of action for defamation of credit reputation related to reports submitted to a credit reporting bureau).

Consequently, Count Eleven of the Plaintiff's Complaint has been well-pleaded and states a claim for defamation under the laws of the State of Alabama. Furthermore, the rights conferred under FCRA do not constitute any essential element with respect to establishing the Plaintiff's defamation claim.

Therefore, Count Eleven of the Plaintiff's complaint does not state a claim over which this Court has original jurisdiction.

### 3. None of the rights created under the FDCPA are an essential element of the Plaintiff's claims.

Ocwen contends that the duty not to "harass, oppress, or abuse" a person is created by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and that since Plaintiff has claimed that the Defendants harassed her, she has made a claim under the FDCPA. Ocwen's logic in making this argument is flawed. The Plaintiff's claim clearly states that she is seeking to recover for the intentional infliction of emotional distress caused by the Defendants' harassment. (Complaint, Exhibit "A").

A plaintiff may recover under the tort of outrage in Alabama by proving "(1) that the defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) that the defendants' conduct was extreme and outrageous; and (3) that the defendants' conduct cause emotional distress so severe that no reasonable person could be expected to endure it." <u>Callens v. Jefferson County Nursing Home,</u> 769 So.2d 273, 281 (Ala. 2000). As such, Alabama law clearly provides an independent state law

cause of action against harassing behavior by a defendant.  In addition, Plaintiff's claims of harassment may also support a claim of nuisance. <u>Ala. Code</u> § 6-5-120 ("A 'nuisance' is anything that works hurt, inconvenience or damage to another."); <u>Tipler v. McKenzie Tank Lines</u>, 547 So.2d 438, 440 (Ala. 1989) (stating that a nuisance may consist of conduct that is intentional, unintentional, or negligent).

The Plaintiff's claims clearly state an independent cause of action under Alabama law.  As such, no right created under the FDCPA is an essential element of the Plaintiff's claims.

**B.    The Plaintiff's state law claims are not preempted by the Home Owner's Loan Act ("HOLA").**

Ocwen contends that the Home Owner's Loan Act (hereinafter "HOLA") completely preempts the Plaintiff's causes of action stated in Count One of her Complaint.  (Notice of Removal).

The mere preemptive effect of a federal statute does not provide a basis for removal. <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003); <u>Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.</u>, 182 F.3d 851, 854-55 (11th Cir. 1999).  "[C]omplete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court." <u>Blab T.V.</u>, 182 F.3d at 854-55.  "The doctrine of complete preemption is distinguished from a simple defense of preemption in that simple preemption is a question of whether a defense is available under federal law, while complete preemption is a jurisdictional question which focuses on Congress' intent to make the cause of action a federal cause of action and removable despite the fact that the plaintiff's complaint identifies only state claims." <u>Hooper v. Albany Internat'l Corp.</u>, 149 F.Supp2d 1315, 1320 (M.D.Ala. 2001).

The complete preemption doctrine is an exception to the well-pleaded complaint rule. Aetna Health, Inc. v. Davila, 124 S.Ct. 2488, 2495 (2004). However, "the doctrine is a narrow one, applying only when 'the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim.'" United States Aviation Underwriters, Inc. v. Yellow Freight System, Inc., 296 F.Supp.2d 1322, 1337 (S.D.Ala. 2003) (quoting Caterpillar v. Williams, 482 U.S. 386, 393 (1987); see also Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 856 (11th Cir. 1999) ("[A]lthough the Supreme Court recognizes the existence of the complete preemption doctrine, the Court does so hesitatingly and displays no enthusiasm to extend the doctrine into areas of law beyond the LMRA [Labor Management Relations Act] and ERISA [Employment Retirement Income Security Act]."). A federal statute is completely preemptive when it provides the exclusive cause of action for the claims brought by the plaintiff. Beneficial, 539 U.S. at 9. Thus, while a federal statute may preempt some state law claims and provide a defendant with a defense to these claims, the same federal statute does not necessarily completely preempt a cause of action making removal on this basis permissible.

HOLA has not been recognized to completely preempt state law causes of action. In fact, "the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act . . . (2) § 1132 of the Employment Retirement Income Security Act of 1974 . . . and (3) §§ 85 and 86 of the National Bank Act . . . ." Dunlap v. G&L Holding Group Inc., 381 F.3d 1285, 1291 (11th Cir. 2004).

Ocwen cites 12 U.S.C. § 1463(g) as supporting its argument for complete preemption of the Plaintiff's claims in Count One of her Complaint. (Notice of Removal). However, Ocwen's argument does not address complete preemption, but addresses preemption as a defense. As stated previously, HOLA has not and cannot be found to completely preempt the state law causes of action

alleged by the Plaintiff. In any event, as its subtitle suggests, 12 U.S.C. § 1463(g) preempts *only* state usury laws as they relate to the interest rates that may be charged by a federal thrift. The Plaintiff has not alleged a violation of any usury law of the State of Alabama in relation to the financing rates imposed upon the Plaintiff. Rather, the Plaintiff has alleged a violation of the duty to disclose the material terms of a transaction. (Complaint, Exhibit "A").

Further illuminating the limited scope of HOLA's preemptive effects, 12 C.F.R. § 560.2, which was promulgated by the Office of Thrift Supervision pursuant to HOLA, defines the scope of HOLA preemption. Predictably, 12 C.F.R. § 560.2 does not purport to preempt a state law action based upon a duty to disclose the material terms of a transaction. Instead, 12 C.F.R. § 560.2 "preempts (1) state laws that (2) either purport to regulate federal savings associations or otherwise materially affect their credit activities." Gibson v. World Savings and Loan Ass'n, 103 Cal. App. 4th 1291, 1302 (Cal.Ct.App. 2002).

12 C.F.R. § 560.2(c) (emphasis added) also expressly indicates that the following types of state law claims are not preempted:

> State laws of the following types *are not preempted* to the extent that they only incidentally affect the lending operations of Federal savings associations . . .:
>
> (1) *contract and commercial law*;
> (2) real property law;
> (3) homestead laws . . .;
> (4) *tort law*;
> (5) criminal law; and
> (6) any other law that [the Office of Thrift Supervision], upon review, finds:
>     (i) furth ers a vital state interest; and
>     (ii) either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

12 C.F.R. § 560.2(c) (emphasis added).

Ocwen's assertions regarding preemption do not address the concept of complete preemption, i.e., they do not address whether HOLA provides an exclusive cause of action for the Plaintiff's claims thereby allowing the removal of this action on that basis. Rather, Ocwen is addressing preemption as a defense to the Plaintiff's claims, which is not currently at issue.

Ocwen recently made this same argument (that HOLA completely preempts state law causes of action) in another federal district court in support of its removal of a state court action. See McKenzie v. Ocwen Federal Bank FSB, 306 F.Supp.2d 543 (D.Md. 2004). That court rejected the argument and remanded the case to state court. McKenzie, 306 F.Supp.2d at 506. In McKenzie, the plaintiff filed a complaint in state court alleging that Ocwen had violated various Maryland statutes regarding loans and had breached its contract with the plaintiff on the basis that Ocwen "adds fees and charges to the Plaintiff's account that are neither permitted by the loan agreement including some that are specifically prohibited by applicable law." Id. at 544. Ocwen filed a notice of removal, as in this case, based on both diversity and federal question jurisdiction. Id. The plaintiff filed a motion to remand based on the assertions that the district court had neither diversity nor federal question jurisdiction over his claims. Id.

Ocwen argued that HOLA and its relevant regulations preempted "all state laws purporting to regulate or limit mortgage servicing fees imposed by federal chartered banks." Id. The McKenzie court, however, held that while HOLA may preempt the state laws on which the plaintiff relied, the provisions of HOLA did not provide an exclusive cause of action and, thus, removal was not justified. Id. at 546.

Finally, Ocwen's claim that "[s]tate law claims against federally chartered financial institutions premised on allegations of excessive finance and other charges are completely preempted and removable to federal court" is exaggerated. In support of this proposition, Ocwen cites

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003). However, Beneficial did not reach this conclusion. See, e.g., McKenzie v. Ocwen Federal Bank FSB, 306 F.Supp.2d 543, 545 (D.MD. 2004) (stating that Beneficial's holding is not so broad as to support Ocwen's assertions that "consumer claims instituted in state court that challenge regulated practices of federally chartered financial institutions are subject to removal").

The Court in Beneficial discussed complete preemption as it related to sections 85 and 86 of the National Bank Act. These two sections address the limits on interest rates that national banks may charge and prescribe remedies to borrowers who are charged higher rates than allowed. Interest rate limits are not at issue in the present case. Thus, the Court's holding in Beneficial regarding complete preemption under the National Bank Act does not extend to the present case.

HOLA does not and has never been recognized to completely preempt state law claims. Thus, removal of this case cannot be based on complete preemption. Plaintiff's Motion to Remand is thereby due to be granted.

C.    **Federal question jurisdiction does not exist in the present case because no substantial question of federal law is in dispute.**

Ocwen contends that the Plaintiff's "claims will necessarily 'turn on some construction of federal law'" and that federal question jurisdiction is therefore established. (Notice of Removal).

"[T]he fact that a state claim necessarily turns on a federal issue, or involves construction of a federal law, does not necessarily give rise to a federal question and confer removal jurisdiction on a federal court." Austin v. American General Finance, 900 F.Supp. 396, 399 (M.D. Ala. 1995) (citing Merrell Dow Pharmaceuticals. Inc. v. Thompson, 478 U.S. 804, 816-17 (1986)). Instead, "there must be a substantial question of federal law in dispute" in order to confer federal question jurisdiction. Cook v. Chrysler Credit Corp., 174 B.R. 321, 326 (M.D. Ala. 1994). Consequently, the mere fact "that federal law *may* be the source or basis of the plaintiffs' state-law claims does not

support removal." Id. (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) (where plaintiff sought to enforce state statute, whose basis was federal law, federal court does not have jurisdiction and thus case was due to be remanded)) (emphasis added).

