IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| PATRICIA R. KELLEY,<br><br>  PLAINTIFF,<br><br>VS.<br><br>OCWEN FEDERAL BANK, FSB;<br>MOSS, CODILIS, STAWIARSKI,<br>MORRIS, SCHNEIDER & PRIOR,<br>L.L.P.; et al.,<br><br>  DEFENDANTS. | CIVIL ACTION NO. CV-2004-072 |

### PLAINTIFF'S RESPONSE TO
### OCWEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now the Plaintiff, Patricia R. Kelley, and responds to Defendant Ocwen Federal Bank FSB's Motion for Partial Summary Judgment As to Claims Exceeding $75,000 as follows:

### FACTS IN DISPUTE

1.  The United States District Court for the Middle District of Alabama did not rely upon any representation of the Plaintiff regarding damages in making its decision to remand. That Court's order merely states that Ocwen's conclusory allegations of the amount in controversy were insufficient to support removal. Order dated January 24, 2005, Patricia R. Kelley v. Ocwen Federal Bank, FSB, et al., 2:04-cv-900-T, in the United States District Court for the Middle District of Alabama, a true, correct, and authentic copy of which is attached hereto as Exhibit "A".

2.  This issue is not ripe for consideration.

### STANDARD

"A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Aldridge v.



1

Valley Steel Const., Inc., 603 So.2d 981, 983 (Ala. 1992). "The burden is, therefore, upon the moving party to clearly show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed most favorably to the nonmovant." Id.

## ARGUMENT

### I. THE DISTRICT COURT DID NOT NECESSARILY RELY UPON PLAINTIFF'S REPRESENTATION REGARDING DAMAGES.

Ocwen incorrectly states that "[b]ased on [Plaintiff's] representation, the federal court determined that the amount in controversy did not satisfy the jurisdictional threshold required for federal diversity jurisdiction and remanded the case to this court." (Ocwen's Mot., p.2). The federal court's order did not mention the Plaintiff's statement in her motion to remand that she did not seek and will not accept damages in excess of $75,000. Rather, the Order stated that "[t]he defendants have failed to meet their burden as to establishing the jurisdictional amount; the notice of removal provides only conclusory allegations." Kelley Order, pp. 3-4 (Ex. "A"). Therefore, the burden never shifted to the Plaintiff to rebut any showing by Ocwen and the Court could not have considered the Plaintiff's representation regarding her damages. See, e.g. Order dated April 5, 2005, p.3 n.2, Marvin and Evelyn Ellison v. Ocwen Federal Bank, FSB, et al., 2:04-cv-2909-TMP, in the United States District Court for the Northern District of Alabama (stating that if the Court does not rely on the plaintiffs' representation regarding damages then they would not be bound by such representation), a true, correct, and authentic copy of which is attached hereto as Exhibit "B".

At minimum, there exists a question of fact as to the federal court's reliance on the Plaintiff's statements in granting remand. As discussed below, that issue would be for the federal judge to resolve if it ever became material.

While Plaintiff still does not believe that her damages exceed $75,000 (her out-of-pocket damages are estimated to be less than $10,000), it would be improper to grant a partial summary

2

judgment in favor of Ocwen. <u>Even if</u> the federal court relied on Plaintiff's representation regarding damages, such a representation would not preclude a jury from <u>awarding</u> damages in excess of $75,000. It would only prevent the Plaintiff from <u>seeking</u> or <u>accepting</u> damages in excess of $75,000. By granting Ocwen's motion for summary judgment, this Court would necessarily have to determine that the Plaintiff's damages do not, in fact, exceed $75,000. This determination, however, is a question of fact for the jury to decide and, therefore, not properly addressed by a motion for summary judgment.

## II.   THIS ISSUE IS NOT RIPE FOR CONSIDERATION.

Ocwen's motion for partial summary judgment is premature. There is no way of knowing what a jury may award in this case. A jury could quite possibly award less than $75,000 to the Plaintiff and the issue of damages currently raised by Ocwen would be immaterial. In other words, this issue would never need to be addressed.

Only in the event that a jury awarded more than $75,000 could Ocwen's current motion even possibly be relevant. At that time, a question of fact would exist, according to Ocwen, of the federal court's reliance on any representation made by the Plaintiff which would properly be resolved by the federal court. It seems absurd to address an issue now which may actually never arise in the future and which would require the involvement of the federal court, which, at this point, has no jurisdiction.

