**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| PATRICIA R. KELLEY,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB; *et al.*,<br><br>Defendants. | Case No: 2:05-cv-0458-MEF-SRW |

**DEFENDANT OCWEN FEDERAL BANK FSB'S MOTION TO STAY
PROCEEDINGS PENDING DECISION FROM
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Ocwen Federal Bank FSB ("Ocwen") hereby moves this Honorable Court to stay all proceedings in the above captioned action, pending decision from the Judicial Panel on Multidistrict Litigation ("JPML") on Ocwen's request for transfer and multidistrict consolidation.

This action is the subject of a pending motion to transfer and consolidate, pursuant to 28 U.S.C § 1407(a) and the Rules of the Judicial Panel on Multidistrict Litigation, into *In re: Ocwen Federal Bank FSB Mortgage Service Litigation, MDL No. 1604*, pending in the Northern District of Illinois. The factual and legal grounds for this Motion are as follows:

**I.   PRELIMINARY STATEMENT**

The present action is a "tag-along" action that is related to other lawsuits which have been consolidated in a Multidistrict Litigation, captioned *In re: Ocwen Federal Bank FSB Mortgage Service Litigation, MDL No. 1604*, which is pending in the Northern District of Illinois (the "MDL Action"). The Judicial Panel on Multidistrict Litigation ("Panel") established the

MDL Action in April 2004 to coordinate and consolidate similar, and overlapping, individual and putative class action lawsuits filed against Ocwen Federal Bank ("Ocwen") challenging various aspects of Ocwen's mortgage servicing practices. *See* Transfer Order, entered April 13, 2004 (Exhibit A).

The causes of action in the instant case are virtually identical to the lawsuits already consolidated in the MDL Action. Indeed, Ocwen first notified the Panel of this action on October 6, 2004 and the Panel issued an order conditionally transferring the action to MDL 1604 on October 22, 2004. The case was subsequently remanded to state court, and Ocwen has again removed the case to federal court based on representations in plaintiff's remand papers regarding the amount in controversy. Ocwen recently renewed its application to the MDL Panel requesting that this suit be transferred and consolidated as a "tag-along" into MDL 1604. *See* Tag-Along Application, dated May 25, 2005 (Exhibit B); *see also* Transfer Order (noting procedures for requesting coordination of a tag-along action into an MDL proceeding).

Within the next few weeks, Ocwen expects the MDL Panel to grant the Tag-Along Application and issue a conditional transfer order which will conditionally transfer this matter into the MDL Action. *See generally Tench v. Jackson Nat'l Life Ins. Co.*, 1999 U.S. Dist. LEXIS 18023 (N.D. Ill. 1999) ("The MDL Panel is likely to transfer the case at bar, since it involves a nearly identical set of facts and similar legal theories as the cases previously consolidated[.]"). If the plaintiff does not object within fifteen days, the conditional order automatically becomes final and the case will be transferred immediately into the MDL Action. If an objection to the conditional transfer is lodged, plaintiff will be required to file a motion to vacate the conditional transfer order. The MDL Panel will then rule on that motion at its next available seating which Ocwen anticipates will be in July 2005.

This action is one of more than 33 identical actions filed by plaintiffs' counsel throughout Alabama and Mississippi. Thus far, the MDL Panel has entered a Conditional Transfer Order as to *every* lawsuit that Ocwen has identified as a tag-along into the MDL Action. Indeed, on February 16, 2005, the MDL Panel transferred 11 additional (and virtually identical) actions to the Northern District of Illinois. *See* Transfer Order, dated February 16, 2005 (Exhibit C). And, on April 18, 2005, the MDL Panel transferred 5 more (virtually identical) actions from the United States District Courts of Alabama to the Northern District of Illinois. *See* Transfer Order, dated April 18, 2005 (also at Exhibit C). There is no reason for the MDL Panel to reach a different result in the present case. Because the complaints in the MDL Action are substantively identical to the complaint in this action, the MDL Panel's decision will be strongly indicative of how the MDL Panel will rule on the final transfer of this action.

