JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1604

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE OCWEN FEDERAL BANK FSB MORTGAGE SERVICING LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the eleven actions listed on the attached Schedule A to vacate the Panel's order conditionally transferring the actions to the Northern District of Illinois for inclusion in the Section 1407 proceedings occurring there in this docket. Responding defendants[1] oppose the motion and favor inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that any motions to remand these actions to state court can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Northern District of Illinois was a proper Section 1407 forum for actions involving allegations that Ocwen Federal Bank FSB and/or other defendants engaged in unfair loan servicing and/or debt collection practices i) in violation of various federal and/or state statutes, and/or ii) based upon various common law theories of liability. See In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, 314 F.Supp.2d 1376 (J.P.M.L. 2004).

---

[1] Ocwen Federal Bank FSB and Moss, Codilis, Starwiarski, Morris, Schneider & Prior, LLP.

EXHIBIT
C

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, those actions are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Charles R. Norgle, Sr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*[signature]*
Wm. Terrell Hodges
Chairman

## SCHEDULE A

**MDL-1604 -- In re Ocwen Federal Bank FSB Mortgage Servicing Litigation**

### Northern District of Alabama

*Stephanie Hunter, et al. v. Ocwen Federal Bank, FSB*, C.A. No. 2:04-2864
*Maggie Williams, et al. v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 4:04-2869
*Mary Crosby v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 5:04-2828
*Deborah Bush v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 7:04-2827
*Billy M. Dockery, et al. v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 7:04-2830
*Lizzie Hannah, et al. v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 7:04-2833
*Marion Long v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 7:04-2852

### Southern District of Alabama

*Thomas Wright, et al. v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 1:04-638
*Stevie Cooper, et al. v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 1:04-639

### Northern District of Mississippi

*Carolyn P. Calhoun v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 4:04-293
*Freddie Jones v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 4:04-294

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 8 2005

DOCKET NO. 1604

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE OCWEN FEDERAL BANK FSB MORTGAGE SERVICING LITIGATION

*Delilie Carruthers, et al. v. Ocwen Federal Bank, FSB, et al.,* M.D. Alabama, C.A. No. 2:04-901
*Willowdean Glover v. Ocwen Federal Bank, FSB, et al.,* M.D. Alabama, C.A. No. 2:04-961
*Marvin Ellison, et al. v. Ocwen Federal Bank, FSB, et al.,* N.D. Alabama, C.A. No. 2:04-2909
*Louise Morrow v. Ocwen Federal Bank, FSB, et al.,* N.D. Alabama, C.A. No. 7:04-2970
*Daisy J. Howard v. Ocwen Federal Bank, FSB, et al.,* S.D. Alabama, Bky. Advy. No. 1:04-1156

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in these actions to vacate the Panel's orders conditionally transferring the actions to the Northern District of Illinois for inclusion in the Section 1407 proceedings occurring there in this docket. Responding defendants[1] oppose the motions and favor inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that any motions to remand these actions to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Northern District of Illinois was a proper Section 1407 forum for actions involving allegations that Ocwen Federal Bank FSB and/or other defendants engaged in unfair loan servicing and/or debt collection practices i) in violation of various federal and/or state statutes, and/or ii) based upon various common law theories of liability. *See In re Ocwen Federal Bank FSB Mortgage Servicing Litigation,* 314 F.Supp.2d

---

[1] Ocwen Federal Bank FSB and Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP.

-2-

1376 (J.P.M.L. 2004).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Charles R. Norgle, Sr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 8 2005

DOCKET NO. 1604

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE OCWEN FEDERAL BANK FSB MORTGAGE SERVICING LITIGATION

*Delilie Carruthers, et al. v. Ocwen Federal Bank, FSB, et al.,* M.D. Alabama, C.A. No. 2:04-901
*Willowdean Glover v. Ocwen Federal Bank, FSB, et al.,* M.D. Alabama, C.A. No. 2:04-961
*Marvin Ellison, et al. v. Ocwen Federal Bank, FSB, et al.,* N.D. Alabama, C.A. No. 2:04-2909
*Louise Morrow v. Ocwen Federal Bank, FSB, et al.,* N.D. Alabama, C.A. No. 7:04-2970
*Daisy J. Howard v. Ocwen Federal Bank, FSB, et al.,* S.D. Alabama, Bky. Advy. No. 1:04-1156

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in these actions to vacate the Panel's orders conditionally transferring the actions to the Northern District of Illinois for inclusion in the Section 1407 proceedings occurring there in this docket. Responding defendants[1] oppose the motions and favor inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that any motions to remand these actions to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Northern District of Illinois was a proper Section 1407 forum for actions involving allegations that Ocwen Federal Bank FSB and/or other defendants engaged in unfair loan servicing and/or debt collection practices i) in violation of various federal and/or state statutes, and/or ii) based upon various common law theories of liability. *See In re Ocwen Federal Bank FSB Mortgage Servicing Litigation,* 314 F.Supp.2d

---

[1] Ocwen Federal Bank FSB and Moss, Codilis, Starwiarski, Morris, Schneider & Prior, LLP.

-2-

1376 (J.P.M.L. 2004).

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Charles R. Norgle, Sr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                        FOR THE PANEL:

                        Wm. Terrell Hodges
                        Chairman