David Sturgeon-Garcia (State Bar No. 157390)
Steven L. Bomnan (State Bar No. 174133)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    415.543.8700
Facsimile:    415.391.8269

Brian P. Brooks
O'MELVENY & MEYERS
1625 Eye Street, NW
Washington, D.C. 20006-4001

Telephone:    202.383.5127
Facsimile:    202.383.5414

Attorneys for Defendants
Ocwen Federal Bank, FSB and Ocwen Financial Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA SPIRES, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN FEDERAL BANK, FSB and OCWEN FINANCIAL SERVICES, INC.,<br><br>Defendants. | No. C 03-5600 PJH    E-Filing<br><br>[PROPOSED] ORDER GRANTING DEFENDANT OCWEN FEDERAL BANK, FSB AND OCWEN FINANCIAL SERVICES, INC.'S MOTION TO STAY PROCEEDINGS PENDING HEARING ON MOTION FOR MULTI-DISTRICT LITIGATION TRANSFER<br><br>Date:    April 7, 2004<br>Time:    9:30 a.m.<br>Place:   Courtroom 3<br>         United States Courthouse<br>         450 Golden Gate Ave.<br>         San Francisco, California<br><br>Honorable Phyllis J. Hamilton |

No. C 03-5600 PJH                                 -1-

[Proposed] Order Granting Defendant Ocwen Federal Bank, FSB and Ocwen Financial Service, Inc.'s Motion to Stay Proceedings Pending Hearing on Motion For Multi-District Litigation Transfer

REED SMITH LLP
A limited liability partnership formed in the State of Delaware



EXHIBIT
D



1    IT IS HEREBY ORDERED that Ocwen Federal Bank, FSB and Ocwen Financial

2    Services, Inc.'s Motion to Stay Proceedings Pending Hearing on Motion to Transfer to the Multi-

3    District Litigation panel is so GRANTED.

4

5    DATED: 3/18/04

6                                                    Judge Phyllis J. Hamilton

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C 03-5600 PJH                                    -2-

[Proposed] Order Granting Defendant Ocwen Federal Bank, FSB and Ocwen Financial Services, Inc.'s Motion to
Stay Proceedings Pending Hearing on Motion For Multi-District Litigation Transfer



FILED
CLERK, U.S. DISTRICT COURT

MAR 31 2004

CENTRAL DISTRICT OF CALIFORNIA

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

SCANNED

FILED
CLERK, U.S. DISTRICT COURT

MAR - 1 2004

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Willie W. Maddox and
Jenny W. Maddox, suing
individually and on
behalf of all others
similarly situated and
on behalf of the general
public,

    Plaintiffs,

    v.

OCWEN FEDERAL BANK, FSB
and DOES 1 through 50,
inclusive,

    Defendants.

CV 03-2516 RGWL (PJWx)

ORDER GRANTING MOTION
TO STAY PROCEEDINGS
PENDING HEARING ON
MOTION FOR MDL TRANSFER

    On March 29, 2004, this Court heard Defendant Ocwen
Federal Bank, FSB's Motion to Stay Proceedings Pending
Hearing on Motion for MDL Transfer.  The Court has
considered all papers and argument submitted.

1

22



1     This Court finds that proceeding with this case at the
2 current time would risk inefficient use of court resources.
3 Although Defendant would suffer little hardship if the case
4 proceeded, staying the case is in the interest of judicial
5 economy. This interest in judicial economy strongly
6 outweighs any potential prejudice to Plaintiff resulting
7 from the stay. The MDL panel should rule within the month
8 and Plaintiffs have no guarantee that they could proceed
9 with discovery here in that time. Therefore, this Court
10 GRANTS Defendant's motion to stay this case while the MDL
11 transfer motion is pending.
12 IT IS SO ORDERED.
13
                       RONALD S.W. LEW
14                     RONALD S.W. LEW
                 United States District Judge

DATED: 3-30-04

15
16
17
18 [Order/MaddoxStayOrder.wpd/z]
19
20
21
22
23
24
25
26

2



E-filing

1  BRIAN P. BROOKS (State Bar No. 172151)
   RANDALL W. EDWARDS (State Bar No. 179053)
2  TIMOTHY C. TRAVELSTEAD (State Bar No. 215260)
   O'MELVENY & MYERS LLP
3  Embarcadero Center West
   275 Battery Street, 26th Floor
4  San Francisco, CA 94111-3344
   Telephone: (415) 984-8700
5  Facsimile: (415) 984-8701

6  Attorneys for Defendant
   OCWEN FEDERAL BANK FSB

7

8           UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              San Francisco Division

11

12  LULA M. JACKSON and GARRY L.         Case No. C03-0743 MJJ
    YOUTSEY, suing individually and on
13  behalf of all others similarly situated and   Case No. C03-1302 MJJ
    on behalf of the general public,
14                                        STIPULATION AND [PROPOSED] ORDER
                          Plaintiffs,     TO STAY PROCEEDINGS PENDING MDL
15                                        PANEL REVIEW

16          v.

17  OCWEN FEDERAL BANK, FSB, and          Date:       N/A
    DOES 1 through 100, Inclusive,        Time:       N/A
18  Defendants.                           Courtroom:  Eleven (11)

19  ARETHATHA L. ROBINSON, suing          Hon. Martin J. Jenkins
    individually and on behalf of the general
20  public,

21                          Plaintiffs,

22          v.

23  MOSS, CODILIS, STAWIARSKI,
    MORRIS, SCHNEIDER & PRIOR LLP, a
24  Limited Liability Partnership; OCWEN
    FEDERAL BANK FSB; and CAL-
25  WESTERN RECONVEYANCE CORP., a
    California Corporation,
26
                          Defendants.

27

28

                                          STIPULATION FOR STAY OF PROCEEDINGS
                                          PENDING MDL PANEL REVIEW
                                          CASE NO. C03-0743 MJJ

FILED

FEB 17 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    The parties respectfully request a stay of all proceedings in these coordinated actions.

