RECEIVED

2005 MAY 17 P 3: 53

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| PATRICIA R. KELLEY, | |
|---|---|
| Plaintiff, | CV 2:05CV458-F |
| v. | |
| OCWEN FEDERAL BANK FSB; *et al.*, | |
| Defendants. | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Ocwen Federal Bank FSB ("Ocwen") hereby submits this notice that it has removed this civil action from the Circuit Court of the State of Alabama for Barbour County to the District Court for the Middle District of Alabama, Northern Division pursuant to 28 U.S.C. § 1441 *et seq.* The grounds for removal are as follows:

1. Ocwen previously removed this action to this Court (Thompson, J.) on the grounds that this action was subject to this Court's federal question and diversity jurisdiction. In order to defeat removal of this case to federal court, plaintiff Patricia R. Kelley represented to the United States District Court for the Northern District of Alabama that *"she does not seek and will not accept damages of more than $74,999.00, exclusive of interest and costs."* (Motion to Remand, Oct. 25, 2004 at 4 (emphasis added) ("Motion to Remand") (attached at Exh. A).) Based on that representation, this Court declined to find that the amount in controversy exceeded the $75,000.00 jurisdictional requirement for federal diversity jurisdiction and remanded this action to state court. (Order of Remand, Jan. 24, 2004, at 3, 4 (attached at Exh. B).)

EXHIBIT E

2. Notwithstanding the representations in her motion to remand, plaintiff has now taken the position that the amount in controversy in this action will *not* be limited to $75,000. On March 21, 2005, Ocwen filed a motion for partial summary judgment in the Circuit Court of Barbour County requesting an order limiting damages to less than $75,000, arguing that the doctrines of judicial estoppel and the law of the case operated to preclude plaintiff from claiming any amount in excess of $75,000. (Ocwen's Motion for Partial Summary Judgment as to Claims Exceeding $75,000, dated Mar. 21, 2005 (attached at Exh. C).). That request was based upon plaintiff's representation to this Court that she will "not seek and will not accept damages of more than $74,999.00, exclusive of interest and costs." (Motion to Remand at 4). In response to Ocwen's motion, plaintiff's counsel stated that "such a representation does not preclude a jury from <u>awarding</u> damages in excess of $75,000. It would only prevent the Plaintiff from <u>seeking</u> or <u>accepting</u> damages in excess of $75,000." (Plaintiff's Response to Ocwen's Motion for Partial Summary Judgment, dated May 5, 2005, at 3 (attached at Exh. D) ("Response") (emphasis in original).) By acknowledging that a jury could award plaintiff more than $75,000, plaintiff has put more than $75,000 *in controversy*, thereby satisfying the jurisdictional threshold. *See* 28 U.S.C. § 1332(a).

3. Plaintiff attempts to obfuscate the clear implication of her representation by promising that she will not "seek[]" or "accept[]" damages in excess of $75,000. These ephemeral promises – made in litigation papers prepared and signed by counsel – stand in sharp contrast to efforts undertaken by plaintiff's counsel in virtually identical cases to affirmatively waive all amounts in excess of $75,000 when such waiver was necessary to secure remand. For example, the plaintiffs in *Ellison v. Ocwen Federal Savings Bank*, No. CV-04-TMP-2090-S

(N.D. Ala. April 8, 2005), submitted a sworn affidavit in support of their motion to remand stating, in pertinent part:

> The collective claims by me and my wife in this matter do not involve compensatory and punitive damages and attorneys' fees in excess of $75,000.00; we will not seek, argue for, or accept any judgment or sum of damages, including an award of attorneys' fees greater than $75,000.00; and we will remit and release any portion of a judgment or jury award, including an attorneys' fee award, to the extent to total exceeds $75,000.00, if the case is remanded to state court. Our claims have never involved damages, including attorneys' fees, in excess of this amount.

*Id.* at 1-2. If plaintiffs actually intended to put less than $75,000 in controversy in this matter, they easily could have provided a similar affidavit affirmatively waiving all amounts in excess of $75,000. Because no such submission was proffered in this case, and because plaintiff's representations to the Circuit Court for Barbour County that a jury could award more than $75,000 make clear that plaintiff has put more than $75,000 *in controversy*, the jurisdictional threshold is clearly satisfied. *See* 28 U.S.C. 1332(a). Based on plaintiff's new representations to the Circuit Court of Barbour County, removal of the action is appropriate under 28 U.S.C. § 1446, which authorizes removal within thirty days of a defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ."