For sake of convenience, the Plaintiff will not re-argue whether the Plaintiff's claims arise under federal law and will simply refer the Court to the foregoing sections of this Motion and Brief. However, the Plaintiff emphasizes that the claims set out in her well-pleaded Complaint are based upon the statutory and common laws of the State of Alabama rather than any federal law(s). Nevertheless, even if a federal law was the source or basis of any of the Plaintiff's state law claims, the rights conferred thereunder certainly do not constitute any essential element of the Plaintiff's state law claims nor do they require the resolution of any substantial question of federal law. Consequently, the Plaintiff's well-pleaded Complaint does not state any claim whereunder a substantial federal question jurisdiction is triggered.

In light of the foregoing, federal question jurisdiction does not exist and the Plaintiff's Motion to Remand is due to be granted.

**III.   PLAINTIFF REQUESTS COSTS AND ATTORNEY'S FEES ASSOCIATED WITH THE REMOVAL OF THIS ACTION.**

This Court has the authority under 28 U.S.C. § 1447(c) to include in an order remanding this case a requirement that the costs and fees associated with the removal of this case be paid to the Plaintiff. 28 U.S.C. § 1447(c). Because the Defendants have improperly removed this case, Plaintiff respectfully requests this Court to award her costs and attorney's fees associated with filing this motion to remand.

**IV.   CONCLUSION**

This case has been improperly removed from state court. First, diversity jurisdiction does not exist since the amount in controversy is less than $75,000.00. Also, the Plaintiff has alleged no

federal cause of action in her Complaint and all claims in the Complaint have an independent state law basis. For the foregoing reasons, the Plaintiff's motion to remand is due to be granted.

WHEREFORE, the Plaintiff respectfully requests this Court to remand this action back to the Circuit Court of Barbour County, to award the Plaintiff fees and expenses incurred with respect to Ocwen's improper removal of this action, and for such other and further relief as this Court may deem just and proper.

s/ Jane L. Calamusa
Jane L. Calamusa (CALAJ5640)
R. Cooper Shattuck (SHATR5109)
Counsel For Plaintiff
ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following counsel in this proceeding by mailing same by United States mail, properly addressed and first class postage prepaid, this 25th day of October, 2004.

To:    John E. Goodman, Esq.
       Benjamin M. Moncrief, Esq.
       Bradley, Arant, Rose & White, LLP
       One Federal Place
       1819 Fifth Avenue North
       Birmingham, Alabama 35203

15

Harold J. Engel, Esq.
Reed Smith, LLP
1301 K Street,N.W.
Suite 1100 – East Tower
Washington, DC 20005

Robert A. Nicholas, Esq.
Louis W. Schack, Esq.
2500 One Liberty Place
160 Market Street
Philadelphia, PA 19103

Brian P. Brooks
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006-4001

John N. Bolus, Esq.
Maynard, Cooper & Gale, P.C.
AmSouth/Harbert Plaza, Suite 2400
1901 – 6th Avenue North
Birmingham, Alabama 35202-2618

                    s/ Jane L. Calamusa
                    Jane L. Calamusa (CALAJ5640)

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

PATRICIA R. KELLEY,                          §
                                             §
        PLAINTIFF,                           §
                                             §
VS.                                          §       CIVIL ACTION NO. CV-2004- _072_
                                             §
OCWEN FEDERAL BANK, FSB;                     §
MOSS, CODILIS, STAWIARSKI,                   §
MORRIS, SCHNEIDER & PRIOR,                   §
L.L.P.; Fictitious Defendants A, B, C,...    §
those individuals, partnerships,             §
corporations, limited liability companies,   §
or other legal entities who are or have      §
been mortgage brokers, holders or            §
servicers of the notes and mortgages         §
executed by the Plaintiff, or who have       §
otherwise attempted to collect the fees,     §
finance charges, and other penalties         §
from Plaintiff;                              §
                                             §
        DEFENDANTS.                          §



FILED
JUL 2 6 2004
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

## COMPLAINT

1.      Plaintiff Patricia R. Kelley ("Plaintiff") is an individual over the age of 19 and a

resident of Barbour County, Alabama.

2.      Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in

Barbour County, Alabama.

3.      Defendant Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P. ("Moss,

Codilis"), is believed to be a limited liability partnership doing business in Alabama.

4.      Fictitious Defendants A, B, C, . . . are those individuals, partnerships, corporations,

limited liability companies, or other legal entities who are or have been mortgage brokers, holders or

EXHIBIT "A"

servicers of the notes and mortgages executed by the Plaintiff or who have otherwise attempted to collect the fees, finance charges, and other penalties as more fully discussed below.

5.    Named and Fictitious Defendants are hereafter known collectively as "Defendants".

## FACTS

6.    Plaintiff executed a Note and Mortgage on Plaintiff's property located in Barbour County, Alabama.

7.    The Note and Mortgage were serviced and/or held by one or more Defendants.

8.    The servicing rights to this loan were transferred to one or more Defendants.

9.    Defendants improperly charged Plaintiff late fees when Plaintiff sent mortgage payments to the prior loan servicer.

10.    Defendants continued to charge Plaintiff late fees for these payments and other payments that were timely received.

11.    Defendants misapplied payments received from Plaintiff and otherwise miscalculated the amount owed by Plaintiff.

12.    Defendants improperly held payments received from Plaintiff until said payments were past due.

13.    Defendants improperly returned payments made by Plaintiff, causing Plaintiff's payments to be past due.

14.    Defendants improperly charged Plaintiff unidentified fees and penalties.

15.    Defendants improperly charged Plaintiff certain fees, finance charges, and penalties relating to foreclosure proceedings.

16.     As a result of being improperly charged certain fees and penalties, Defendants' misapplication of funds, and Defendants' miscalculation of amounts owed, Plaintiff was forced to enter into one or more forbearance agreements.

17.     Defendants charged excessive fees relating to these forbearance agreements.

18.     Defendants charged excessive fees relating to notices of default.

19.     Defendants improperly began foreclosure proceedings on Plaintiff's home as a result of Plaintiff's inability to pay the excessive fees and penalties charged by Defendants.

20.     Defendants charged excessive fees relating to these foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiff to keep Plaintiff's home.

21.     Defendants force-placed insurance on Plaintiff's home when Plaintiff already had appropriate coverage on the home and offered proof of same.

22.     Defendants improperly reported the status and amount of Plaintiff's loan to various credit reporting agencies.

23.     Defendants attempted to collect and did collect money from Plaintiff which was not due.

24.     Defendants provided inconsistent payoff amounts to Plaintiff, or otherwise refused to provide payoff amounts upon request.

25.     Defendants failed to disclose to Plaintiff that Plaintiff would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiff's loan which they had a duty to disclose.

<u>COUNT ONE</u>

- 3 -

26.     The allegations of paragraphs 1 through 25 are incorporated herein as though set forth again in full.

27.     Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage.

28.     Defendants had a duty to disclose that Plaintiff would be charged these fees, finance charges, and/or penalties.

29.     As a result of Defendants' failure to disclose this information, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWO

30.     The allegations of paragraphs 1 through 29 are incorporated herein as though set forth again in full.

31.     Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff.

32.     Said representations were made with the intent that Plaintiff rely upon them.

33.     Plaintiff relied on said representations.

34.     Defendants benefited from Plaintiff's reliance.

35.     As a result of said conduct, Plaintiff was damaged.

- 4 -

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT THREE

36.    The allegations of paragraphs 1 through 35 are incorporated herein as though set forth again in full.

37.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented that they would promptly apply payments received to Plaintiff's account.

38.    Said representations were made with the intent that Plaintiff rely upon them.

39.    Plaintiff relied on said representations.

40.    Defendants benefited from Plaintiff's reliance.

41.    As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FOUR

42.    The allegations of paragraphs 1 through 41 are incorporated herein as though set forth again in full.

43.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiff pursuant to the terms of Plaintiff's note and mortgage.

44.   As a result of not being made aware of such suppressed material facts, Plaintiff entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

45.   Defendants benefited from Plaintiff's reliance.

46.   As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

### COUNT FIVE

47.   The allegations of paragraphs 1 through 46 are incorporated herein as though set forth again in full.

48.   A contract existed between Plaintiff and Defendants.

49.   Defendants breached their agreement with Plaintiff.

50.   As a result of said breach, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

### COUNT SIX

51.   The allegations of paragraphs 1 through 50 are incorporated herein as though set forth again in full.

52.   Defendants were negligent in the handling of Plaintiff's loan.

53.   As a result of said negligence, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT SEVEN

54.    The allegations of paragraphs 1 through 53 are incorporated herein as though set forth again in full.

55.    Defendants were wanton in the handling of Plaintiff's loan.

56.    As a result of said wantonness, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT EIGHT

57.    The allegations of paragraphs 1 through 56 are incorporated herein as though set forth again in full.

58.    Defendants intentionally inflicted emotional distress upon Plaintiff by threatening to foreclose on Plaintiff's property for failure to pay fees and charges which Defendants had no right to collect and thus had no right to foreclose, and otherwise made representations of foreclosure when they had no right to affect Plaintiff's ownership in the property.

59.    Defendants intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly.

- 7 -

60.    Such conduct was outrageous and in contravention of good conduct and good faith and should thus be deemed repugnant by our society.

61.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT NINE

62.    The allegations of paragraphs 1 through 61 are incorporated herein as though set forth again in full.

63.    The Defendants have converted to their own use the monies as paid by Plaintiff, said monies being the property of Plaintiff.

64.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TEN

65.    The allegations of paragraphs 1 through 64 are incorporated herein as though set forth again in full.

66.    The Defendants owe Plaintiff for money paid by Plaintiff to the Defendants by mistake.

67.    As a result of said payments, Plaintiff has been damaged.

- 8 -

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT ELEVEN

68.    The allegations of paragraphs 1 through 67 are incorporated herein as though set forth again in full.

69.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties.