## III.   CONCLUSION

Plaintiff anticipates that Ocwen will attempt to use this response as a basis to re-remove this case to federal court. Such a removal would be improper. Nothing herein shall be interpreted or construed to mean that the Plaintiff is <u>now</u> seeking damages of over $75,000. <u>She is not.</u> The Plaintiff is not taking a new position regarding the amount of her damages. The Plaintiff, as stated in

3

her motion to remand, still does not believe her claims are in excess of $75,000. Instead, the Plaintiff is asserting that the damages issue raised by Ocwen is not ripe for consideration and, in order to defeat Ocwen's motion, has been required to raise the issue of the federal court's reliance on Plaintiff's prior statement regarding damages. If a jury awards Plaintiff damages in excess of $75,000.00 and if the federal court relied upon Plaintiff's representations, then she will abide by her statements. However, that is not an issue that is ripe for resolution at this time.

The federal court's order clearly states that Ocwen did not meet its burden of proving the amount in controversy by a preponderance of the evidence. Therefore, since the burden never shifted to the Plaintiff to prove otherwise, the federal court could not have relied upon her representation regarding damages. Because Ocwen has argued otherwise, a genuine issue of material fact exists as to the federal court's reliance on any representation made by the Plaintiff regarding damages. Thus, summary judgment is not proper. <u>Ala.R.Civ.P.</u> 56(c)(3).

WHEREFORE, the Plaintiff respectfully requests this Court to deny Ocwen's motion for partial summary judgment and for such other and further relief as this Court may deem just and proper.

_____
R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following counsel in this proceeding by mailing same by United States mail, properly addressed and first class postage prepaid, this 5th day of May, 2005.

To:  John E. Goodman, Esq.
Benjamin M. Moncrief, Esq.
Brian M. Blythe, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104

John N. Bolus, Esq.
Maynard, Cooper & Gale, P.C.
1901 – 6th Avenue North, Suite 2400
Birmingham, AL  35203

R. Cooper Shattuck (SHA030)

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| PATRICIA R. KELLEY, )<br>)<br>Plaintiff, )<br>) CIVIL ACTION NO.<br>v. ) 2:04cv900-T<br>)<br>OCWEN FEDERAL BANK, FSB, )<br>et al., )<br>)<br>Defendants. ) | |

ORDER

After careful consideration of the state-law claims presented in this case, the court does not believe that the following statutes and regulations enacted pursuant to them provide "complete preemption" that would support removal jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1441, nor is the court convinced that a substantial "federal question" is presented, see Caterpillar, Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 107 S.Ct. 1542 (1987); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct.

EXHIBIT "A"

3229 (1986); <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 103 S.Ct. 2841 (1983); <u>Gully v. First National Bank of Meridian</u>, 299 U.S. 109, 57 S.Ct. 96 (1936): the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692e(4); the Home Owner's Loan Act, 12 U.S.C.A. § 1461 et seq.; the Truth in Lending Act, 15 U.S.C.A. § 1601 et seq.; the Fair Credit Reporting Act, 15 U.S.C.A. § 1682 et seq.; and the Real Estate Settlement Procedures Act, 12 U.S.C.A. § 2603. And in light of these circumstances, supplemental jurisdiction under 28 U.S.C.A. §§ 1367, 1441 is also inappropriate.

With the above conclusions, however, the court has <u>not</u> held that the state-law claims in this lawsuit are not "preempted" by one or more of the above statutes. This court has merely held that there is not such "complete preemption" as would support removal to federal court. After remand, the state court may still independently conclude that one or more of the above statutes preempt state law. <u>See</u> <u>Glasser v. Amalgamated Workers Union Local 88</u>, 806 F.2d 1539, 1540 (11th

2

Cir. 1986) (per curium); see also Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 12-14 & n.12, 103 S.Ct. 2821, 2848 & n.12; Soley v. First National Bank of Commerce, 923 F.2d 406, 408-09 (5th Cir 1991).

The court also does not believe that diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is present. A removing defendant bears the burden of proving proper federal jurisdiction. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement. Id. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-1320 (11th Cir. 2001). The defendants have

3

failed to meet their burden as to establishing the jurisdictional amount; the notice of removal provides only conclusory allegations.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 14) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that all other motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

Done, this the 24th day of January, 2005.