Courts routinely stay proceedings in order to promote efficiency, consistency and judicial economy where, as here, virtually identical actions have been consolidated by the MDL panel.[1]

---

[1] *See e.g., Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067, at *2 (W.D. Tenn. April 3, 2001) ("Federal courts routinely defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL Court."); *In re Ivy*, 901 F.2d 7, 9 (2d. Cir. 1990) (granting stay while remand motion pending); *Trench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) ("The MDL Panel clearly has the authority to transfer this case despite [plaintiff's] jurisdictional objection."); *Muscat v. Bayer AG, et al.*, No. 03-0506-CB-C (S.D. Ala. Jan. 14, 2004) (Butler, C.J.) (granting motion to stay pending transfer, notwithstanding pending motion to remand.); *Weatherby v. Lincoln Electronic*, 2003 WL21088119, at *2 (E.D. La. May 9, 2003) (granting a stay would "serve the interests of judicial economy and efficiency as the MDL Panel can determine if centralization of the cases on a nationwide basis is appropriate"); *Falgoust v. Microsoft Corp.*, 2000 WL 462919, No. Civ. A. 00-0779, at 2 (E.D.La. April 19, 2000) (staying proceedings and noting that "consistency and economy would be served by resolution of these issues by a single court after transfer by the JPML"); *Aikins v. Microsoft Corp.*, 2000 WL 310391, No. Civ.A.00-0242, at *2 (E.D. La. March 24, 2000) (same); *Tisha v. Jackson National Life Insur. Co.*, No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023, at *3 (N.D. Ill. Nov. 10, 1999) ("[u]nder these circumstances, i.e. pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources"); *Johnson v. AMR Corp*, 1996 U.S. Dist. LEXIS 4172 *1, *10-12 (N.D. Ill. April 1, 1996) ("But the benefits of transferring them to the MDL—the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources – are obvious"); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved"); *Portnoy v. Zenith Laboratories*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987) ("The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks.").

This is so even where jurisdictional or other threshold questions are presented.[2] A stay will promote judicial economy by avoiding the waste of court resources on matters that are more than likely to be duplicated by the transferee court. Similarly, staying this action will permit an orderly and coordinated discovery process among all related cases in the MDL Action thereby eliminating the possibility of duplicative discovery proceedings, and preventing the possibility of inconsistent rulings on pretrial summary judgment, class certification, and other motions. The balance of potential harms likewise weighs strongly in favor of staying this action. The short delay that would result from a stay will not prejudice plaintiff as there has been limited discovery (and no depositions) to date. By contrast, a stay would avoid the prejudice to Ocwen that would result from simultaneously litigating precisely the same claims in different courts. For these and similar reasons, courts have uniformly granted Ocwen's request for a stay under precisely the same circumstances presented here. In fact, Judge Brevard Hand of the Southern District of Alabama has recently denied motions to remand and stayed two identical cases, brought by the same counsel that represents Plaintiff in this case, that were re-removed under circumstances similar to those presented here. *See* Orders of Hand, J. in *Capers v. Ocwen Federal Bank, FSB*, 1:05-cv-0233-BH-L, and *Williams v. Ocwen Federal Bank FSB*, 2:05-cv-0234-BH-L, collected at Exhibit D.[3]

---

[2] *See, e.g., Register*, 2002 U.S. Dist. LEXIS 13438, at *1, *Washington*, 2002 U.S. Dist. LEXIS 11968, at *1; *Barquet v. Glaxo SmithKline P.L.C.*, 2002 U.S. Dist. LEXIS 12896, at *2 (E.D. La. July 9, 2002) (staying proceedings and noting that "[t]he transferee judge certainly has the power to determine the question of remand"); *Martinez v. Am. Home Prods. Corp.*, 2002 U.S. Dist. LEXIS 5796, at *3 (E.D. La. March 26, 2002) (same holding); *Falgoust v. Microsoft Corp.*, 2000 U.S. Dist. LEXIS 5417, at *5 (E.D. La. April 20, 2000) (same holding). *See also Faile v. Warner-Lambert Co.*, No. 01-0259-BH-S (S.D. Ala. June 7, 2001) (Hand, J.) (deferring ruling on motion to remand pending MDL transfer); *Farrow v. Bayer AG, et al.*, No. 3:04-CV-161-F (M.D. Ala. Apr. 19, 2004) (same); *Abernathy v. Warner-Lambert Co.*, No. 00-A-1237-N (M.D. Ala. Nov. 22, 2000); *Boyer v. Warner-Lambert Co.*, No. 02-483-NE (N.D. Ala. Mar. 21, 2002) (same); *Floyd v. Warner-Lambert Co.*, No. 00-A-1237-N (M.D. Ala. Nov. 22, 2000) (same).

[3] *See* Orders entering stays in several such cases, copies of which are attached hereto collectively as Exhibit D.