2  These actions, along with purported class actions pending in several other federal district courts,

3  are the subject of a motion by plaintiffs in one of the other actions (with the consent of plaintiffs'

4  counsel in these and other related actions) to transfer and consolidate the actions pursuant to 28

5  U.S.C § 1407(a) and the Rules of the Judicial Panel on Multidistrict Litigation (the "MDL

6  Panel"). The parties agree that a stay in *Jackson* and *Robinson* would not prejudice plaintiffs'

7  claims because discovery and motion practice in this litigation are still at an early stage before

8  this Court, and the MDL Panel briefing is already ongoing.  Plaintiffs in *Jackson* and *Robinson*

9  are already on record as not opposing the MDL motion.  Defendants' responses to the MDL

10  motion are due on February 11, 2004.

11                **BACKGROUND**

12    Other actions similar to *Jackson* and *Robinson* have been brought in various judicial

13  districts on behalf of others similarly situated consisting of residential mortgage borrowers

14  against Ocwen Federal Bank FSB or Ocwen Financial Services, Inc.[1]  These actions contain

15  similar material allegations regarding Ocwen's servicing of residential mortgage loans, including

16  alleged violations of state consumer protection laws, the common law, the federal Real Estate

17  Settlement Procedures Act, and/or the federal Fair Debt Collection Practices Act.

18    As the Court is aware, the *Jackson* and *Robinson* cases have been coordinated for pretrial

19  discovery purposes.  As envisioned at the initial case management conference, class certification

20  briefing was scheduled to begin at the end of February 2004.  Discovery is still in an early stage,

21  in part due to an apparently inadvertent order entered in December 2003 dismissing both *Jackson*

22  and *Robinson*.  On January 5, 2004, the Court issued an order vacating the inadvertent dismissal

23

24  [1] The other cases included in the Motion to the MDL Panel are *Maddox v. Ocwen Federal Bank,*
25  *FSB,* Case No. CV03-9516 in the Central District of California, filed December 29, 2003;
      *Sphyer v. Ocwen Financial Services, Inc.,* Case No. C-03-5600 in the Northern District of
26  California, filed on December 12, 2003; *Antoine v. Ocwen Financial Services, Inc.,* Case No.
      03-5503 in the Northern District of California, filed on December 8, 2003; *Hussein v. Ocwen*
27  *Federal Bank et al.,*  Case No. 3:02 CV950 in the District of Connecticut, filed on July 15,
      2002.

28

STIPULATION FOR STAY OF PROCEEDINGS
PENDING MDL PANEL REVIEW
CASE NO. C03-0745 MJJ

1    of the *Robinson* case, and on January 22, 2004, the Court issued a similar order in the *Jackson*

2    case. Because of delays associated with the dismissals, discovery has progressed more slowly

3    than initially anticipated at the initial case management conference.

4        On January 27, 2004, a few days after the reinstatement of *Jackson*, plaintiffs in *Maddox*

5    *v. Ocwen Federal Bank, FSB* moved the MDL Panel for an order transferring *Maddox*, *Jackson*,

6    *Robinson*, and three other actions to a single district court for consolidated pretrial proceedings.

7    A copy of that MDL motion is attached as Tab 1. The *Maddox* plaintiffs contend that the six

8    actions fit the statutory prerequisites for transfer and consolidation under 28 U.S.C. § 1407(a): (1)

9    they involve litigation pending in different districts; (2) they "involve[] one or more common

10   questions of fact," given the substantial similarity between the complaints; and (3) transfer will

11   further "the convenience of the parties and witnesses" and "will promote the just and efficient

12   conduct of [the] actions" by ensuring centralized oversight of pretrial fact development in what

13   are likely to be highly complex and document-intensive actions, and so minimizing waste and

14   inefficiency in the conduct of discovery. 28 U.S.C. § 1407(a). While the *Maddox* plaintiffs have

15   recommended to the MDL Panel that it name the Northern District of California as the transferee

16   court, the pendency of actions in both the District of Connecticut and the Central District of

17   California (as well as a number of actions in other jurisdictions that may ultimately be included as

18   part of the MDL proceeding) creates the possibility that *Jackson*, *Robinson*, and the other actions

19   presently before the MDL Panel may be transferred outside of the Northern District of California.

20        Plaintiffs in another of the cases, *Antoine v. Ocwen Financial Services, Inc.*, have filed a

21   brief in support of the MDL motion. (A copy of that brief is attached at Tab 2.) As stated in the

22   *Maddox* brief, plaintiffs in both *Jackson* and *Robinson* have indicated that they do not oppose the

23   MDL motion either. The defendants' deadline to respond to the MDL motion is February 11,

24   2004. The MDL Panel can reasonably be expected to rule on the MDL motion at the next sitting

25   of the Panel.

26        The short delay that would result from a stay of further proceedings will not unduly delay

27   this matter and would lead to the efficient resolution of these actions. Discovery is still

28   preliminary in *Jackson* and *Robinson*, and no motions for class certification, summary judgment

1  or other substantive motions are currently pending.  The result of a stay would be to postpone the

2  class certification briefing contemplated to commence in the next month, as well as to postpone

3  the conclusion of discovery related to class certification issues, to permit an orderly discovery

4  process among all related actions and to prevent the possibility of inconsistent rulings on pretrial

5  summary judgment, class certification, and other motions.  Under the circumstances, the parties

6  agree that a stay is appropriate to permit the MDL Panel to act on the *Maddox* plaintiffs' request

7  for transfer and consolidation.

8                                    ARGUMENT

9  A STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407.

10  　　　Pursuant to 28 U.S.C. § 1407, the Judicial Panel for Multidistrict Litigation will transfer

11  and consolidate multiple actions filed in several district courts in order to conduct coordinated

12  pretrial proceedings, where three conditions are met:

13  　　　　　(1) the cases "involv[e] one or more common questions of fact;"

14  　　　　　(2) transfer will further "the convenience of the parties and witnesses;" and

15  　　　　　(3) transfer "will promote the just and efficient conduct of [the] actions."