4. Eleventh Circuit law specifically authorizes the re-removal of cases upon the discovery of a new factual basis for asserting diversity jurisdiction. *Nicholson v. National Accounts, Inc.*, 106 F. Supp 2d 1269, 1270 (S.D. Ala. 2000) ("It is well established that [28 U.S.C. § 1446] allows a defendant to remove a previously remanded case where subsequent pleadings or events reveal a new and different basis for removal."); *TKI, Inc. v. Digital One*

3

*Comm., Inc.*, 191 F. Supp. 2d. 1307 (M.D. Ala. 2002) (permitting re-removal upon the defendant's discovery of deposition testimony contradicting evidence relied upon by the court in granting the plaintiff's initial motion to remand). Judge Brevard Hand of the Southern District of Alabama was faced with this precise issue in two cases nearly identical to this action brought by the same plaintiff's counsel. Judge Hand had originally remanded the cases to state court. When plaintiffs subsequently represented that more than $75,000 was at issue, Ocwen re-removed the cases to federal court. Based on plaintiffs' representations – representations similar to those made by plaintiff in this case – Judge Hand denied the plaintiffs' motions to remand finding the amount in controversy requirement to be met and diversity jurisdiction to exist. (*See* Orders Denying Remand *Capers v. Ocwen Federal Bank, FSB*, 1:05-cv-0233-BH-L, and *Williams v. Ocwen Federal Bank FSB*, 2:05-cv-0234-BH-L (attached at Exh. E).)

## THIS ACTION IS SUBJECT TO THIS COURT'S DIVERSITY JURISDICTION

5. Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is diversity among all relevant parties.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

6. Plaintiff's complaint meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

7. As of May 5, 2005, plaintiff has taken the position that a jury may award damages in excess of $75,000. (Response at 3.) That unequivocal representation places more than $75,000 *in controversy*.

8. Plaintiff in her complaint asserts at least eight intentional tort claims against defendants, including claims for fraud, suppression, wantonness, intentional infliction of

4

emotional distress, conversion, defamation and conspiracy. She contends, among other things, that defendants wrongfully instituted foreclosure proceedings against her; required her to pay excessive fees relating to the foreclosure proceedings in order to stop the foreclosure process; force-placed insurance coverage on her home when she already possessed insurance; collected money from her which was not owing; harassed her concerning payment of sums she did not owe; and made defamatory statements about her credit or financial condition.

9. Where, as here, plaintiff asserts claims as to which she does not specify a precise amount of requested monetary relief, diversity jurisdiction exists where the removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). That determination can be made in either of two ways: (1) by demonstrating that it is "facially apparent" that claims are likely above $75,000; or (2) by setting forth the facts in controversy—either in the removal papers or by affidavit—that support a finding of the requisite amount. *Id.* The determination of whether jurisdiction is "facially apparent" is "left in part to the court's intuition and common sense." *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996). Where jurisdiction is not "facially apparent," the removing defendant may use "summary judgment-type" evidence to establish that the amount in controversy exceeds $75,000. *Best Buy Co.*, 269 F.3d at 1319. Jury verdicts in similar cases constitute competent evidence that the jurisdictional amount requirement has been met. *See, e.g., Glaze v. M.R.A. Holding, LLC*, 2003 U.S. Dist. LEXIS 25572 (M.D. Fla. July 11, 2003) (denying remand in part based on showing that jury verdicts in similar cases had resulted in awards above the jurisdictional threshold); *Ansley v. Metropolitan Life. Ins. Co.*, 215 F.R.D. 575, 578 n.4 (D. Ariz. 2003) (to same effect); *Amos v. Citifinancial, Inc.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003) (to same effect).

10. Plaintiff seeks to recover various fees and payments she claims were improper. Such damages aside, it is facially apparent that the damages claimed also exceed the necessary $75,000 amount based on plaintiff's claims for punitive damages. Plaintiff seeks punitive damages in all twelve counts of the complaint. (*See* Compl. ¶¶ 31, 37, 43, 48, 55, 58, 63, 66, 69, 73, 76.) Plaintiff claims, among other things, that she was injured because of defendant's misrepresentation and failure to disclose finance charges, fees and penalties. (*Id.* ¶¶ 30, 34.) Jury verdicts in Alabama for misrepresentation and concealment of finance charges relating to loans have resulted in punitive damages awards far exceeding the jurisdictional minimum. *See, e.g., Massey v. Ford Consumer Finance Co.*, Case No. CV 94-44, Bullock County Circuit Court (verdict for $7,506,000 delivered June 1995).[1] Jury verdicts in similar cases are competent evidence of the amount in controversy for purposes of assessing subject matter jurisdiction. *See, e.g., Harding v. United States Figure Skating Ass'n*, 851 F. Supp. 1476, 1480 (D. Or. 1994) ("court may look to ... awards in similar cases to place a value on the amount in controversy"); *Kennard v. Harris Corp.*, 728 F. Supp. 453 (E.D. Mich. 1989) (to same effect); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986) (to same effect). Independent of other forms of relief, plaintiff's claims meet the amount in controversy requirement based on punitive damages.