70.    This information was false and defamatory.

71.    As a result, Plaintiff was unable to refinance or was otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWELVE

72.    The allegations of paragraphs 1 through 71 are incorporated herein as though set forth again in full.

73.    Defendants conspired with each other to commit the wrongs alleged herein.

74.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

**Plaintiff's Address:**

Patricia R. Kelley
487 Gammage Road
Eufala, Alabama 36027

**Defendants' Addresses:**

Ocwen Federal Bank, FSB
12650 Ingenuity Drive
Orlando, Florida 32826

Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P.
P.O. Box 785051
Orlando, Florida 32878-5051

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

| | |
|---|---|
| LEE AND KIMBERLY DOWDLE | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | ) CASE NO. CV 99-082 |
| | ) |
| AURORA LOAN SERVICES, ET AL | ) |
| | ) |
| DEFENDANTS | ) |

## ORDER

This matter having come before this Court on the Plaintiffs' Motion to Show Cause Why Defendant Should Not Be Held in Contempt and Motion for Sanctions and the Court having heard the arguments of the parties, the Court finds as follows:

It is apparent to this Court that Defendant Ocwen Federal Bank, FSB, has exhibited a callous disregard for the Orders of this Court and the findings of the Alabama Supreme Court and has intentionally ignored these Orders and findings. It is also apparent to this Court that Ocwen has acted in bad faith in providing responses to the discovery propounded by the Plaintiffs. Ocwen has made multiple attempts to evade responding to this discovery. These attempts have resulted in the filing of several motions to compel by the Plaintiffs, culminating in a motion for sanctions and an additional supplemental filing by the Plaintiff. The discovery disputes in this case have been ongoing for four years.

The Court is in receipt of Ocwen's most recent filing of a status report on this discovery. This report was not requested or ordered and the Court cannot and will not consider this *ex parte* submission.

EXHIBIT "B"

In addition, the Plaintiffs have demonstrated to the Court that Ocwen has previously made misrepresentations to this Court about (1) its ability to produce the information requested by the Plaintiffs and (2) the scope of the discovery produced to the Plaintiffs.

It is this Court's belief, in light of Ocwen's disregard of the Orders of this Court, that monetary sanctions, along with additional sanctions, are necessary to impose upon Ocwen the seriousness with which this Court, views the importance of the obedience of its Orders and the truthfulness of representations made to the Court and other parties. Such sanctions are also necessary to demonstrate to Ocwen, and any other parties who may consider abusing the discovery process, that constant delays and evasive responses will not be treated lightly. Based upon Ocwen's repeated failure to respond to this discovery, the Court believes that the sanctions imposed against Ocwen should be severe enough to discourage these dilatory tactics in the future. Pursuant to Rule 37 of the Alabama Rules of Civil Procedure, the Court imposes the following sanctions upon Ocwen for its gross abuse of the discovery process and its continued failure to produce the documents and other information requested by the Plaintiffs:

1. Ocwen is hereby ORDERED to pay the attorneys' fees and expenses of Plaintiffs' counsel incurred as a result of addressing any discovery matter relating to Ocwen's failure to produce requested information. This includes time spent reviewing documents produced by Ocwen to determine whether said documents were responsive to requests or were complete. Plaintiffs' counsel is hereby ORDERED to submit to the Court within 10 days a list of all such fees and expenses. The Court will enter a subsequent Order regarding those fees and expenses.

2. Ocwen is hereby ORDERED to fully respond to any outstanding discovery (or any such modification in scope of this discovery as may be agreed between Plaintiffs and Ocwen) in this

matter within twenty-one (21) days of the date of this Order, at no cost to Plaintiffs. For each day thereafter that Ocwen has not fully responded to the discovery requests propounded by the Plaintiffs, Ocwen will be assessed a penalty of $1,000.00 per day. When Ocwen has fully responded to the outstanding discovery requests, Ocwen shall certify to this Court, in writing, that Ocwen has fully responded to the discovery requests. If Plaintiffs' counsel disagrees with Ocwen's representation, the Court will appoint a Special Master to review the requests and responses. Ocwen will bear all reasonable costs and expenses relating to this inquiry. If the Special Master determines that Ocwen has fully complied with the discovery requests, Plaintiffs will pay the fees and expenses of the Special Master. If the Special Master determines that Ocwen has not fully complied with the discovery requests, Ocwen will thereafter be assessed the sum of $5,000.00 per day until the Special Master determines that Ocwen has fully complied with the responses. Ocwen will also pay the fees and expenses of the Special Master associated with same. If Ocwen thereafter continues to fail to comply, the Plaintiffs may petition this Court for further relief. Plaintiffs may petition this Court for further relief, including but not limited to the entry of a Judgment on the issue of liability.

DONE and ORDERED this _16th_ day of _June_, 2004.

James Moore, Circuit Judge
24th Judicial Circuit

cc: All Counsel of Record
    All Unrepresented Parties

𝒟 ✓

**Stephens, Lori**

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Monday, January 24, 2005 11:57 AM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:04-cv-00900-MHT-CSC Kelley v. Ocwen Federal Bank, FSB et al "Order on Motion to Stay" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from mfm, entered on 1/24/2005 at 11:57 AM CST and filed on 1/24/2005

| | |
|---|---|
| **Case Name:** | Kelley v. Ocwen Federal Bank, FSB et al |
| **Case Number:** | 2:04-cv-900 |
| **Filer:** | |
| **Document Number:** | 32 |

**Docket Text:**
ORDER granting [14] Motion to Remand; remanding this cause pursuant to 28 U.S.C.a. 1447(c) to the Circuit Court of Barbour County, AL for want of subject-matter jurisdiction; denying all other motions: [7] Motion to Stay; certified copy to Clerk-Barbour Co.. Signed by Judge Myron H. Thompson on 01/24/05. (Attachments: # (1) Civil Appeals Checklist) (mfm, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=1/24/2005] [FileNumber=292089-0]
[0f2d08191c38d7d6e862bddc725fa37571bdaf67917f438c01f6174ba7c4d124594e
568776dcc39dbdd284cfb14516187fb70e7d911bff7af108ebef8d139966]]
**Document description:** Civil Appeals Checklist
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=1/24/2005] [FileNumber=292089-1]
[4c3951aca2bbe87d56d1d1a503b22aa799cf2b92b671d0f928a7c3fa9b67a0ac6f79
86db301a006c384ad4a706eec4dba8eff8b0f6023abb6c4168c65cc7add5]]

**2:04-cv-900 Notice will be electronically mailed to:**

John Norman Bolus    jbolus@mcglaw.com, jhill@mcglaw.com


EXHIBIT
2

Jane L. Calamusa    jcalamusa@rcslaw.com

Thomas Louis Coppedge    lcoppedge@mcglaw.com

Harold Jerry Engel    hengel@reedsmith.com,

John Edward Goodman    jgoodman@bradleyarant.com, lstephens@bradleyarant.com

Benjamin Michael Moncrief    bmoncrief@bradleyarant.com, lstephens@bradleyarant.com

Louis W. Schack    lschack@reedsmith.com, cshayka@reedsmith.com

Roland Cooper Shattuck    cshattuck@rcslaw.com

**2:04-cv-900 Notice will be delivered by other means to:**

Brian P. Brooks
O'Melveny & Myers, LLP
1625 Eye Street NW
Washington, DC 20006-4001

Robert A. Nicholas
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

PATRICIA R. KELLEY,                )
                                   )
        Plaintiff,                 )
                                   )        CIVIL ACTION NO.
        v.                         )        2:04cv900-T
                                   )
OCWEN FEDERAL BANK, FSB,           )
et al.,                            )
                                   )
        Defendants.                )

## ORDER

After careful consideration of the state-law claims

presented in this case, the court does not believe that the

following statutes and regulations enacted pursuant to them

provide "complete preemption" that would support removal

jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1441, nor is

the court convinced that a substantial "federal question" is

presented, see Caterpillar, Inc. v. Williams, 482 U.S. 386,

107 S.Ct. 2425 (1987); Metropolitan Life Ins. Co. v. Taylor,

481  U.S.  58  107  S.Ct.  1542  (1987);  Merrell  Dow

Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct.

3229 (1986); <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 103 S.Ct. 2841 (1983); <u>Gully v. First National Bank of Meridian</u>, 299 U.S. 109, 57 S.Ct. 96 (1936): the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692e(4); the Home Owner's Loan Act, 12 U.S.C.A. § 1461 et seq.; the Truth in Lending Act, 15 U.S.C.A. § 1601 et seq.; the Fair Credit Reporting Act, 15 U.S.C.A. § 1682 et seq.; and the Real Estate Settlement Procedures Act, 12 U.S.C.A. § 2603. And in light of these circumstances, supplemental jurisdiction under 28 U.S.C.A. §§ 1367, 1441 is also inappropriate.

With the above conclusions, however, the court has <u>not</u> held that the state-law claims in this lawsuit are not "preempted" by one or more of the above statutes. This court has merely held that there is not such "complete preemption" as would support removal to federal court. After remand, the state court may still independently conclude that one or more of the above statutes preempt state law. <u>See Glasser v. Amalgamated Workers Union Local 88</u>, 806 F.2d 1539, 1540 (11th

2

Cir. 1986) (per curium); see also Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 12-14 & n.12, 103 S.Ct. 2821, 2848 & n.12; Soley v. First National Bank of Commerce, 923 F.2d 406, 408-09 (5th Cir 1991).

The court also does not believe that diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is present. A removing defendant bears the burden of proving proper federal jurisdiction. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement. Id. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-1320 (11th Cir. 2001). The defendants have

3

failed to meet their burden as to establishing the jurisdictional amount; the notice of removal provides only conclusory allegations.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 14) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that all other motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

Done, this the 24th day of January, 2005.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on November 1, 2003, the new fee to file an appeal is $255.00

## CIVIL APPEALS JURISDICTION CHECKLIST

1.   **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by
     statute:

     (a)   **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and
           judgments of district courts, or final orders of bankruptcy courts which have been
           appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are
           appealable. A final decision is one that "ends the litigation on the merits and leaves
           nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre,
           701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and
           recommendation is not final and appealable until judgment thereon is entered by a
           district court judge. 28 U.S.C. § 636(c).