                               /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE

FILED
2005 Apr-05 AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARVIN ELLISON            )
and EVELYN ELLISON,       )
                          )
        Plaintiffs,       )
                          )
vs.                       )    Case No. 2:04-cv-2909-TMP
                          )
OCWEN FEDERAL BANK, FSB, et al., )
                          )
        Defendants.       )

ORDER

This action was removed to this court by defendants at least in part on the basis of diversity jurisdiction, alleging that the citizenship of the plaintiffs and defendants is completely diverse and that more than $75,000 is in dispute between the parties. Plaintiffs moved to remand the case to the Circuit Court of Jefferson County, contending that, despite their non-specific prayer for compensatory and punitive damages, they do not seek or claim more than $75,000, exclusive of interest and costs.

In order for a case to be removed properly on diversity jurisdiction, the federal district court must have been able to exercise original jurisdiction over the case at the time it was filed. Here, that original jurisdiction is alleged by defendant to be based in part on the diversity of citizenship of the parties under 28 U.S.C. § 1332. Plaintiffs points out, however, that none of the counts of the complaint removed by defendant makes any express demand for a particular dollar sum of damages, nor do they expressly pray for an award of attorneys fees. Thus, the complaint comes within the rule stated in Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated in part on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), that "where a

EXHIBIT "B"

plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the... jurisdictional requirement."[1]  The court may consider post-removal evidence, including affidavits, to determine whether defendant has carried its burden of proof.  Sierminski v. TransSouth Financial Corporation, 216 F.3d 945 (11th Cir. 2000).

Other than pointing to plaintiff's non-specific demand for damages and asserting that the prayer for punitive damages necessarily puts in dispute more than $75,000.00, defendants have not attempted to show by a preponderance of the evidence that plaintiffs are more likely to recover more than $75,000, than not. Although plaintiffs have represented to the court, through their attorney, an officer of the court, that their claims do not involve more than the jurisdictional minimum, they have not done so in a sworn affidavit or certification. Plaintiffs, therefore, are given ten (10) days from the date of entry of this order to file, **if they so choose**, a sworn affidavit or certification under penalty of perjury that their claims do not involve compensatory and punitive damages or attorneys fees totaling in excess of $75,000; that they will not seek, argue for, or accept any judgment or sum of damages, including an award of attorneys' fees, greater than $75,000; and that they will remit and release any portion of a judgment or jury award, including an attorneys' fee award, to the extent the

---

[1] The Eleventh Circuit's decision in Poore v. American-Amicable Insurance Co. of Texas, 218 F.3d 1287 (11th Cir. 2000), does not alter this burden. Poore involved the post-removal amendment of a complaint seeking class certification where the class's claim for punitive damages, as aggregated under Tapscott, clearly exceeded $75,000 when the case was removed. The court of appeals held that, despite the apparent change in the language of 28 U.S.C. § 1447, post-removal amendments do not divest the district court of subject-matter jurisdiction existing at the time the case was removed. In the case now under consideration, the lone plaintiff's demand for damages did not specify a particular sum and, thus, it was not clear at the time of removal whether the controversy actually involved $75,000 or not. Thus, unlike Poore, where jurisdiction existed and the plaintiff class sought to divest it, the issue in this case is **whether** jurisdiction existed at all at the time of removal, and evidence on that issue can consist of clarifying amendments or other evidence offered by the parties, including an affidavit from the plaintiff. Sierminski v. TransSouth Financial Corporation, 216 F.3d 945 (11th Cir. 2000).

total exceeds $75,000, if the case is remanded to state court. In the event such an affidavit is filed, **on which the court will rely for determining its jurisdiction,**[2] it will presumptively establish that the court lacks a sufficient jurisdictional amount in controversy to establish diversity jurisdiction.

Defendants also may submit any evidence they may wish to offer concerning the amount in dispute in this action within ten (10) days after this Order.

Furthermore, the defendants' motion to suspend Rule 26 obligations is GRANTED pending further order of court.

DONE this 5th day of April, 2005.

/s/ T. Michael Putnam
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

[2] The court wishes to make clear that, if plaintiffs elects to file an affidavit consistent with this Order, it is the court's intention that such would create a judicial estoppel, preventing plaintiffs from seeking or accepting an award greater than $75,000, even following remand to state court. In the event, however, that defendants oppose remand on some basis other than diversity jurisdiction (e.g., federal question jurisdiction) and the case is **not** remanded, plaintiffs will **not** be bound by the limitation stated in their affidavit.