Accordingly, the proceedings in this action are due to be temporarily stayed until such time as the Panel renders its decision on whether this case will be transferred and consolidated into the MDL Action. Therefore, Ocwen respectfully requests that the Court grant its motion to stay.

## II.   THIS ACTION IS RELATED TO CLAIMS IN THE MDL ACTION

On May 17, 2005, this matter was removed to this Court from the Circuit Court of Barbour County, Alabama. *See* Notice of Removal (Exhibit E). On May 25, 2005, counsel for Ocwen filed the Tag-Along Application advising the MDL Panel of the existence of the present action and seeking transfer and consolidation of the case into MDL 1604. *See* Exhibit B.

The present action is virtually identical to the other lawsuits transferred into the MDL Action. First, the core substantive allegations in the complaint – that Ocwen allegedly failed to post mortgage payments on time (Compl. Count Three), that it allegedly made misrepresentations relating to mortgage servicing fees and other charges (Compl. Counts Two, Four, and Eight), that it allegedly concealed information relating to payments and fees (Compl. Counts One and Four), and that it allegedly breached plaintiff's mortgage contract (Compl. Count Five) – are identical to the practices alleged in the other actions previously transferred by the MDL Panel. Moreover, the plaintiff here is encompassed within the putative classes proposed for certification in other actions previously transferred by the MDL Panel as part of MDL No. 1604.[4] Because the legal and factual allegations in the present action are sufficiently

---

[4]  While this lawsuit is not a putative class action, the Panel has already transferred individual actions to the MDL Action, *see, e.g.,* Conditional Transfer Order No. 9 (dated Feb. 15, 2005) (Exhibit F), and has frequently transferred individual actions to multidistrict proceedings where, as here, the factual allegations make clear that discovery is likely to overlap with discovery in class actions included in the proceeding. *See, e.g., In re Conseco Life Ins. Co. Cost of Ins. Litig.,* 2004 U.S. Dist. LEXIS 12139 (J.P.M.L. June 23, 2004); *In re Fine Host Corp. Secs. Litig.,* 1998 U.S. Dist. LEXIS 12332 (J.P.M.L. Aug. 7, 1998).

similar to those asserted in the MDL Action, Ocwen anticipates that this case will be transferred and consolidated into the MDL Action. Therefore, this case should also be stayed pending a ruling from the Panel.

### III.   A STAY HAS BEEN ENTERED IN OTHER RELATED OCWEN MATTERS

This and other courts have generally granted Ocwen's motion to stay pending action by the MDL. For example, a stay of proceedings has been entered in the following related Ocwen matters:

   i.   Spires v. Ocwen Federal Bank, FSB, et al.
        U.S.D.C. for the N.D. CA, No. C 03-5600 PJH

   ii.  Maddox v Ocwen Federal Bank, FSB, et al.
        U.S.D.C. for the C.D. CA, No. C 03-9515 RSWL

   iii. Jackson v. Ocwen Federal Bank, FSB, et al.
        U.S.D.C. for the N.D. CA, No. C 03-0743 MJJ

   iv.  Robinson v. Ocwen Federal Bank, FSB, et al.
        U.S.D.C. for the N.D. CA, No. C 03-1302 MJJ

   v.   Gandabhai v Ocwen Federal Bank, FSB, et al.
        U.S.D.C. for the N.D. CA, No. 04-2582 VRW

   vi.  Antoine v Ocwen Federal Bank, FSB, et al.
        U.S.D.C. for the N.D. CA, No. 03-05503

   vii. Glover v. Ocwen Federal Bank, FSB, et al.
        U.S.D.C. for the M.D. Ala., No. 2:04-cv-961

   viii. Carruthers v. Ocwen Federal Bank, FSB, et al.
         U.S.D.C. for the M.D. Ala., No. 2:04-cv-901

   ix.  Howard v. Ocwen Federal Bank, FSB, et al.
        U.S.B.C for the S.D. Ala., AP No. 04-1156

   x.   Hannah v. Ocwen Federal Bank, FSB, et al.
        U.S.D.C. for the N.D. Ala., No. 7:04-cv-2833

   xi.  Long v. Ocwen Federal Bank, FSB, et al.