16  28 U.S.C. § 1407.  "The purpose of such transfers is to further judicial economy and to eliminate

17  the potential for conflicting pretrial rulings."  *Good v. Prudential Ins. Co. of America*, 5 F.

18  Supp.2d 804, 809 (N.D. Cal. 1998); *see also, e.g., In re New York City Mun. Sec. Litig.*, 572 F.2d

19  49, 51-52 (2d Cir. 1978); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7

20  (S.D.N.Y. 1997).

21  　　　To help achieve these goals, "[c]ourts frequently grant stays pending a decision by the

22  MDL Panel whether to transfer a case."  *Good*, 5 F. Supp. 2d at 809; *see also Rivers v. Walt*

23  *Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have concluded that

24  it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and

25  consolidate is pending with the MDL Panel because of the judicial resources that are conserved").

26  The decision whether to stay proceedings is within the discretion of the district court.  *See*

27  *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1 (E.D. Pa., May 7,

28  1992).

STIPULATION FOR STAY OF PROCEEDINGS
PENDING MDL PANEL REVIEW
CASE NO. C03-0743 MJJ

1    A stay in this case, pending the MDL Panel's decision whether to consolidate and transfer

2    all the similar actions against Gowen, would further judicial economy and eliminate the potential

3    for conflicting pretrial rulings. Accordingly, this Court should enter an order staying proceedings

4    pending the decision of the MDL Panel.

5

6    A.    Judicial Economy Favors A Stay.

7    Judicial economy would be served by a stay of proceedings in *Jackson* and *Robinson*

8    because "any efforts on behalf of this Court concerning case management will most likely have to

9    be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel

10   does not consolidate the . . . cases in this Court." *Rivers*, 980 F. Supp. at 1360-61. Plaintiffs in

11   *Jackson* and *Robinson* have indicated that they do not oppose consolidation of the cases as part of

12   the MDL. A stay of further proceedings now, before this Court has had occasion to engage in

13   efforts that are likely to be duplicated by the transferee court, would spare this Court time and

14   effort that could be devoted to other cases, and would prevent the possibility of inconsistent

15   rulings on pretrial motions among the various actions that are the subject of the *Maddox*

16   plaintiffs' motion for transfer and consolidation.

17   Similarly, at this preliminary stage, this Court has not yet had to learn every aspect of a

18   complicated case whose factual underpinnings require some knowledge of a broad range of

19   practices common to the residential mortgage loan servicing industry. If the Court declines to

20   grant a stay and these actions are transferred by the MDL Panel, "this Court will have needlessly

21   expended its energies familiarizing itself with the intricacies of a case that would be heard by

22   another judge." *Id.* at 1360. The transferee court would have to deal with these same details

23   again in the context of the consolidated proceedings.

24   A stay would also help eliminate duplicative motions and pretrial proceedings before the

25   various courts in which these actions are proceeding. The complaints in the cases proposed for

26   transfer and consolidation are similar and challenge related policies and practices. The cases seek

27   certification of overlapping classes. There is a clear potential here for conflicting rulings on

28   similar issues raised in each of the district courts, as well as conflicting or duplicative discovery

5

STIPULATION FOR STAY OF PROCEEDINGS
PENDING MDL PANEL REVIEW
CASE NO. C03-0743 MJJ

1  proceedings. "The law favors coordination of related cases in order to eliminate the risk that
2  parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks."
3  *Portnoy v. Zenith Laboratories*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987). Such
4  duplication is to be avoided not just to ensure that complex actions are tried efficiently, but also to
5  avoid the possibility that parties will be faced with inconsistent rulings from different courts
6  addressing the same issues. *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*,
7  48 F.Supp.2d 37, 43 (D.D.C. 1999); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992
8  WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or
9  defend similar motions twice and the decisions of this Court and the Northern District [of
10  Mississippi] may be in conflict. The duplicative motion practice and discovery proceedings
11  demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the
12  stay.").

13  **B.    The Parties Will Not Be Prejudiced By A Stay.**
14      A stay in this case would also further the purposes of 28 U.S.C. § 1407 by preserving
15  judicial economy and avoiding the possibility of duplicative and/or inconsistent rulings and
16  pretrial proceedings in this Court. Because this action has not yet progressed past its discovery
17  stage, plaintiffs will suffer no prejudice if this Court stays proceedings until the MDL Panel has
18  had an opportunity to decide whether and where to transfer this action for further pretrial
19  proceedings. *See, e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725, at *1 (D.N.J.
20  Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by stay pending
21  decision of MDL Panel, where plaintiffs admitted unlikelihood that much pretrial discovery
22  would occur between date of stay order and issuance of MDL Panel's order). In recognition of
23  this fact, plaintiffs have stipulated to this stay

24  **C.    Courts Have Routinely Granted Similar Requests.**
25      Where a stay of proceedings would, as here, promote the objectives of the MDL process
26  and no particular prejudice would be caused by a stay, courts have repeatedly stayed all
27  proceedings until the MDL Panel has had a chance to consider a transfer motion pursuant to 28
28  U.S.C. § 1407. *See, e.g., Aetna U.S. Healthcare*, 48 F.Supp.2d at 43; *Good*, 5 F.Supp.2d at 809;

1   *Rivers*, 980 F. Supp. at 1361-62; *American Seafood*, 1992 WL 102762, at *2; *Arthur-Magna*,

2   1991 WL 13725, at *2; *Portnoy*, 1987 WL 10236, at *1; *Egon v. Del-Val Fin. Corp.*, 1991 WL

3   13726, at *1-2 (D.N.J. Feb. 1, 1991).