11. Plaintiff also claims that defendants inflicted emotional distress on plaintiff "by threatening to foreclose on Plaintiffs' property." (Compl. ¶ 60.) Jury verdicts in Alabama for emotional distress relating to threats of foreclosure and failure to disclose hidden finance charges

---

[1] For other representative Alabama state court fraud verdicts (which plaintiff alleges in this case) *see, e.g., Fenn v. Liberty Nat'l Life Ins. Co.*, CV 93-49 (Barbour Co. Cir. Ct., Aug. 3, 1994) (alleged misrepresentation of cash value and future interest rate on insurance policy; punitive damage verdict of $2.5 million); *Gallant v. Prudential Ins. Co.*, CV 93-50 (Barbour Co. Cir. Ct.) (alleged misrepresentation that insurance agent misled policyholders concerning coverage during sales presentations; approximately $600 in actual damages; $25 million in punitive damages awarded); *Union Mortgage Co. v. Barlow*, 595 So. 2d 1335 (Ala. 1992) (Lowndes Co. Cir. Ct.)

6

have resulted in verdicts far exceeding the jurisdictional minimum. *See, e.g., Barlow v. Union Mortgage Co.*, Case No. CV 89 22, Lowndes County Circuit Court, Alabama (verdict for $6,153,000 delivered March 1991). The amount in controversy requirement is also fulfilled based on plaintiff's claims for emotional distress.

12.     Plaintiff also claims a contractual entitlement to attorney's fees. (Compl. Count Five.) Attorney's fees claimed under a contractual or statutory provision are included as part of the amount in controversy. *See, e.g., Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933); *Linkemar v. Health Care & Retirement Corp. of Am.*, 1999 U.S. Dist LEXIS 18226, at *5 (S.D. Fla. Oct. 5, 1999). Given the breadth of plaintiff's allegations, the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others), and the presence of multiple defendants, it is virtually certain that plaintiff's attorney's fees alone will exceed $75,000.[2]

## THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

13.     There is diversity of citizenship among all properly joined parties. Plaintiff Patricia R. Kelley is a citizen of Alabama. (*See* Compl. ¶ 1.)

14.     Ocwen is a federally charted thrift incorporated under the laws of the United States. (*See* Declaration of Chomie Neil (attached at Exh. F).) Ocwen's mortgage servicing centers are located in Florida. (*See id.*) Customer payments are received by Ocwen in Florida. (*See id.*) At least 99 percent of Ocwen's employees, including its entire executive management, are located in Florida. (*See id.*) Ocwen has no physical premises or employees in Alabama. (*See id.*)

---

(fraud claimed in connection with a home improvement mortgage loan made by defendant through its agent, the contractor; compensatory damages of $150,000 and $6.001 million in punitive damages affirmed).

[2]     In a similar case against Ocwen filed and prosecuted by the same counsel representing plaintiff, counsel submitted an attorney's fee petition relating to discovery in the case that totaled more than $200,000. *Dowdle v. Ocwen, et al.*, CV 99-082 (Cir. Ct. Fayette Co., Ala.).

7

Ocwen is thus a citizen of Florida. *See Loyola Fed. Savings Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995).

15. Moss Codilis is a limited liability partnership. "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). The limited and general partners of Moss Codilis are citizens of California, Colorado, Georgia, New Jersey, Ohio, Illinois, Michigan and Pennsylvania. (*See* Notice of Citizenship and Consent to Removal (attached at Exh. G).) No partner of Moss Codilis is a citizen of Alabama. (*See id.*) Moss Codilis is therefore not a citizen of Alabama.

16. Plaintiff has also named Fictitious Defendants A, B, and C. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(a).

17. Therefore, there is complete diversity between plaintiff and defendants in this matter. *See* 28 U.S.C. § 1332(a)(1).

## VENUE

18. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of the State of Alabama for Barbour County, the forum in which the removed action was pending.

## NOTICE

19. Concurrently with the filing of this Notice, Ocwen shall cause to be filed a copy of this Notice of Removal with the Clerk of the Barbour County Circuit Court. (*See* copy of *Notice of Filing of Notice of Removal* (attached at Exh. H).)

8

20.     The contents of Exhibit I constitute the entire file of the action in the Barbour County Circuit Court.

Dated: May 17, 2005.

Respectfully submitted,

Benjamin M. Moncrief (MON059)
bmoncrief@bradleyarant.com
One of the Attorneys for Defendant
Ocwen Federal Bank, FSB

OF COUNSEL

John E. Goodman (GOO017)
**BRADLEY ARANT ROSE & WHITE LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama 35403

John N. Bolus
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203

by United States mail, first class and postage prepaid, on this 17th day of May, 2005

_____
OF COUNSEL