     (b)   **In cases involving multiple parties or multiple claims,** a judgment as to fewer than
           all parties or all claims is not a final, appealable decision unless the district court has
           certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v.
           Bishop, 732 F.2d 885, 885-- 86 (11th Cir. 1984). A judg ment which resolves all
           issues except matters, such as attorneys' fees and costs, that are collateral to the
           merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.
           196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's
           Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

     (c)   **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders
           "granting, continuing, modifying, refusing or dissolving injunctions or refusing to
           dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . .
           determining the rights and liabilities of parties to admiralty cases in which appeals
           from final decrees are allowed." Interlocutory appeals from orders denying
           temporary restraining orders are not permitted.

     (d)   **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5:** The certification
           specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission
           to appeal is filed in the Court of Appeals. The district court's denial of a motion for
           certification is not itself appealable.

     (e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited
           exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial
           Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949);
           Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d
           371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157,
           85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.   **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional.
     Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a)
     and (c) set the following time limits:

(a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Rev.: 4/04

## Hawkins, Linda M.

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Wednesday, September 29, 2004 4:44 PM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:04-cv-00900-MHT-CSC Kelley v. Ocwen Federal Bank, FSB et al "Notice of Removal" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from mfm, entered on 9/29/2004 at 4:43 PM CDT and filed on 9/23/2004
**Case Name:** Kelley v. Ocwen Federal Bank, FSB et al
**Case Number:** 2:04-cv-900
**Filer:** Ocwen Federal Bank, FSB
**Document Number:** 1

*Printed copy to Ben*

**Docket Text:**
NOTICE OF REMOVAL by Ocwen Federal Bank, FSB from Circuit Court of Barbour County, AL, case number CV-2004-072. $ 150.00, receipt number 103665 (w/exhibits 1-3) (mfm, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=9/29/2004] [FileNumber=237167-0]
[aed4eba64271719344033d0a505a2bb7475847da615f1e1224d3039ad056a0206638
02057e0e7cbd1883190458e8f2c28832bdfbb1d5302309db924ab1a3a106]]

**2:04-cv-900 Notice will be electronically mailed to:**

John N. Bolus    jbolus@mcglaw.com

Jane L. Calamusa    jcalamusa@rcslaw.com

R. Cooper Shattuck    cshattuck@rcslaw.com

Reed Thomas Warburton    twarburton@bradleyarant.com, lhawkins@bradleyarant.com

**2:04-cv-900 Notice will be delivered by other means to:**

John E. Goodman
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104



## Hawkins, Linda M.

**From:** efile_notice@almd.uscourts.gov
**Sent:** Wednesday, September 29, 2004 4:47 PM
**To:** almd_mailout@almd.uscourts.gov
**Subject:** Activity in Case 2:04-cv-00900-MHT-CSC Kelley v. Ocwen Federal Bank, FSB et al "Joinder"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from mfm, entered on 9/29/2004 at 4:47 PM CDT and filed on 9/23/2004
**Case Name:** Kelley v. Ocwen Federal Bank, FSB et al
**Case Number:** 2:04-cv-900
**Filer:** Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP
**Document Number:**

**Docket Text:**
Notice of Citizenship and Consent to [1] Notice of Removal by Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP. (This document has no PDF attached, see document #1 for pdf) (mfm, )

The following document(s) are associated with this transaction:

**2:04-cv-900 Notice will be electronically mailed to:**

John N. Bolus    jbolus@mcglaw.com

Jane L. Calamusa    jcalamusa@rcslaw.com

R. Cooper Shattuck    cshattuck@rcslaw.com

Reed Thomas Warburton    twarburton@bradleyarant.com, lhawkins@bradleyarant.com

**2:04-cv-900 Notice will be delivered by other means to:**

John E. Goodman
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

JS-44
(Rev. 12/96)

# CIVIL COVER SHEET

04-MHT-900-CSC

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Patricia R. Kelley

**DEFENDANTS**

Ocwen Federal Bank, FSB, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Foreign
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Jefferson County, Alabama
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

R. Cooper Shattuck
Rosen, Cook, Sledge, Davis, Cade & Shattuck, P.A.
P.O. Box 2727
Tuscaloosa, AL 35403-2727

**ATTORNEYS (IF KNOWN)**

John E. Goodman
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|

**II. BASIS OF JURISDICTION**    (PLACE AN x IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**  (For Diversity Cases Only)   (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded
from Appellate
Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to
District Judge
from Magistrate
Judgment

**V. NATURE OF SUIT**    PLACE AN "X" IN ONE BOX ONLY

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food and Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | ☐ 442 Employment | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 443 Housing/ Accommodations | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 444 Welfare | ☐ 530 Habeas Corpus | ☐ 740 Railway Labor Act | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | | | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | | | | |

**IV. CAUSE OF ACTION**    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Claims for misappropriation of intellectual property and breach of contract; removal based on Copyright Act preemption.

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $unlimited "...compensatory, punitive damages...court costs and other relief..." | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S)**  (See Instructions):
IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE    9-23-04

SIGNATURE OF ATTORNEY ON RECORD    John E. Goodman

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS-44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Patricia R. Kelley

## DEFENDANTS

Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Foreign
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Jefferson County, Alabama
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND
INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

R. Cooper Shattuck
Rosen, Cook, Sledge, Davis, Cade & Shattuck, P.A.
P.O. Box 2727
Tuscaloosa, AL 35403-2727

## ATTORNEYS (IF KNOWN)

John N. Bolus
Maynard, Cooper & Gale, P.C.
AmSouth/Harbert Plaza, Suite 2400
1901 6th Avenue North
Birmingham, AL 35203-2618

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
     Plaintiff

☐ 3 Federal Question
     (U.S. Government Not a Party)

☐ 2 U.S. Government
     Defendant

☒ 4 Diversity
     (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded
     from Appellate
     Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to
     District Judge
     from Magistrate
     Judgment

## V. NATURE OF SUIT    PLACE AN "X" IN ONE BOX ONLY

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food and Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## IV. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Claims for misappropriation of intellectual property and breach of contract; removal based on Copyright Act preemption.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

"...compensatory, punitive damages...court costs and other relief..."

Check YES only if demanded in complaint:
JURY DEMAND:    ☒ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
         IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE    9-23-04

SIGNATURE OF ATTORNEY ON RECORD    R R W W

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA R. KELLEY, | | |
| Plaintiff, | Civil Action No. _____ | |
| v. | | |
| OCWEN FEDERAL BANK, FSB; MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, L.L.P.; Fictitious Defendants A, B, C ... those individuals, partnership, corporations, limited liability companies, or other legal entities who are or have been mortgage brokers, holder or servicers of the notes and mortgages executed by the Plaintiff, or who have otherwise attempted to collect the fees, finance charges, and other penalties from Plaintiff, | **NOTICE OF REMOVAL** | |
| Defendants. | | |

COMES NOW Defendant Ocwen Federal Bank FSB ("Ocwen") respectfully notifies the

Court pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the Circuit

Court of the State of Alabama for Barbour County to this Court. In support of its removal,

Ocwen submits this notice. Removal is based on the grounds that diversity jurisdiction exists

over this action because there is complete diversity among the parties and the amount in

controversy exceeds $75,000. Removal is also based on the grounds that federal question

jurisdiction exists over the Action because it involves claims that directly arise under federal law;

claims that are completely preempted by federal law; and claims that necessitate the resolution of substantial, disputed questions of federal law.

## BACKGROUND

1.    This action was originally filed in the Circuit Court of the State of Alabama for Barbour County, Clayton Division, on July 28, 2004. A copy of the complaint and all other documents served on defendants in the state court are attached hereto collectively as Exhibit 1.

2.    Ocwen was served on August 24, 2004 and defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P. ("Moss Codilis") was served on August 30, 2004. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3.    All defendants that have been served consent to removal of this action to federal court. (*See* Notice of Citizenship and Consent to Removal (attached at Exh. 2).)

4.    Plaintiff's complaint alleges a variety of claims relating to the propriety and disclosure of fees, penalties and finance charges assessed and collected by defendants in holding, servicing, and pursuing foreclosure proceedings on plaintiff's mortgage. (*See, e.g.*, Compl. ¶¶ 9-25.) This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332, and federal question jurisdiction conferred by 28 U.S.C. § 1331. Supplemental jurisdiction exists with respect to any remaining claims, pursuant to 28 U.S.C. § 1367.

### DIVERSITY JURISDICTION

5.    Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because all parties are diverse and the amount in controversy exceeds $75,000.

2

## THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

6.    There is diversity of citizenship among all parties.  Plaintiff Patricia R. Kelley is a citizen of Alabama. (*See* Compl. ¶ 1.)

7.    Ocwen is a federally charted thrift incorporated under the laws of the United States. (*See* Declaration of Chomie Neil (attached at Exh. 3).)  Ocwen's mortgage servicing centers are located in Florida. (*See id.*)  Customer payments are received by Ocwen in Florida. (*See id.*)  At least 99 percent of Ocwen's employees, including its entire executive management, are located in Florida. (*See id.*)  Ocwen has no physical premises or employees in Alabama. (*See id.*)  Ocwen is thus a citizen of Florida.  *See Loyola Fed. Savings Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995).

8.    Moss Codilis is a limited liability partnership.  "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004).  The limited and general partners of Moss Codilis are citizens of California, Colorado, Georgia, New Jersey, Ohio, Illinois, Michigan and Pennsylvania. (*See* Notice of Citizenship and Consent to Removal (attached at Exh. 2).)  No partner of Moss Codilis is a citizen of Alabama. (*See id.*)  Moss Codilis is therefore not a citizen of Alabama.

9.    Plaintiff has also named Fictitious Defendants A, B, and C.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(a).

10.    Therefore, there is complete diversity between plaintiff and defendants in this matter.  *See* 28 U.S.C. § 1332(a)(1).