     U.S.D.C. for the N.D. Ala., No. 7:04-cv-2852

xii. Harris v. Ocwen Federal Bank, FSB, et al.
   U.S.D.C. for the M.D. Ala., No. 3:05-cv-254

xiii. Capers v. Ocwen Federal Bank, FSB, et al.
   U.S.D.C. for the S.D. Ala., No. 1:05-cv-0233

xiv. Williams v. Ocwen Federal Bank, FSB, et al.
   U.S.D.C. for the S.D. Ala., No. 2:05-cv-0234

*See* Orders (collected at Exhibit D).

  As in these other cases, a stay in this case would not prejudice the Plaintiff. Only limited discovery has taken place thus far and a stay would avoid the unnecessary expenditure of limited judicial resources, and the potential for duplicative efforts in this matter and the MDL Action.

**IV.** **A STAY WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407**

  Pursuant to 28 U.S.C. § 1407, the Judicial Panel for Multidistrict Litigation will transfer and consolidate multiple actions filed in several district courts in order to conduct coordinated pretrial proceedings, where three conditions are met:

  (1) the cases "involv[e] one or more common questions of fact;"

  (2) transfer will further "the convenience of the parties and witnesses;" and

  (3) transfer "will promote the just and efficient conduct of [the] actions."

28 U.S.C. § 1407.

  The purpose of such transfers is to "permit the centralization in one district of all pretrial proceedings in civil actions involving one or more common questions of fact pending in different districts" and "to eliminate potential conflicting rulings by coordinate district and appellate judges." *Weatherby v. Lincoln Electronic*, 2003 WL21088119, at *2 (E.D. La. May 9, 2003). In

the interest of justice and judicial economy, "duplicative litigation in the federal court system is to be avoided." *Remington Rand Corp.-Delaware v. Business Systems Inc.*, 830 F.2d 1274, 1276 (3d Cir. 1987) (citing *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1159 (5th Cir. 1992) (recognizing the need to abate one proceeding to avoid "unnecessary duplication of judicial machinery"). Factors to consider in determining whether to stay proceedings pending a ruling by the MDL Panel include judicial economy, prejudice to the non-moving party, and the hardship or inequity to the moving party without a stay. *Weathersby*, 2003 WL21088119, at *2. Here, these relevant considerations warrant a stay of proceedings pending a ruling from the Panel.

    A.    **Judicial Economy Favors A Stay.**

Judicial economy would be served by staying proceedings in this case because "centralization of cases arising out of the circumstances similar to the Plaintiff's cause of action is necessary to eliminate the duplicate discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *See Falgoust v. Microsoft Corp.*, 2000 WL 462919, at * 3 (E.D. La. April 19, 2000) (recognizing that "consistency and economy would be served" by staying case); *Zuccaro v. Ford Motor Co., Inc.*, No. 03 C 2152, 2003 U.S. Dist. LEXIS 20226 *1, *10 (N.D. Ill. Nov. 5, 2003); *see also Rivers*, 980 F. Supp. at 1360-61 ("any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the . . . cases in this Court."). A stay of further proceedings now, before this Court has had occasion to engage in efforts that are likely to be duplicated by the transferee court, would spare this Court time and effort, and would prevent the possibility of

inconsistent rulings on pretrial motions among the various actions that are the subject of the MDL Action.

Similarly, at this preliminary stage, this Court has not yet had to delve into aspects of a complicated case whose factual underpinnings require some knowledge of a broad range of practices common to the residential mortgage loan servicing industry. "A principal purpose of § 1407 is to allow one judge to take control of complex proceedings, the better to avoid unnecessary duplication in discovery." *In the Matter of: Orthopedic Bone Screw Products Liab. Litig.*, 79 F.2d 46, 48 (7th Cir. 1996). If the Court declines to grant a stay and these actions are transferred by the MDL Panel, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360. The transferee court would have to deal with these same details again in the context of the consolidated proceedings.

A stay would also eliminate duplicative motions and pretrial proceedings before the various courts in which these actions are proceeding. The complaint in this case asserts claims similar to those already transferred and consolidated. The cases seek certification of related and overlapping classes. In such a situation, there is a clear potential for conflicting rulings on similar issues raised here and in the MDL Action, as well as conflicting or duplicative discovery proceedings. "The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks." *Portnoy v. Zenith Lab.*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987).

Such duplication is to be avoided not just to ensure that complex actions are tried efficiently, but also to avoid the possibility that parties will be faced with inconsistent rulings from different courts addressing the same issues. *See, e.g., Johnson v. AMR Corp*, 1996 U.S.