4

5   **C.**   <u>Alternatively, The Court Should Stay Proceedings And Extend Certification Discovery for 60 Days.</u>

6

7      If for some reason the Court were to disagree with the parties that a stay is justified to

8   permit the MDL Panel to create a proceeding including multiple actions involving similar claims

9   and overlapping purported classes, the parties request in the alternative that the Court extend the

10   current deadline for class certification-related discovery by 60 days. Because of the inadvertent

11   dismissal of the *Jackson* and *Robinson* cases, certification related discovery was delayed from the

12   initial schedule. Before the dismissal occurred, the Court and parties anticipated that discovery

13   on certification related issues would be completed by February 7, 2004, and class certification

14   briefing would begin on February 27, 2004. The confusion surrounding the dismissal orders

15   caused some delay in the discovery process. Accordingly, if the Court for some reason declines

16   to stay further proceedings pending the MDL Panel's transfer decision, the parties agree that it

17   would be appropriate to extend the discovery deadline, and the associated class certification

18   briefing schedule, by 60 days.

                              **CONCLUSION**

19

20      For the foregoing reasons, the parties respectfully request that the stipulated motion to

21   stay proceedings be granted. A proposed order to that effect is attached.

22

23

24

25

26

27

28

                           7

1

2   Dated: February 12, 2004          THOMAS A. JENKINS
                                       DANIEL J. MULLIGAN
3                                      JENKINS & MULLIGAN

4                                      By:   /s/ Daniel J. Mulligan
                                             Daniel J. Mulligan
5                                      Attorneys for Plaintiff
                                       LULU M. JACKSON and GARRY L.
6                                      YOUTSEY

7   Dated: February 12, 2004          THOMAS A. JENKINS
                                       DANIEL J. MULLIGAN
8                                      JENKINS & MULLIGAN

9                                      By:   /s/ Daniel J. Mulligan
10                                           Daniel J. Mulligan
                                       Attorneys for Plaintiff
11                                     ARLEATHA L. ROBINSON

12

13  Dated: February 12, 2004          BRIAN P. BROOKS
                                       RANDALL W. EDWARDS
14                                     TIMOTHY C. TRAVELSTEAD
                                       O'MELVENY & MYERS LLP
15

16                                     By:   /s/ Timothy C. Travelstead
                                             Timothy C. Travelstead
17                                     Attorneys for Defendant
                                       OCWEN FEDERAL BANK FSB
18

19  Dated: February 12, 2004          RICHARD G. CARLSTON
                                       MILLER STARR & REGALIA
20

21                                     By:   /s/ Richard G. Carlston
                                             Richard G. Carlston
22                                     Attorneys for Defendant
                                       Most, Codilis, Stawiarski, Morris, Schneider &
23                                     Prior LLP

24  Dated: February 9, 2004           JOHN D. DUNCAN
                                       PETER I. SALMON
25                                     MOSS FITE & DUNCAN

26                                     By:   /s/ Peter J. Salmon
                                             Peter J. Salmon
27                                     Attorneys for Defendant
                                       Cal-Western Reconveyance Corp
28

                                             8      STIPULATION FOR STAY OF PROCEEDINGS
                                                     PENDING MDL PANEL REVIEW
                                                     CASE NO. C03-0743 MJJ

1

## ORDER

2     Having considered the foregoing stipulation and good cause appearing therefor, the Court

3 orders as follows: the STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS

4 PENDING MDL PANEL REVIEW is GRANTED.

5

6     IT IS SO ORDERED.

7

8 Dated: 8/17/2004

    Martin J. Jenkins
    United States District Judge

9

10 SF1:333379.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9



e-Filing

BRIAN P. BROOKS (State Bar No. 172151)
RANDALL W. EDWARDS (State Bar No. 179053)
TIMOTHY C. TRAVELSTEAD (State Bar No. 215260)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street, 26th Floor
San Francisco, CA 94111-3344
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

STEVEN J. BORANIAN (State Bar No. 174183)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:   (415) 543-8700
Facsimile:   (415) 391-8269

Attorneys for Defendant
OCWEN FEDERAL BANK FSB

FILED

AUG 20 2004

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| INNATIBEN GANDABHAI, and DINESCHAN TANDEL, | Case No. 04-CV-2582 VRW |
| Plaintiffs, | STIPULATION AND [PROPOSED] ORDER FOR STAY OF PROCEEDINGS PENDING MDL PANEL REVIEW |
| v. | |
| OCWEN FEDERAL BANK FSB, and DOES 1 through 50, inclusive, | |
| Defendants. | |

STIP. & [PROPOSED] ORDER FOR STAY PENDING MDL PANEL REVIEW      04-CV-2582 VRW

1    The parties respectfully request a stay of all proceedings in this case pending

2    review by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") of the possible

3    transfer of this matter to an existing MDL proceeding in the Northern District of Illinois.

4    On July 28, 2004, defendant Ocwen Federal Bank FSB ("Ocwen") served a Notice of

5    Tag-Along Action (the "Tag-Along Notice") on the MDL Panel regarding this case.  The

6    basis for Ocwen's Tag-Along Notice was that the case is related to the actions proposed

7    for transfer and coordination or consolidation in *In re Ocwen Federal Bank FSB*

8    *Mortgage Servicing Litigation*, MDL No. 1604 ("the MDL").  A copy of that Tag-Along

9    Notice is attached at Tab 1.  To avoid the unnecessary waste of judicial resources, the

10   parties have stipulated to a stay of all proceedings in this case pending the MDL Panel's

11   ruling on whether to transfer the action to coordinated proceedings.

12                                    BACKGROUND

13       On March 22, 2004, plaintiffs Unnatiben Gandabhai and Dineschan Tandel filed a

14   complaint against defendants in the Superior Court of the State of California, County of

15   San Mateo, alleging defendants' mortgage servicing practices violate the federal Real

16   Estate Settlement Procedures Act ("RESPA"), the federal Truth-In-Lending Act, the federal

17   Equal Credit Opportunity Act, constitute breach of contract, breach of the implied covenant

18   of good faith and fair dealing, deceit, negligent misrepresentation and wrongful foreclosure,

19   and are otherwise allegedly unfair, unlawful, and deceptive.  On June 28, 2004, Ocwen

20   answered the complaint and also Ocwen removed the case to this Court based on federal

21   question and diversity jurisdiction.