3

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11.    Plaintiff's complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

12.    Plaintiff in her complaint asserts at least eight intentional tort claims against defendants, including claims for fraud, suppression, wantonness, intentional infliction of emotional distress, conversion, defamation and conspiracy. She contends, among other things, that defendants wrongfully instituted foreclosure proceedings against her; required her to pay excessive fees relating to the foreclosure proceedings in order stop the foreclosure process; force-placed insurance coverage on her home when she already possessed insurance; collected money from her which was not owing; harassed her concerning payment of sums she did not owe; and made defamatory statements about her credit or financial condition. For these alleged wrongs, she seeks an unlimited amount of compensatory and punitive damages.

13.    Where, as here, plaintiff seeks recovery in an indeterminate amount, diversity jurisdiction exists where a removing defendant established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). That determination can be made either by two ways: (1) by demonstrating that it is "facially apparent" that claims are likely above $75,000; or (2) by setting forth the facts in controversy—either in the removal papers or by affidavit—that support a finding of the requisite amount. *Id.* The determination of whether jurisdiction is "facially apparent" is "left in part to the court's intuition and common sense." *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996). Where jurisdiction is not "facially apparent," the removing defendant may use "summary judgment-type" evidence to establish that the amount in controversy exceeds $75,000. *Best Buy Co.*, 269 F.3d at 1319. Jury verdicts in similar cases constitute competent

4

evidence that the jurisdictional amount requirement has been met. *See, e.g., Glaze v. M.R.A. Holding, LLC*, 2003 U.S. Dist. LEXIS 25572 (M.D. Fla. July 11, 2003) (denying remand in part based on showing that jury verdicts in similar cases had resulted in awards above the jurisdictional threshold); *Ansley v. Metropolitan Life. Ins. Co.*, 215 F.R.D. 575, 578 n.4 (D. Ariz. 2003) (to same effect); *Amos v. Citifinancial, Inc.*, 243 F. Supp. 587, 590 (N.D. Miss. 2003) (to same effect).

14.    Plaintiff does not specify the amount of compensatory damages she seeks. Such damages aside, it is facially apparent that the damages claimed also exceed the necessary $75,000 amount based on plaintiff's claims for punitive damages. Plaintiff seeks punitive damages in all twelve counts of the complaint. (See Compl. ¶¶ 29, 41, 46, 50, 53, 56, 61, 64, 67, 71, 74.) Plaintiff claims, among other things, that she was injured because of defendants' misrepresentation and failure to disclose finance charges, fees and penalties. (Compl. ¶¶ 25, 28.) Jury verdicts in Alabama for misrepresentation and concealment of finance charges relating to loans have resulted in punitive damages awards far exceeding the jurisdictional minimum. *See, e.g., Massey v. Ford Consumer Finance Co.*, Case No. CV 94-44, Bullock County Circuit Court (verdict for $7,506,000 delivered June 1995).[1] Independent of other forms of relief, plaintiff's claims meet the amount in controversy requirements based on punitive damages.

15.    Plaintiff also claims that defendants inflicted emotional distress on plaintiff "by threatening to foreclose on Plaintiff's property." (Compl. ¶ 58.) Jury verdicts in Alabama for emotional distress relating to threats of foreclosure and failure to disclose hidden finance charges

---

[1] For other representative Alabama state court fraud verdicts (which plaintiff alleges in this case) *see, e.g., Fenn v. Liberty Nat'l Life Ins. Co.*, CV 93-49 (Barbour Co. Cir. Ct., Aug. 3, 1994) (alleged misrepresentation of cash value and future interest rate on insurance policy; punitive damage verdict of $2.5 million); *Gallant v. Prudential Ins. Co.*, CV 93-50 (Barbour Co. Cir. Ct.) (alleged misrepresentation that insurance agent misled policyholders concerning coverage during sales presentations; approximately $600 in actual damages; $25 million in punitive damages awarded); *Union Mortgage Co. v. Barlow*, 595 So. 2d 1335 (Ala. 1992) (Lowndes Co. Cir. Ct.) (fraud claimed in

have resulted in verdicts far exceeding the jurisdictional minimum. *See, e.g., Barlow v. Union Mortgage Co.*, Case No. CV 89 22, Lowndes County Circuit Court, Alabama (verdict for $6,153,000 delivered March 1991). The amount in controversy requirement is also fulfilled based on plaintiff's claims for emotional distress.

16.    Plaintiff also claims a contractual entitlement to attorney's fees. (Compl. Count Five.) Attorney's fees claimed under a contractual or statutory provision are included as part of the amount in controversy. *See, e.g., Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933); *Linkemar v. Health Care & Retirement Corp. of Am.*, 1999 U.S. Dist. LEXIS 18226, at *5 (S.D. Fla. Oct. 5, 1999). Given the breadth of plaintiff's allegations, the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others), and the presence of multiple defendants, it is virtually certain that plaintiff's attorney's fees alone will exceed $75,000.[2]

### FEDERAL QUESTION JURISDICTION

17.    Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because plaintiff asserts claims arising directly under federal law; claims that are completely preempted by federal law; and claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law.

### THE COMPLAINT ASSERTS CLAIMS THAT ARISE DIRECTLY UNDER FEDERAL LAW

18.    Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because the complaint alleges claims arising under federal law, including the federal Truth in Lending Act

---

connection with a home improvement mortgage loan made by defendant through its agent, the contractor; compensatory damages of $150,000 and $6.001 million in punitive damages affirmed).
[2] In a similar case against Ocwen filed and prosecuted by the same counsel representing plaintiff Kelley, counsel submitted an attorney's fee petition relating to discovery in the case that totaled more than $200,000. *Dowdle v. Ocwen, et al.*, CV 99-082 (Cir. Ct. Fayette Co., Ala.)

("TILA"), 15 U.S.C. §§ 1601 *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1682 *et seq.*

19.    Count One of the complaint alleges that "Defendants failed to disclose ... excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage." (Compl. ¶ 27.) The duty of creditors to disclose credit terms, specifically including "finance charges" and "penalties," is created by TILA. *See* 15 U.S.C. § 1638. TILA provides a cause of action for damages resulting from a breach of that duty. 15 U.S.C. § 1640(a). Fairly read, Count One of the complaint alleges a claim under TILA.

20.    In Count Eleven of the complaint plaintiff alleges that she was "unable to refinance" because defendants "intentionally ... and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties." (Compl. ¶ 69.) FCRA provides that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2. FCRA provides a cause of action for damages resulting from noncompliance, *Id.* §§ 1641n, 1641o. Fairly read, Count Eleven of the complaint alleges a claim under FCRA.

## THE COMPLAINT ASSERTS CLAIMS THAT ARE COMPLETELY PREEMPTED BY FEDERAL LAW

21.    Federal question jurisdiction also exists over actions against federally chartered financial institutions (like Ocwen) "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Under the doctrine of complete preemption, the federal statute "provides the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Id.* at 9.

7

22.    Plaintiff's state-law claims challenging the excessiveness of finance charges are completely preempted. (*See, e.g.*, Compl. § 27.) The Home Owner's Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq.*, expressly preempts state laws that limit the amount of finance charges that may be assessed by federal thrifts, such as Ocwen, and provides an exclusive federal remedy for borrowers to recover the assessed excessive finance charges in a civil action. *Id.* § 1463(g)(1), (g)(2).

23.    State law claims against federally chartered financial institutions premised on allegations of excessive finance and other charges are completely preempted and removable to federal court. *See Beneficial Nat'l Bank,* 539 U.S. at 11; *see also Taylor v. Wells Fargo Home Mortg., Inc.,* 2004 U.S. Dist. LEXIS 6910, at *10 (E.D. La. April 19, 2004) (upholding removal by operating subsidiary of national bank because plaintiffs' "state law claim that the 'Defendants' arbitrarily assessed 'excessive fees and charges', including late charges, to the [plaintiffs] when they redeemed their loan is preempted by federal law"); *Phipps v. Guar. Nat'l Bank of Tallahassee,* 2003 U.S. Dist. LEXIS 16984, at *13-14 (W.D. Mo. Sept. 17, 2003) (approving removal of plaintiffs' claims for unlawful "loan origination fees and loan discount fees" on complete preemption grounds).

## STATE LAW CLAIMS ASSERTED IN THE COMPLAINT NECESSARILY REQUIRE RESOLUTION OF SUBSTANTIAL FEDERAL QUESTIONS

24.    Even where a particular claim does not arise directly under federal law and is not completely preempted, it is removable to federal court if it depends on resolution of substantial predicate questions of federal law. *See Ayres v. GMC,* 234 F.3d 514, 518 (11th Cir. 2000) (upholding removal because construction of federal statute was "an essential element of the Plaintiffs' cause of action" and "resolution ... depend[ed] entirely on interpretation" of federal

statute"). Plaintiff's claims depend on the determination of plaintiff's rights and defendant's duties under federal law.

25.    Plaintiff alleges that defendants failed to disclose "fees, finance charges, and/or penalties, prior to the closing of Plaintiff's loan." (Compl. ¶ 25.) The duty to disclose fees and finance charges on a settlement statement to be furnished to the borrower at or before settlement is created by the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2603. Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duty, if any, under RESPA.

26.    Plaintiff alleges that defendants "harass[ed Plaintiff] by telephone and mail regarding the status of her loan and fees and charges which were being applied to her account improperly." (Compl. ¶ 59.) The duty not to undertake "any conduct the natural consequence of which is to harass, oppress, or abuse," including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," is created by the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692e(4). Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duty, if any, under the FDCPA.

27.    In these and other respects, the claims asserted in plaintiff's complaint necessitate the resolution of substantial, disputed questions of federal law sufficient to confer subject-matter jurisdiction on this Court.

## VENUE

28.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of the State of Alabama for Barbour County, the forum in which the removed action was pending.

## NOTICE

29.    Concurrently with the filing of this Notice, Ocwen shall cause to be files a copy of this Notice of Removal with the Clerk of the Barbour County Circuit Court, Clayton Division.

30.    The contents of Exhibit 1 constitute the entire file of the action in the Barbour County Circuit Court, Clayton Division.