9

Dist. LEXIS 4172, *1, *10-12 (N.D. Ill. April 1, 1996) ("But the benefits of transferring them to the MDL—the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources – are obvious"); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37, 43 (D.D.C. 1999); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District [of Mississippi] may be in conflict.  The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

 

      **B.**      **The Balance of the Harms Favors a Stay of Proceedings Pending the Transfer Decision of the MDL Panel.**

Plaintiff will suffer no prejudice if this Court stays proceedings until the MDL Panel has decided whether to transfer this action for further pretrial proceedings.  As discussed, Ocwen anticipates the Panel will rule on the Tag-Along Application within a few short weeks. *See, e.g., Falgoust*, 2000 WL 462919, at *3 (finding that Plaintiffs failed to show any significant prejudice beyond slight delay awaiting a decision from the MDL Panel).  Moreover, while the parties have engaged in limited discovery to date, there is no on-going discovery or no additional discovery is currently scheduled.  *See Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725, *1(D.N.J. Feb 1, 1991) (granting motion to stay where "[p]laintiffs have themselves admitted that it is not likely that much pretrial discovery will take place between the date of this order and the issuance of the Panel's order on defendants' motion for consolidation.").  By contrast, Ocwen would suffer a considerable hardship if forced to simultaneously litigate

duplicative issues in this Court and the MDL Action. *See, e.g., Falgoust*, 2000 WL 462919, at *3; *Aikins v. Microsoft Corp.*, 2000 WL 310391, No. Civ.A.00-0242, at *2. In sum, the benefits of a temporary stay pending the Panel's consideration of the Tag-Along Application outweigh any prejudice (there is none) caused to plaintiff as a result.

### C. The Weight of Authority Supports a Stay of Proceedings Pending Transfer.

Where a stay of proceedings would strongly promote the objectives of the MDL process and no particular prejudice would be caused by a stay, courts have repeatedly stayed all proceedings until the MDL Panel has had a chance to consider a transfer motion pursuant to 28 U.S.C. § 1407. *See, e.g.,* Orders; *see also Weatherby* 2003 WL21088119, at *2; *Falgoust*, 2000 WL 462919, at *2 (staying proceedings pending outcome of transfer to MDL after finding defendant "would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts" and plaintiff "failed to show any significant prejudice they would suffer, beyond the slight delay" ); *Aikins,* 2000 WL 310391, at *2 (holding the same); *Bd. of Trustees of the Teachers' Retirement System of the State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002) (same); *Tisha,* 1999 U.S. Dist. LEXIS 18023, at *5 (finding no prejudice to plaintiff and granting stay when MDL Panel was expected to rule on transfer and consolidation within one week); *Johnson,* 1996 U.S. Dist. LEXIS 4172, at *11 ("Since the MDL will soon be looking at the forest as well as the trees, the best course is to postpone ruling on the present motions (damages discovery in these cases is ongoing, and will not be delayed, and no liability discovery has been taken) . . ."); *Rivers*, 980 F. Supp. at 1362 (noting that it is "appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved"); *Arthur-Magna*, 1991 WL 13725, at *2; *Portnoy*, 1987 WL 10236, at *1 (finding the balance of harms

11

favored staying proceedings pending consolidation determination by the MDL Panel). That authority further demonstrates that a brief stay of proceedings pending transfer and consolidation with MDL 1604 is appropriate in this case.

## V. CONCLUSION

For all of the foregoing reasons, Ocwen respectfully requests that this court grant its motion to stay proceedings pending transfer.

Dated: May 31, 2005.

                                              Respectfully submitted,

                                              _s/ Benjamin M. Moncrief_
                                              Benjamin M. Moncrief (MON059)
                                              bmoncrief@bradleyarant.com
                                              One of the Attorneys for Defendant
                                              Ocwen Federal Bank, FSB

OF COUNSEL

John E. Goodman (GOO017)
**Bradley Arant Rose & White LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of May, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    R. Cooper Shattuck
    Jane L. Calamusa
    Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
    2117 Jack Warner Parkway
    Post Office Box 2727
    Tuscaloosa, Alabama 35403

    Rhon E. Jones
    Scarlette M. Tuley
    Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
    P. O. Box 4160
    Montgomery, AL 36103-4160

    John N. Bolus
    Maynard, Cooper & Gale, P.C.
    1901 Sixth Avenue North, Suite 2400
    Birmingham, Alabama 35203

                                         s/ Benjamin M. Moncrief
                                                OF COUNSEL