22       On April 13, 2004, the MDL Panel created the MDL denominated *In re Ocwen*

23   *Federal Bank FSB Mortgage Servicing Litigation*, MDL No. 1604.  Like this case, each of

24   the cases included in the MDL contain similar material allegations that Ocwen servicing

25   practices for residential mortgage loans violate federal and state laws, including RESPA,

26   the federal Fair Debt Collection Practices Act, state consumer protection laws, and/or the

27   common law.

28       On July 28, 2004 Ocwen has served on the MDL Panel the Tag-Along Notice

                                          2

STIP. & [PROPOSED] ORDER FOR STAY PENDING MDL PANEL REVIEW       04-CV-2382 VRW

1   related to this matter, notifying the MDL Panel that the Gandabhai case should be

2   transferred to the MDL for several reasons. First, the Tag-Along Notice stated that the

3   plaintiffs' core substantive allegations in this case are the same as the practices alleged in

4   most of the actions previously transferred to the MDL. Second, the Tag-Along Notice

5   stated that the individual plaintiffs in this action are encompassed within the putative

6   classes proposed for certification in other actions previously transferred to the MDL.

7   Finally, the Tag-Along Notice notified the MDL Panel that several of the legal theories

8   asserted in this action are also asserted in other actions previously transferred by the MDL

9   Panel. The Tag-Along Notice thus explains why Ocwen believes that the legal and factual

10  allegations in this case are sufficiently similar to those asserted in the actions previously

11  transferred to the MDL, that transfer to the MDL is also warranted here. The MDL

12  Panel's response to the Tag-Along Notice is expected in the near future.

13      Plaintiffs have not taken a position with respect to the transfer of this case to the

14  MDL. But plaintiffs agree that until the MDL Panel decides whether to transfer this case

15  to the MDL, it would be inefficient to pursue the litigation in this forum.

16      This case remains at a very early stage. Other than the answer and removal, no

17  other activity has occurred in the case. The Court has not yet held an initial case

18  management conference. No discovery has occurred, and the parties have not yet held

19  their Rule 26(f) conference.

20                          DISCUSSION

21      A. STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407.

22      Pursuant to 28 U.S.C. § 1407, the MDL Panel will transfer and consolidate

23  multiple actions filed in several district courts in order to conduct coordinated pretrial

24  proceedings, where three conditions are met:

25      (1) the cases "involv[e] one or more common questions of fact;"

26      (2) transfer will further "the convenience of the parties and witnesses;" and

27      (3) transfer "will promote the just and efficient conduct of [the] actions."

28  28 U.S.C. § 1407. "The purpose of such transfers is to further judicial economy and to

                          3

1   eliminate the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of*

2   *America*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998); *see also, e.g., In re New York City Mun.*

3   *Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *In re Air Crash Disaster off Long Island,*

4   *N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997).

5      To help achieve these goals, "[c]ourts frequently grant stays pending a decision by

6   the MDL Panel whether to transfer a case." *Good*, 5 F. Supp. 2d at 809; *see also Rivers v.*

7   *Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have

8   concluded that it is often appropriate to stay preliminary pretrial proceedings while a

9   motion to transfer and consolidate is pending with the MDL Panel because of the judicial

10   resources that are conserved"). The decision whether to stay proceedings is within the

11   discretion of the district court. *See American Seafood, Inc. v. Magnolia Processing, Inc.*,

12   1992 WL 102762, at *1 (E.D. Pa. May 7, 1992).

13      A stay in this case, pending the MDL Panel's decision whether to transfer the case

14   as a tag-along action, would further judicial economy and eliminate the potential for

15   conflicting pretrial rulings. Accordingly, this Court should enter an order staying

16   proceedings pending the decision of the MDL Panel.

17   **A.   Judicial Economy Favors A Stay.**

18      Judicial economy would be served by a stay of proceedings because "any efforts on

19   behalf of this Court concerning case management will most likely have to be replicated by

20   the judge that is assigned to handle the consolidated litigation." *Rivers*, 980 F. Supp. at

21   1360-61. A stay of further proceedings now, before this Court has had occasion to engage

22   in efforts that are likely to be duplicated by the transferee court, would spare this Court

23   time and effort that could be devoted to other cases, and would prevent the possibility of

24   inconsistent rulings on pretrial motions between this case and the matters that are already

25   part of the MDL proceeding involving Ocwen.

26      Similarly, at this preliminary stage, this Court has not yet had to learn every aspect

27   of a complicated case whose factual underpinnings require some knowledge of a broad

28   range of practices common to the residential mortgage loan servicing industry. If the

1   Court declines to grant a stay and this action is transferred by the MDL Panel, "this Court
2   will have needlessly expended its energies familiarizing itself with the intricacies of a case
3   that would be heard by another judge." *Id.* at 1360. The transferee court would have to
4   deal with these same details again in the context of the consolidated proceedings.
5       A stay would also help eliminate duplicative motions and pretrial proceedings.
6   The complaint in this cases and those that have been transferred and consolidated in the
7   MDL are similar and challenge closely related policies and practices. There is a clear
8   potential here for conflicting rulings on similar issues, as well as conflicting or duplicative
9   discovery proceedings. "The law favors coordination of related cases in order to eliminate
10  the risk that parties will have to put forth duplicative cases or defenses or engage in
11  duplicative pretrial tasks." *Portnoy v. Zenith Laboratories,* 1987 WL 10236, at *1
12  (D.D.C. April 21, 1987). Such duplication is to be avoided not just to ensure that complex
13  actions are tried efficiently, but also to avoid the possibility that parties will be faced with
14  inconsistent rulings from different courts addressing the same issues. *See, e.g., Aetna U.S.*
15  *Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F.Supp.2d 37, 43 (D.D.C. 1999);
16  *American Seafood, Inc. v. Magnolia Processing, Inc.,* 1992 WL 102762, at *2 (E.D. Pa.
17  May 7, 1992) ("[T]he defendants may be forced to prosecute or defend similar motions
18  twice and the decisions of this Court and the Northern District [of Mississippi] may be in
19  conflict. The duplicative motion practice and discovery proceedings demonstrates that
20  judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").
21  **B.    The Parties Will Not Be Prejudiced By A Stay.**
22      A stay in this case would also further the purposes of 28 U.S.C. § 1407 by
23  preserving judicial economy and avoiding the possibility of duplicative and/or
24  inconsistent rulings and pretrial proceedings in this Court. Because this action has not yet
25  progressed past the initial pleadings, plaintiffs will suffer no prejudice if this Court stays
26  proceedings until the MDL Panel has had an opportunity to decide whether to transfer this
27  tag-along action. *See, e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.,* 1991 WL 13725, at
28  *1 (D.N.J. Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by