Dated:  September 23rd, 2004

John E. Goodman
R. Thomas Warburton
Attorneys for Defendant
Ocwen Federal Bank, FSB

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
(205) 521-8000
(205) 521-8800 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

> David S. Nix
> Circuit and District Court Clerk
> Barbour County Circuit and District Court
> P.O. Box 219
> Clayton, AL 36016

via overnight mail and on:

> R. Cooper Shattuck
> Jane L. Calamusa
> Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
> 2117 Jack Warner Parkway
> Post Office Box 2727
> Tuscaloosa, Alabama 35403
> Attorneys for Plaintiff

> John N. Bolus
> Maynard, Cooper & Gale, P.C.
> 1901 Sixth Avenue North, Suite 2400
> Birmingham, Alabama 35203
> Attorney for Defendant Moss, Codilis,
> Stawiarski, Morris, Schneider, & Prior, LLP

by United States mail, first class and postage prepaid, on this 23rd day of September, 2004.

Of Counsel

| State of Alabama Unified Judicial System | **COVER SHEET** CIRCUIT COURT – CIVIL CASE (Not For Domestic Relations Cases) | Case I CV 2004 0677 |
|---|---|---|
| Form ARCivP-93  Rev. 5/99 | | Date of Filing:  Judge Code: Month   Day   Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ BARBOUR COUNTY _____, ALABAMA

*(Name of County)*

PATRICIA R. KELLEY _____ v. OCWEN FEDERAL BANK, FSB, et al.

| Plaintiff | | Defendant |
|---|---|---|

First Plaintiff  ☐ Business  ☒ Individual    First Defendant  ☒ Business  ☐ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**FILED**  JUL 2 8 2004  CLERK NIX, CLERK  BARBOUR COUNTY

**NATURE OF SUIT:** Select primary cause of action by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☒ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*  F ☒ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER:
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☒ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
| C | A | L | 0 | 5 | 6 |
|---|---|---|---|---|---|

July 27, 2004
Date

Signature of Attorney/Party filing this form  Jane L. Calamusa

**MEDIATION REQUESTED:**  ☐ YES  ☒ NO  ☐ UNDECIDED

**EXHIBIT**

1

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

PATRICIA R. KELLEY,                    §
                                       §
          PLAINTIFF,                   §
                                       §
VS.                                    §        CIVIL ACTION NO. CV-2004- *072*
                                       §
OCWEN FEDERAL BANK, FSB;               §
MOSS, CODILIS, STAWIARSKI,             §
MORRIS, SCHNEIDER & PRIOR,             §
L.L.P.; Fictitious Defendants A, B, C,... §
those individuals, partnerships,       §
corporations, limited liability companies, §
or other legal entities who are or have §
been mortgage brokers, holders or      §
servicers of the notes and mortgages   §
executed by the Plaintiff,  or who have §
otherwise attempted to collect the fees, §
finance charges, and other penalties   §
from Plaintiff,                        §
                                       §
          DEFENDANTS.                  §



### COMPLAINT

1.      Plaintiff Patricia R. Kelley ("Plaintiff") is an individual over the age of 19 and a resident of Barbour County, Alabama.

2.      Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in Barbour County, Alabama.

3.      Defendant Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P. ("Moss, Codilis"), is believed to be a limited liability partnership doing business in Alabama.

4.      Fictitious Defendants A, B, C, . . . are those individuals, partnerships, corporations, limited liability companies, or other legal entities who are or have been mortgage brokers, holders or

servicers of the notes and mortgages executed by the Plaintiff or who have otherwise attempted to collect the fees, finance charges, and other penalties as more fully discussed below.

5.    Named and Fictitious Defendants are hereafter known collectively as "Defendants".

## FACTS

6.    Plaintiff executed a Note and Mortgage on Plaintiff's property located in Barbour County, Alabama.

7.    The Note and Mortgage were serviced and/or held by one or more Defendants.

8.    The servicing rights to this loan were transferred to one or more Defendants.

9.    Defendants improperly charged Plaintiff late fees when Plaintiff sent mortgage payments to the prior loan servicer.

10.    Defendants continued to charge Plaintiff late fees for these payments and other payments that were timely received.

11.    Defendants misapplied payments received from Plaintiff and otherwise miscalculated the amount owed by Plaintiff.

12.    Defendants improperly held payments received from Plaintiff until said payments were past due.

13.    Defendants improperly returned payments made by Plaintiff, causing Plaintiff's payments to be past due.

14.    Defendants improperly charged Plaintiff unidentified fees and penalties.

15.    Defendants improperly charged Plaintiff certain fees, finance charges, and penalties relating to foreclosure proceedings.

16.    As a result of being improperly charged certain fees and penalties, Defendants' misapplication of funds, and Defendants' miscalculation of amounts owed, Plaintiff was forced to enter into one or more forbearance agreements.

17.    Defendants charged excessive fees relating to these forbearance agreements.

18.    Defendants charged excessive fees relating to notices of default.

19.    Defendants improperly began foreclosure proceedings on Plaintiff's home as a result of Plaintiff's inability to pay the excessive fees and penalties charged by Defendants.

20.    Defendants charged excessive fees relating to these foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiff to keep Plaintiff's home.

21.    Defendants force-placed insurance on Plaintiff's home when Plaintiff already had appropriate coverage on the home and offered proof of same.

22.    Defendants improperly reported the status and amount of Plaintiff's loan to various credit reporting agencies.

23.    Defendants attempted to collect and did collect money from Plaintiff which was not due.

24.    Defendants provided inconsistent payoff amounts to Plaintiff, or otherwise refused to provide payoff amounts upon request.

25.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiff's loan which they had a duty to disclose.

## COUNT ONE

- 3 -

26.    The allegations of paragraphs 1 through 25 are incorporated herein as though set forth again in full.

27.    Defendants failed to disclose to Plaintiff that Plaintiff would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiff's note and mortgage.

28.    Defendants had a duty to disclose that Plaintiff would be charged these fees, finance charges, and/or penalties.

29.    As a result of Defendants' failure to disclose this information, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWO

30.    The allegations of paragraphs 1 through 29 are incorporated herein as though set forth again in full.

31.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiff.

32.    Said representations were made with the intent that Plaintiff rely upon them.

33.    Plaintiff relied on said representations.

34.    Defendants benefited from Plaintiff's reliance.

35.    As a result of said conduct, Plaintiff was damaged.

- 4 -

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT THREE

36.     The allegations of paragraphs 1 through 35 are incorporated herein as though set forth again in full.

37.     Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented that they would promptly apply payments received to Plaintiff's account.

38.     Said representations were made with the intent that Plaintiff rely upon them.

39.     Plaintiff relied on said representations.

40.     Defendants benefited from Plaintiff's reliance.

41.     As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FOUR

42.     The allegations of paragraphs 1 through 41 are incorporated herein as though set forth again in full.

43.     Defendants intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiff pursuant to the terms of Plaintiff's note and mortgage.

44.    As a result of not being made aware of such suppressed material facts, Plaintiff entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

45.    Defendants benefited from Plaintiff's reliance.

46.    As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FIVE

47.    The allegations of paragraphs 1 through 46 are incorporated herein as though set forth again in full.

48.    A contract existed between Plaintiff and Defendants.

49.    Defendants breached their agreement with Plaintiff.

50.    As a result of said breach, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT SIX

51.    The allegations of paragraphs 1 through 50 are incorporated herein as though set forth again in full.

52.    Defendants were negligent in the handling of Plaintiff's loan.

53.    As a result of said negligence, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT SEVEN

54.    The allegations of paragraphs 1 through 53 are incorporated herein as though set forth again in full.

55.    Defendants were wanton in the handling of Plaintiff's loan.

56.    As a result of said wantonness, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT EIGHT

57.    The allegations of paragraphs 1 through 56 are incorporated herein as though set forth again in full.

58.    Defendants intentionally inflicted emotional distress upon Plaintiff by threatening to foreclose on Plaintiff's property for failure to pay fees and charges which Defendants had no right to collect and thus had no right to foreclose, and otherwise made representations of foreclosure when they had no right to affect Plaintiff's ownership in the property.

59.    Defendants intentionally inflicted emotional distress upon Plaintiff by harassing Plaintiff by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly.

60.    Such conduct was outrageous and in contravention of good conduct and good faith and should thus be deemed repugnant by our society.

61.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT NINE

62.    The allegations of paragraphs 1 through 61 are incorporated herein as though set forth again in full.

63.    The Defendants have converted to their own use the monies as paid by Plaintiff, said monies being the property of Plaintiff.

64.    As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TEN

65.    The allegations of paragraphs 1 through 64 are incorporated herein as though set forth again in full.

66.    The Defendants owe Plaintiff for money paid by Plaintiff to the Defendants by mistake.

67.    As a result of said payments, Plaintiff has been damaged.

- 8 -

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

### COUNT ELEVEN

68.     The allegations of paragraphs 1 through 67 are incorporated herein as though set forth again in full.

69.     Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiff's credit or financial condition to be published to third parties.

70.     This information was false and defamatory.

71.     As a result, Plaintiff was unable to refinance or was otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

### COUNT TWELVE

72.     The allegations of paragraphs 1 through 71 are incorporated herein as though set forth again in full.

73.     Defendants conspired with each other to commit the wrongs alleged herein.

74.     As a result of said conduct by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding the

minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs,

and such other and further relief as this Court may deem just and proper.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

**Plaintiff's Address:**

Patricia R. Kelley
487 Gammage Road
Eufala, Alabama 36027

**Defendants' Addresses:**

Ocwen Federal Bank, FSB
12650 Ingenuity Drive
Orlando, Florida 32826

Moss, Codilis, Stawiarski, Morris, Schneider, & Prior, L.L.P.
P.O. Box 785051
Orlando, Florida 32878-5051

GORDON ROSEN
J. SYDNEY COOK, III
JAMES J. SLEDGE
RONALD L. DAVIS
JOSEPH W. CADE
R. COOPER SHATTUCK
PAIGE M. CARPENTER
*JERRY C. OLDSHUE, JR.
JEFFREY C. SMITH

**Rosen ♦ Cook ♦ Sledge
Davis ♦ Shattuck ♦ Oldshue, P.A.**

ATTORNEYS AT LAW

Writer's Email Address
jcalamusa@rcslaw.com

July 27, 2004

**W. BRADFORD ROANE, JR.
FOSTER C. ARNOLD
†JANE L. CALAMUSA
MARY BETH WEAR CAVERT
WILLIAM A. JONES
MATTHEW Q. TOMPKINS
†LAURA J. CRUSSEY
ADRIAN M. ROWLEY

OF COUNSEL:
D. WAYNE CHILDRESS

*Board Certified - Creditors' Rights
Law - American Board of Certification


✦Also admitted in Florida & Georgia
†Also admitted in Mississippi

FILED
JUL 2 8 2004
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

David S. Nix, Clerk
Barbour County Circuit Court
Post Office Box 219
Clayton, Alabama  36016-0219

Re:    Patricia R. Kelley v. Ocwen Federal Bank, FSB and
Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P.
In the Circuit Court of Barbour County, Alabama

Dear Mr. Nix:

Enclosed please find the original and a copy of the first page only of a Complaint, along with our firm check in the amount of $429.00 for the filing fee.  We are not serving this complaint at this time and ask that you please just file with your office.  Please stamp my copy as "filed" and return it to me in the pre-addressed, stamped envelope I have provided.