5

1  stay pending decision of MDL Panel, where plaintiffs admitted unlikelihood that much
2  pretrial discovery would occur between date of stay order and issuance of MDL Panel's
3  order). In recognition of this fact, plaintiffs have stipulated to this stay.
4  **C.  Courts Have Routinely Granted Similar Requests.**
5       Where a stay of proceedings would, as in this case, promote the objectives of the
6  MDL process and no particular prejudice would be caused by a stay, courts have
7  repeatedly stayed all proceedings until the MDL Panel has had a chance to consider a
8  transfer motion pursuant to 28 U.S.C. § 1407. *See, e.g., Aetna U.S. Healthcare,* 48
9  F.Supp.2d at 43; *Good,* 5 F.Supp.2d at 809; *Rivera,* 980 F. Supp. at 1361-62; *American
10 Seafood,* 1992 WL 102762, at *2; *Arthur-Magna,* 1991 WL 13725, at *2; *Portnoy,* 1987
11 WL 10236, at *1; *Egan's, Del-Val Fin. Corp.,* 1991 WL 13726, at *1-2 (D.N.J. Feb. 1,
12 1991).
13      Many judges who oversaw the cases already transferred to the MDL agreed and
14 issued stays pending the MDL Panel's ruling on the original motion for transfer and
15 consolidation. For example, in *Maddox,* then pending in the Central District of California,
16 Judge Lew ordered a stay of all proceedings. In the *Jackson* and *Robinson* cases, both in
17 the Northern District of California, Judge Jenkins granted a stipulated stay of all
18 proceedings. In *Spires* and *McDonald,* also in the Northern District of California, Judge
19 Hamilton ordered a stay. Further, in *Hearn,* in the Eastern District of California, Judge
20 Levi ordered a stay. Finally, in *Soto,* Judge Norgle of the Northern District of Illinois
21 stayed discovery pending the MDL Panel's ruling. The stays granted by these courts are
22 attached at Tab 2.
23
24
25
26
27
28



## CONCLUSION

For the foregoing reasons, the parties respectfully request that the stipulated motion to stay proceedings be granted. A proposed order is attached.

Dated: August 18, 2004          BRIAN P. BROOKS
                                RANDALL W. EDWARDS
                                TIMOTHY C. TRAVELSTEAD
                                O'MELVENY & MYERS LLP

                                By:    s/Randall W. Edwards
                                       Randall W. Edwards
                                Attorneys for Defendant
                                OCWEN FEDERAL BANK FSB

Dated: August 13, 2004          STEVEN A. ROYSTEN
                                LAW OFFICES OF STEVEN A.
                                ROYSTEN

                                By:    s/Steven A. Roysten
                                       Steven A. Roysten
                                Attorneys for Plaintiffs
                                UNNATIBEN GANDABHAI and
                                DINESCHAN TANDEL



**ORDER**

1    Having considered the foregoing stipulation and good cause appearing therefor, the

2    Court orders as follows: the STIPULATION AND [PROPOSED] ORDER TO STAY

3    PROCEEDINGS PENDING MDL PANEL REVIEW is GRANTED.

4

5    **IT IS SO ORDERED.**

6

7

8  Dated: _____

                                Vaughn R. Walker

                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP. & [PROPOSED] ORDER FOR STAY PENDING MDL PANEL REVIEW    04-CV-3582 VRW

**FILED**

APR 2 1 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ANTOINE et al, | No. C 03-05503 MHP |
| Plaintiff(s), | ORDER |
| v. | |
| OCWEN FINANCIAL SERVICES INC et al, | |
| Defendant(s). | |

This matter having been stayed pending other proceedings, and there being no further reason at this time to maintain the file as an open one for statistical purposes, the Clerk is instructed to submit a JS-5 Form to the Administrative Office.

Nothing contained in this minute entry shall be considered a dismissal or disposition of this action and, should further proceedings in this litigation become necessary or desirable, any party may initiate it in the same manner as if this entry had not been entered.

Dated: *April 20, 2004*

MARILYN HALL PATEL
Chief Judge, United States District Court

*United States District Court*
*For the Northern District of California*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLOWDEAN GLOVER,                    )
     Plaintiff,                     )
                                   )
v.                                    )    CASE NO. 2:04-cv-961-F
                                   )
OCWEN FEDERAL BANK, FSB,              )
     Defendants.                    )

## ORDER

This cause is before the Court on defendant Ocwen Federal Bank, FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation (Doc. #9), filed October 21, 2004. Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP joined in this Motion to Stay on October 28, 2004 (Doc. #15). The Court has considered the arguments in support of and in opposition to the Motion to Stay, and it is hereby

ORDERED that the Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation (Doc. #9) is GRANTED and this case is STAYED pending a final decision from the Panel on Multi-District Litigation on transfer of this case to the multi-district litigation proceeding.

DONE this 12th day of November, 2004.