Thank you for your assistance in this matter.  If you have any questions, please feel free to call.

Sincerely yours,

Jane L. Calamusa

JLC/fh
Enclosure

P:\FRANCES\Shattuck\kelley\clerk let.doc



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.11 | |

CV 2004
072
Postmark Here

Sent To
Moss Conley Stawiarski, etc
Street, Apt. No.;
or PO Box No.    P. D. Box 78505/
City, State, ZIP+4
Orlando  Fl.    32078-505/

PS Form 3800, June 2002    See Reverse for Instructions

7003 0500 0001 5779 8702

*Origenine*

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

PATRICIA R. KELLEY,                §
                                   §
            PLAINTIFF,             §
                                   §
VS.                                §        CIVIL ACTION NO. CV-2004-072
                                   §
OCWEN FEDERAL BANK, FSB;           §
MOSS, CODILIS, STAWIARSKI,         §
MORRIS, SCHNEIDER & PRIOR,         §
L.L.P.; Fictitious Defendants A, B, C,...  §
those individuals, partnerships,   §
corporations, limited liability companies,  §
or other legal entities who are or have   §
been mortgage brokers, holders or  §
servicers of the notes and mortgages  §
executed by the Plaintiff, or who have  §
otherwise attempted to collect the fees,  §
finance charges, and other penalties  §
from Plaintiff,                    §
                                   §
            DEFENDANTS.            §



## SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

        Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P.
                    Post Office Box 785051
                    Orlando, Florida 32878-5051

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other

things demanded in the Complaint.  You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2004.


_____ [_____]
                Clerk                               Deputy Clerk
                                                    Initials


RETURN OF SERVICE:

[ ]      Certified Mail return receipt received in this office on the _____ day of
_____, 2004.  (Return receipt hereto attached).



*Original*

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

PATRICIA R. KELLEY,                    §
                                       §
        PLAINTIFF,                     §
                                       §
VS.                                    §        CIVIL ACTION NO. CV-2004-072
                                       §
OCWEN FEDERAL BANK, FSB;               §
MOSS, CODILIS, STAWIARSKI,             §
MORRIS, SCHNEIDER & PRIOR,             §
L.L.P.; Fictitious Defendants A, B, C,... §
those individuals, partnerships,       §
corporations, limited liability companies, §
or other legal entities who are or have §
been mortgage brokers, holders or      §
servicers of the notes and mortgages   §
executed by the Plaintiff, or who have §
otherwise attempted to collect the fees, §
finance charges, and other penalties   §
from Plaintiff,                        §
                                       §
        DEFENDANTS.                    §



FILED
AUG 2 0 2004
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

## SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

Ocwen Federal Bank, FSB
c/o Registered Agent Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Deleware 19808

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other things demanded in the Complaint. You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2004.

_____    [_____]
                    Clerk                              Deputy Clerk
                                                      Initials

RETURN OF SERVICE:

[ ]    Certified Mail return receipt received in this office on the _____ day of
_____, 2004. (Return receipt hereto attached).

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

PATRICIA R. KELLEY,                        §
                                           §
        PLAINTIFF,                         §
                                           §
VS.                                        §        CIVIL ACTION NO. CV-2004-072
                                           §
OCWEN FEDERAL BANK, FSB;                   §
MOSS, CODILIS, STAWIARSKI,                 §
MORRIS, SCHNEIDER & PRIOR,                 §
L.L.P.; Fictitious Defendants A, B, C,...  §
those individuals, partnerships,           §
corporations, limited liability companies, §
or other legal entities who are or have    §
been mortgage brokers, holders or          §
servicers of the notes and mortgages       §
executed by the Plaintiff, or who have     §
otherwise attempted to collect the fees,   §
finance charges, and other penalties       §
from Plaintiff,                            §
                                           §
        DEFENDANTS.                        §



## PLAINTIFF'S FIRST COMBINED DISCOVERY
## TO DEFENDANT OCWEN FEDERAL BANK, FSB

Comes now the Plaintiff, Patricia R. Kelley ("Plaintiff"), and requests Defendant Ocwen

Federal Bank, FSB ("Ocwen") to respond to the following interrogatories and requests for

production:

"Document" as herein used means the original, or if the original is not available, a
copy thereof, of any written, recorded or graphic matter and all nonidentical copies
thereof, however produced or reproduced, and includes, without limitation, all
papers, books, drafts, letters, tangible things, computer files or electronically stored
data or information, correspondence, email, notes, memoranda, contracts, records,
invoices, bills or receipts, photographs, videotapes, audio or cassette tapes, sketches,
drawings, statements, reports, telegrams, cables, telex message, memoranda, notes,
notations, work papers, transcripts, minutes, reports, records of telephone or other
conversations, summaries, opinions, studies, analysis, evaluations, charts, computer
readable media, machine sensible, electronic, magnetic, or any other form of stored
information including, but not limited to, computer memory, hard disks, floppy disks,

compact disks, magnetic tapes, optical media, magneto-optical media, and any other documents in your possession, custody or control or known by you to exist.

"Identify" or "Identity" as herein used with respect to an individual means to state his or her name and last known address.  With respect to an entity other than an individual, "Identify" or "Identity" means to state the legal name of the entity, the address of its principal place of business, and the place of creation or organization (i.e., a Delaware corporation, an Alabama LLC, etc.).

1.    Produce any and all Documents referencing, referring to, or relating to Plaintiff including, but not limited to Plaintiff's loan file, payment receipts, comments log, history log, printouts from all computer systems, and recordings of conversations with Plaintiff.

2.    Identify who currently holds Plaintiff's note and/or mortgage and state the date that the individual or entity first held Plaintiff's note and/or mortgage.

3.    Identify all individuals or entities who have held Plaintiff's note and/or mortgage and the dates during which each individual or entity held Plaintiff's note and/or mortgage.

4.    Produce the servicing agreement between Ocwen and each individual or entity who has ever held Plaintiff's note and/or mortgage.

5.    State how Ocwen is compensated for servicing Plaintiff's loan including the rate of compensation, frequency of compensation, and all other funds received by Ocwen as a result of servicing Plaintiff's loan.

6.    List each and every fee, finance charge, or penalty charged to Plaintiff and for each state:

        a.    The amount of such fee, finance charge, or penalty

        b.    The date such fee, finance charge, or penalty was charged

        c.    The reason for such fee, finance charge, or penalty

7.    Produce all Documents referencing, referring to, or relating to every fee, finance charge, or penalty referenced in the preceding Request.

8.   Did Ocwen ever enter into a forbearance agreement with Plaintiff? If so, state:

    a.   The date of such agreement

    b.   The terms of such agreement

    c.   The amount of any fees charged for such agreement

9.   Produce all Documents referencing, referring to, or relating to any forbearance agreement referenced in the preceding Request including, but not limited to, each forbearance agreement entered into with Plaintiff.

10.   Did Ocwen ever charge Plaintiff a fee for sending a notice of default to her? If so, state:

    a.   The date of such notice

    b.   The date of such charge

    c.   The amount of any fees charged for such notice

11.   Produce all Documents referencing, referring to, or relating to any notice of default referenced in the preceding Request including, but not limited to, each notice of default sent to Plaintiff.

12.   Did Ocwen ever force place insurance on Plaintiff? If so, state:

    a.   The date of such force placed insurance

    b.   The amount of such force placed insurance

    c.   The Identity of the insurer

13.   Produce all Documents referencing, referring to, or relating to each and every policy of insurance purchased by Ocwen on Plaintiff's property including, but not limited to, the insurance policy and declarations.

      a.    State the commission earned by Ocwen for placing or purchasing such insurance.

      b.    Identify the agent(s) from or through whom such policies were purchased

14.    Did Ocwen make any representations to third parties, including but not limited to credit reporting agencies, regarding the status, balance, or payment history of Plaintiff's loan? If so, state:

      a.    The date of such representation

      b.    The substance of such representation

      c.    The Identity of the individual or entity to whom such representation was made

15.    Produce all Documents referencing, referring to, or relating to any representation referenced in the preceding Request.