                             /s/ Mark E. Fuller
                       CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DELILIE CARRUTHERS and ALONZA )
CARRUTHERS, )
 )
    Plaintiffs, )
 )
v. )       CASE NO. 2:04-cv-901-F
 )
OCWEN FEDERAL BANK, FSB, *et al.*, )
 )
    Defendants. )

## ORDER

This cause is before the Court on the Motion to Stay Proceedings (Doc. #22), filed on November 17, 2004, by defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP. The defendant asks that this case be stayed pending a decision by the Judicial Panel on Multidistrict Litigation. Upon consideration of the motion, it is hereby ORDERED that the Motion to Stay Proceedings (Doc. #22) is GRANTED and this case is STAYED pending a final decision from the Panel on Multi-District Litigation on transfer of this case to the multi-district litigation proceeding.

DONE this 22nd day of November, 2004.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

DAISY J. HOWARD,                                    CASE NO. 03-10036-WSS

      Debtor.                                       Chapter 13

DAISY J. HOWARD,

      Plaintiff,

v.                                                  ADV. PROC. NO. 04-01156

OCWEN FEDERAL BANK, FSB;
MOSS, CODILIS, STAWIARSKI, MORRIS,
SCHNEIDER, & PRIOR, LLP;
FIRST SOUTHERN MORTGAGE
COMPANY, et al.,

      Defendants.

## <u>ORDER GRANTING MOTION TO STAY PROCEEDING</u>

Cooper Shattuck and Matthew Tompkins, Counsel for the Debtor
Brian P. Brooks and Christopher L. Hawkins, Counsel for OCWEN Federal Bank FSB
John N. Bolus, Counsel for Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP
John V. Lee, Counsel for First Southern Mortgage Company

      This matter came on for hearing on the motion of Moss, Codilis, Stawiarski, Morris,

Schneider & Prior, LLP ("Moss Codilis") to stay this proceeding pending a decision form the

Judicial Panel on Multidistrict Litigation ("the Judicial Panel") located in the Northern District of

Illinois.  On November 12, 2004, Moss Codilis notified the Judicial Panel of this case, and asked

that it be transferred and consolidated with the pending actions.  In its order dated December 27,

2004, the Judicial Panel held that this action should be conditionally transferred to its district.

1

The Judicial Panel gave the Debtor fifteen days to file notice of opposition to the transfer, which the Debtor filed prior to January 11, 2005. Having heard the arguments in support of and in opposition to the motion to stay, and in light of the Judicial Panel's conditional transfer, the Court finds that the motion to stay proceedings should be granted, and this case should be stayed pending the Judicial Panel's a final decision on transfer of this case to the Multidistrict Litigation proceeding. It is hereby

**ORDERED** that   on the motion of Moss Codilis to stay this proceeding is **GRANTED**, and this case is **STAYED** pending the Judicial Panel's final decision on transfer of this case to the Multidistrict Litigation proceeding. The parties are instructed to notify this Court of any decision regarding the finality of the transfer so that the Court may reconsider whether to remove the stay in this case.

Dated:   January 21, 2005

_William S. Shulman_
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

2

FILED
2004 Dec-13 AM 08:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

LIZZIE HANNAH, et al.,

    Plaintiffs,

v.

OCWEN FEDERAL BANK, FSB, et
al.,

    Defendants.

Case No.: CV 04-P-2833-W

## ORDER

Pending before the court are Defendant Ocwen Federal Bank FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation (Doc. #14) filed October 26, 2004, and Plaintiffs' Motion to Remand (Doc. #16) filed on October 27, 2004. Defendant Codilis joined in Defendant Ocwen Federal Bank FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation on October 28, 2004, (Doc. #17). The court held a status conference on November 18, 2004, and requested additional briefing from the parties. The court has reviewed the materials filed by the parties and is persuaded that staying the litigation is the appropriate course of action at this time. Accordingly, Defendant Ocwen Federal Bank FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation is GRANTED, and the case is STAYED pending further action by the MDL panel or further order by the court. The parties are to submit a joint report to the court regarding any ruling made by the Judicial Panel on Multidistrict Litigation.

DONE and ORDERED this ___15th___ day of December, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

FILED
2004 Dec-15 AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

MARION LONG,

    Plaintiff,

v.                                                              Case No.: CV 04-P-2852-W

OCWEN FEDERAL BANK, FSB, et
al.,

    Defendants.

### ORDER

Pending before the court are Defendant Ocwen Federal Bank FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation (Doc. #11) filed October 26, 2004, and Plaintiff's Motion to Remand (Doc. #14) filed on October 28, 2004. Defendant Stawiar joined in Defendant Ocwen Federal Bank FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation on October 28, 2004. (Doc. #13). The court held a status conference on November 18, 2004, and requested additional briefing from the parties. The court has reviewed the materials filed by the parties and is persuaded that staying the litigation is the appropriate course of action at this time. Accordingly, Defendant Ocwen Federal Bank FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation is GRANTED, and the case is STAYED pending further action by the MDL panel or further order by the court. The parties are to submit a joint report to the court regarding any ruling made by the Judicial Panel on Multidistrict Litigation.

DONE and ORDERED this _____15th_____ day of December, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HARRIS and SUSIE HARRIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-cv-254-F |
| | ) | |
| OCWEN FEDERAL BANK, FSB, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This cause is before the Court on Defendant Ocwen Federal Bank FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation (Doc. #6), filed April 4, 2005. On April 15, 2005, plaintiffs Robert and Susie Harris filed a Response in Opposition to the Motion to Stay (Doc. #10). Upon consideration of the Motion to Stay and the Response in Opposition, it is hereby

ORDERED that the Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation (Doc. #6) is GRANTED and this case is STAYED pending a decision from the panel on multidistrict litigation.