16.    Did Ocwen ever charge Plaintiff any fees, finance charges, or penalties relating to foreclosure proceedings? If so, state:

      a.    The amount of such fee

      b.    The date any such fee was charged

      c.    The reason for such fees

17.    Produce any and all Documents referencing, referring to, or relating to the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

18.    Identify each and every individual, including, but not limited to, current and former Ocwen employees, who may have any personal knowledge of Ocwen's dealings with the Plaintiff or

the Plaintiff's loan made the subject of the Complaint and state whether such individual is a current

Ocwen employee.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:  (205) 758-8358

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

PATRICIA R. KELLEY,                       §
                                          §
        PLAINTIFF,                        §
                                          §
VS.                                       §      CIVIL ACTION NO. CV-2004-072
                                          §
OCWEN FEDERAL BANK, FSB;                  §
MOSS, CODILIS, STAWIARSKI,                §
MORRIS, SCHNEIDER & PRIOR,                §
L.L.P.; Fictitious Defendants A, B, C,... §
those individuals, partnerships,          §
corporations, limited liability companies,§
or other legal entities who are or have   §
been mortgage brokers, holders or         §
servicers of the notes and mortgages      §
executed by the Plaintiff, or who have    §
otherwise attempted to collect the fees,  §
finance charges, and other penalties      §
from Plaintiff,                           §
                                          §
        DEFENDANTS.                       §



## PLAINTIFF'S FIRST COMBINED DISCOVERY
## TO DEFENDANT MOSS, CODILIS, STAWIARSKI,
## MORRIS, SCHNEIDER & PRIOR, LLP

Comes now the Plaintiff, Patricia R. Kelley ("Plaintiff"), and requests Defendant Moss,

Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P. ("Moss, Codilis") to respond to the following

interrogatories and requests for production:

"Document" as herein used means the original, or if the original is not available, a
copy thereof, of any written, recorded or graphic matter and all nonidentical copies
thereof, however produced or reproduced, and includes, without limitation, all
papers, books, drafts, letters, tangible things, computer files or electronically stored
data or information, correspondence, email, notes, memoranda, contracts, records,
invoices, bills or receipts, photographs, videotapes, audio or cassette tapes, sketches,
drawings, statements, reports, telegrams, cables, telex message, memoranda, notes,
notations, work papers, transcripts, minutes, reports, records of telephone or other
conversations, summaries, opinions, studies, analysis, evaluations, charts, computer
readable media, machine sensible, electronic, magnetic, or any other form of stored

information including, but not limited to, computer memory, hard disks, floppy disks, compact disks, magnetic tapes, magneto-optical media, and any other documents in your possession, custody or control or known by you to exist.

"Identify" or "Identity" as herein used with respect to an individual means to state his or her name and last known address. With respect to an entity other than an individual, "Identify" or "Identity" means to state the legal name of the entity, the address of its principal place of business, and the place of creation or organization (i.e., a Delaware corporation, an Alabama LLC, etc.).

"Ocwen" means Defendant Ocwen Federal Bank, FSB.

1.    Produce any and all Documents referencing, referring to, or relating to Plaintiff.

2.    Produce any and all Documents referencing, referring to, or relating to any correspondence Moss, Codilis has sent or received from Plaintiff including, but not limited to, notices of default and letters regarding foreclosure or forbearance agreements.

3.    Produce any and all Documents referencing, referring to, or relating to any correspondence Moss, Codilis has had regarding the Plaintiff with any other person or entity and for each instance of correspondence state:

      a.    The approximate date of such correspondence

      b.    To whom such correspondence was directed

      c.    The reason for such correspondence.

4.    State the nature of the relationship between Moss, Codilis and Ocwen.

5.    Produce any and all Documents referencing, referring to, or relating to the relationship referenced in the preceding Request.

6.    State the total number of notices of default sent to Ocwen customers per year for the last 10 years.

7.    State the total dollar amount paid to Moss, Codilis by Ocwen each year for the past 10 years.

8.    List each and every office location of Moss, Codilis within the past 10 years.

9.    State whether any office location of Moss, Codilis within the past 10 years was contained within, adjoined to, or adjacent to any business location of Ocwen.

10.    Identify each employee of Moss, Codilis for the past 10 years and for each, state:

   a.    The past and present titles and positions of the employee and the accompanying dates of each

   b.    The past and present office locations of the employee and the accompanying dates of each

11.    Has Moss, Codilis ever had any state bar complaint or grievance filed against it? If so, state:

   a.    The Identity of the individual or entity filing said complaint or grievance

   b.    The state in which said complaint or grievance was filed

   c.    When said complaint or grievance was filed.

12.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

13.    Has Moss, Codilis ever been charged by an individual or entity with a violation of the Fair Debt Collection Practices Act? If so, state:

   a.    The Identity of the individual or entity making such charge

   b.    When

   c.    Where

14.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

15.    Has Moss, Codilis ever been investigated by any agency or other entity which governs the actions of Moss, Codilis?  If so, state:

      a.    The Identity of the agency or other entity making such investigation

      b.    When

16.    Produce any and all Documents referencing, referring to, or relating to the preceding Request.

17.    Identify every partner of Moss, Codilis and for each partner, state:

      a.    The partnership type (general or limited)

      b.    The share of the partnership held by the partner

      c.    When such partner became a partner

18.    Produce any and all Documents referencing, referring to, or relating to the partnership structure referenced in the preceding Request.

19.    Identify the primary attorney employed by Moss, Codilis responsible for representing Ocwen.

20.    Produce any and all Documents referencing, referring to, or relating to the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

PLEASE SERVE WITH SUMMONS AND COMPLAINT

EXHIBIT

2

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA R. KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| OCWEN FEDERAL BANK FSB; | ) | |
| MOSS, CODILIS, STAWIARSKI, | ) | |
| MORRIS, SCHNEIDER, & PRIOR, | ) | |
| L.L.P.; Fictitious Defendants A, B, C, ... | ) | |
| Those individuals, partnerships, | ) | |
| corporations, limited liability companies, | ) | |
| or other legal entities who are or have | ) | |
| been mortgage brokers, holders or | ) | |
| servicers of the notes and mortgages | ) | |
| executed by the Plaintiff, or who have | ) | |
| otherwise attempted to collect the fees, | ) | |
| finance charges, and other penalties | ) | |
| from Plaintiff, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF CITIZENSHIP AND CONSENT TO REMOVAL

COMES NOW Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, L.L.P. ("Moss Codilis") and, by and through undersigned counsel, hereby expressly consents to the removal of this action by defendant Ocwen Federal Bank FSB to this Court from the Circuit Court of Barbour County, Alabama.

1.    Moss Codilis respectfully notifies the Court that it is a limited liability partnership organized under the laws of Colorado. The partners in Moss Codilis are lawyers and law firms organized under the laws of the various states as set forth in paragraphs 2 through 6 below (the "LLP Partners"). As explained in detail below, Moss Codilis is not a citizen of the state of Alabama.

2.      Gerald R. Moss is a partner in the LLP. He is a citizen of the state of California.

3.      Codilis & Stawiarski, P.C. ("Codilis") is a partner in the LLP. Codilis is a professional corporation organized under the laws of Colorado with its principal place of business at 6560 Greenwood Plaza Blvd., Suite 525, Englewood, CO 80111. Codilis is a citizen of the state of Colorado.

4.      Morris, Schneider & Prior, LLC ("Morris") is a partner in the LLP. Morris is a limited liability corporation organized under the laws of Georgia with its principal place of business at 2781 Windy Ridge Parkway, Atlanta, GA 30339. The members of Morris are Arthur J. Morris, Randall Schneider and Thomas E. Prior, each of whom is a citizen of the state of Georgia.

5.      Fein, Such, Kahn & Shepard P.C. ("Fein") is a partner in the LLP. Fein is a professional corporation organized under the laws of New Jersey with its principal place of business at 7 Century Drive, Suite 201, Parsippany, NJ 07054. Fein is a citizen of the state of New Jersey.

6.      Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") is a partner in the LLP. Weltman is a legal professional association organized under the laws of Ohio with offices in Ohio, Pennsylvania, and Michigan. The partners of Weltman are: Theresa A. Fortuna, Terrence R. Heffernan, Alan C. Hochheiser, Donald A. Mausar, Charles G. Pona, Allen J. Reis, Larry R. Rothenberg, Robert W. Rutkowski, Stephen A. Santangelo, Rosemary Taft-Milby, Frank J. Veneziano, Alan H. Weinberg, Robert B. Weltman, and Scott S. Weltman, each of whom is a citizen of the state of Ohio; John S. Pucin, a citizen of the state of Illinois; Daniel E. Best, a citizen of Michigan; and James P. Valecko, a citizen of the state of Pennsylvania.

7.    The LLP Partners listed above represent all of the partners in the LLP. Moss Codilis is not incorporated or otherwise organized under the laws of Alabama, and no partner in Moss Codilis is a citizen of Alabama.

Dated:    _9/27/2004_    Respectfully submitted,

John N. Bolus
*Counsel for Defendant*
*Moss, Codilis, Stawiarski, Morris,*
*Schneider & Prior, L.L.P.*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400
Birmingham, Alabama 35203
(205) 254-1000



EXHIBIT

3

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

PATRICIA R. KELLEY,

    Plaintiff,

    v.

OCWEN FEDERAL BANK, FSB; MOSS,
CODILIS, STAWIARSKI, MORRIS,
SCHNEIDER & PRIOR, L.L.P.; Fictitious
Defendants A, B, C ... those individuals,
partnership, corporations, limited liability
companies, or other legal entities who are or have
been mortgage brokers, holder or servicers of the
notes and mortgages executed by the Plaintiff, or
who have otherwise attempted to collect the fees,
finance charges, and other penalties from
Plaintiff,

    Defendants.

No. _____

## DECLARATION OF CHOMIE NEIL

    I, Chomie Neil, do hereby declare under penalty of perjury that the following is true and

correct:

    1.      I am currently employed by Ocwen Federal Bank FSB ("Oowen Federal Bank")

as research specialist. I have held this position since 1999. I have reviewed the complaint in the

above-entitled action. In connection with my employment at Ocwen Federal Bank, I have

personal knowledge of the facts forth in this declaration.

2.    Ocwen Federal Bank is a federally chartered savings association incorporated under the laws of the United States.

3.    Ocwen Federal Bank's administrative offices are located in the State of Florida. The only other state in which Ocwen Federal Bank has a physical location is New Jersey.

4.    Ocwen Federal Bank's mortgage servicing centers are located in Florida.

5.    Customer mortgage payments are processed by Ocwen Federal Bank in Florida.

6.    At least 99 percent of Ocwen Federal Bank's employees are located in Florida.

7.    Ocwen Federal Bank's executive officers are located in Florida.

8.    Ocwen Federal Bank has no physical premises or employees in the state of Alabama.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 22, 2004

CHOMIE NEIL