DONE this 19th day of April, 2005.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROY CAPERS,                        )
                                   )
    Plaintiff,                    )
                                   )
v.                                 )    CIVIL ACTION NO.
                                   )    05-0233-BH-L
OCWEN FEDERAL BANK, FSB, et al.,   )
                                   )
    Defendants.                   )

### ORDER

This action is now before the Court on plaintiff motion (Doc. 2) to remand this action to the Circuit Court of Choctaw County from whence it was removed for the second time on April 18, 2005, by Ocwen Federal Bank, FSB ("Ocwen"), the defendant herein. Plaintiff contends that "Ocwen's attempt to secure a second bite at the apple is prohibited by 28 U.S.C. § 1447(d) . . . [because] . . Ocwen's current argument in support of its allegation that the amount in controversy is met for diversity jurisdiction is exactly the same as that made in its original notice of removal in this case . . . [and] . . .raises no new arguments." Upon consideration of plaintiff's motion, Ocwen's response in opposition thereto (Doc. 7), and all other pertinent portions of the record, the Court concludes, however, that the motion to remand is due to be denied.

While it is true that "re-removal" of an action is allowed in only limited circumstances, it is also true that a contradiction by a plaintiff of evidence which the court relied upon in reaching its initial decision to remand may present a new factual basis on which to determine the diversity jurisdiction issue and thus constitute appropriate grounds

for a second removal. *TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp.2d 1307, 1312-13.

As applied to the case at bar, the plaintiff previously secured an order from this Court

remanding this action by unequivocally stating that "the amount in controversy is less than

$75,000.00." Def. Exh. 1 at p. 6.[1]   The plaintiff subsequently contradicted his assertion by

declaring emphatically that he "did not limit his damages to $75,000." Def. Exh. 4 at p. 2.

Despite plaintiff's present attempt to diminimize the effect of this contradictory

declaration, the Court agrees that the assertion constitutes an admission that the plaintiff

seeks and is willing to accept more than $75,000 and that, therefore, the amount in

controversy exceeds $75,000.  Diversity jurisdiction does indeed, therefore, exist in this

case.  Consequently, it is **ORDERED** that plaintiff's motion to remand be and is hereby

**DENIED.**

In view of the above, the Court has re-examined Ocwen's motion to stay (Doc. 5)

and the Court's Order of May 5, 2005 denying same (Doc. 6).  Based upon such

reconsideration, the Court concludes that this action should now be stayed pending

resolution of Ocwen's efforts to obtain the transfer of this action for consolidation into *In*

*re: Ocwen Federal Bank FSB Mortgage Service Litigation,* MDL No. 1604, pending in

the Northern District of Illinois.  It is therefore **FURTHER ORDERED** that the Court's

Order of May 5, 2005 (Doc. 6) be and is hereby **VACATED** and, in lieu thereof, that

Ocwen's motion to stay (Doc. 5) be and is hereby **GRANTED** in that this action is hereby

---

[1]*See also, Capers v. Ocwen Federal Bank, FSB*, Civil Action No. 04-626-BH-L, at Motion
to Remand (Doc. 11) at p. 6.

2

**STAYED** pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML")

on Ocwen's request for transfer and multidistrict consolidation.

      **DONE** this 12th day of May, 2005.

s/ W. B. Hand

SENIOR DISTRICT JUDGE

FILED
2005 May-13  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHERYLE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 05-0234-BH-L |
| OCWEN FEDERAL BANK, FSB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is now before the Court on plaintiff motion (Doc. 2) to remand this

action to the Circuit Court of Perry County from whence it was removed for the second

time on April 18, 2005, by Ocwen Federal Bank, FSB ("Ocwen"), the defendant herein.

Plaintiff contends that "Ocwen's attempt to secure a second bite at the apple is prohibited

by 28 U.S.C. § 1447(d) . . . [because] . . Ocwen's current argument in support of its

allegation that the amount in controversy is met for diversity jurisdiction is exactly the

same as that made in its original notice of removal in this case . . . [and] raises no new

arguments." Upon consideration of plaintiff's motion, Ocwen's response in opposition

thereto (Doc. 7) and all other pertinent portions of the record, the Court concludes,

however, that the motion to remand is due to be denied.

While it is true that "re-removal" of an action is allowed in only limited

circumstances, it is also true that a contradiction by a plaintiff of evidence which the court

relied upon in reaching its initial decision to remand may present a new factual basis on

which to determine the diversity jurisdiction issue and thus constitute appropriate grounds

for a second removal. *TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp.2d 1307, 1312-13.

As applied to the case at bar, the plaintiff previously secured an order from this Court

remanding this action by unequivocally stating that "the amount in controversy is less than

$75,000.00." Def. Exh. 1 at p. 6.[1]   The plaintiff subsequently contradicted her assertion by

declaring emphatically that she "did not limit her damages to $75,000." Def. Exh. 4 at p. 2.

Despite plaintiff's present attempt to diminimize the effect of this contradictory

declaration, the Court agrees that the assertion constitutes an admission that the plaintiff

seeks and is willing to accept more than $75,000 and that, therefore, the amount in

controversy exceeds $75,000.  Diversity jurisdiction does indeed, therefore, exist in this

case.  Consequently, it is **ORDERED** that plaintiff's motion to remand be and is hereby

**DENIED.**

In view of the above, the Court has re-examined Ocwen's motion to stay (Doc. 5)

and the Court's Order of May 5, 2005 denying same (Doc. 6).  Based upon such

reconsideration, the Court concludes that this action should now be stayed pending

resolution of Ocwen's efforts to obtain the transfer of this action for consolidation into *In

re: Ocwen Federal Bank FSB Mortgage Service Litigation,* MDL No. 1604, pending in

the Northern District of Illinois.  It is therefore **FURTHER ORDERED** that the Court's

Order of May 5, 2005 (Doc. 6) be and is hereby **VACATED** and, in lieu thereof, that

Ocwen's motion to stay (Doc. 5) be and is hereby **GRANTED** in that this action is hereby

---

[1]*See also, Williams v. Ocwen Federal Bank, FSB*, Civil Action No. 04-627-BH-L, at
Motion to Remand (Doc. 14) at p. 6.

**STAYED** pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML")

on Ocwen's request for transfer and multidistrict consolidation.

      **DONE** this 12th day of May, 2005.

                                      _____ s/ W. B. Hand _____
                                        SENIOR DISTRICT JUDGE

3