IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA R. KELLEY, | § |
| | § |
| PLAINTIFFS, | § |
| | § |
| VS. | § |
| | § |
| OCWEN FEDERAL BANK, FSB, | § |
| et al., | § |
| | § |
| DEFENDANTS. | § |

CIVIL ACTION NO. CV
2:05-CV-00458-MEF-SRW

## PLAINTIFF'S RESPONSE TO OCWEN'S MOTION TO STAY PROCEEDINGS

Comes now the Plaintiff, Patricia R. Kelley, and responds to Defendant Ocwen Federal Bank, FSB's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation as follows:

1.      Jurisdiction is a "first and fundamental" question for the Court to address. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). Until a final transfer order is entered, this Court retains jurisdiction over this matter, and can and should remand this case. J.P.M.L. Rule 1.5.

2.      Ocwen improperly removed this case from state court, even though federal jurisdiction plainly does not exist, in hopes of having it ultimately transferred to the United States District Court for the Northern District of Illinois where it would be consolidated with a large, federal class action. Said consolidation would prejudice the Plaintiff in that her individual state law claims could effectively be dismissed and she would be forced to pursue federal claims she has elected not to litigate.

3.      Sixteen other cases filed by Plaintiff's counsel and removed by Ocwen in September and October of 2004 were transferred to the Illinois court and it is anticipated that it will not be until

late June or July that the Court addresses the motions to remand in each of those cases. Assuming a similar time frame would exist if this case were ultimately transferred, the Plaintiff would be prejudiced by such a long delay, especially when it is clear that her case does not belong in federal court.

## FACTS RELEVANT TO PLAINTIFFS' OBJECTION

a.    The instant action was filed in the Circuit Court of the State of Alabama for Barbour County on July 28, 2004.

b.    Ocwen filed its original Notice of Removal on September 23, 2004.

c.    Ocwen then filed a request with the Judicial Panel on Multidistrict Litigation on October 6, 2004, seeking consolidation of the instant action into In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, Docket No. 1604 and filed a Motion to Stay Proceedings pending the MDL's decision on October 21, 2004.

d.    The Plaintiff filed her original Motion to Remand on October 25, 2004 and filed her original Objection to Ocwen's motion to stay on October 26, 2004.

e.    This Court remanded this case on January 24, 2005.

f.    Ocwen re-removed this case on May 17, 2005 and Plaintiff filed her second Motion to Remand on May 27, 2005

g.    Ocwen filed its second Motion to Stay Proceedings on May 31, 2005.

## ARGUMENT

I.    THE EXISTENCE OF JURISDICTION IS A FIRST AND FUNDAMENTAL QUESTION THAT SHOULD BE ADDRESSED BY THIS COURT AND OCWEN'S MOTION TO STAY PROCEEDINGS SHOULD THEREFORE BE DENIED.

Jurisdiction is a "*first and fundamental question* . . . [which] the court is bound to ask and answer for itself." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citations omitted)

(emphasis added). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co., 523 U.S. 94-95 (alterations in original) (citations omitted).  Consequently, "[w]ithout jurisdiction *the court cannot proceed at all in any cause*." Id. at 94 (emphasis added). Further, 28 U.S.C. § 1447(c) expressly mandates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In Farkas v. Bridgestone/Firestone, Inc., the District Court for the Western District of Kentucky considered a matter similar to the instant issue. 113 F.Supp.2d. 1107 (W.D.Ky. 2000). In Farkas, the defendant removed the case to federal court and the plaintiff filed a motion to remand arguing that the federal court lacked subject matter jurisdiction. Id. at 1109-10. The defendant argued "that the Court should retain jurisdiction so that the case [could] be assigned to the Panel on Multi-District Litigation." Id. at 1114-5.

Relying on the guidance established by the United States Supreme Court in Steel Co., the Court acknowledged that "the MDL Panel could resolve some common legal problems including those concerning jurisdiction ..." Id. at 1115. "However, this facially sensible view runs counter to the important principle that *a court must have the power to decide an issue before passing judgment on the reasonableness of any particular solution*." Id. (citing 28 U.S.C. § 1447(c) (2000) (mandating remand by a district court if it appears that the court lacks subject matter jurisdiction)) (emphasis added). "*[T]he issue of subject matter jurisdiction is even more fundamental than considerations of efficiency or fairness from the [defendant's] perspective*." Id. (emphasis added). Consequently, "*the jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel*." Id. at 1115 (emphasis added).

The MDL Panel only has jurisdiction over cases in which a federal court would have jurisdiction. The fact that there exists a pending action in federal court against one of the Defendants in this case does not create jurisdiction for the federal courts over this matter. This case does not belong in federal court. Thus, this Court should address this fundamental issue before considering any other action.

## II.    PLAINTIFF WOULD BE GREATLY PREJUDICED BY A STAY OF THIS ACTION.

As noted in Ocwen's motion to stay, the MDL Panel has transferred sixteen similar cases filed by the undersigned to the United States District Court for the Northern District of Illinois. The first eleven of these cases were all removed by Ocwen to federal court between September 27 and October 4, 2004. The MDL Panel entered a final transfer order on February 16, 2005. The transferred plaintiffs immediately renewed their motions to remand because they had not been ruled on by the Alabama courts from whence they were transferred. A hearing was scheduled for April 15, 2005. The Court, however, postponed the hearing and entered a briefing schedule allowing Ocwen until May 13, 2005 to respond to the plaintiffs' motions (which had already been fully briefed before the Alabama federal courts) and allowing the plaintiffs until June 10, 2005 to reply. Thus, the earliest hearing date is anticipated to be in late June or July. This will be at least 9 months after these cases were improperly removed to federal court. Meanwhile discovery and pretrial proceedings have commenced in the eleven cases where the Alabama federal courts granted the plaintiffs' motions to remand.

In sum, the parties in these transferred cases fully briefed the remand issues in front of various Alabama federal courts. They were subsequently transferred to the Northern District of Illinois where they will be required to re-brief these issues (using Seventh Circuit law). Counsel will be required to travel to Chicago to argue these issues. These duplicative actions could have been

- 4 -

avoided if the original Alabama federal courts had ruled on the motions to remand before them, just as this Court did the first time it remanded this case.

In addition, the standing order for the Illinois court states that all transferred cases become part of the purported federal class action complaint. This complaint does not adequately address the transferred plaintiffs' claims, effectively resulting in a dismissal of these claims and forcing the transferred plaintiffs to litigate issues they have chosen not to address (i.e., federal issues).

A similar fate can be expected for this case if the Court decides to grant Ocwen's motion to stay or otherwise refrains from ruling on the Plaintiff's remand motion. Thus, a stay will not promote judicial economy (another court will have to address these issues again) and will prejudice the Plaintiff in that it will be that much longer before she will be able to proceed to the substance of her claims against Ocwen and others. See Board of Trustees of the Teachers' Retirement System of the State of Illinois v. WorldCom, Inc., 244 F.Supp.2d 900, 902-06 (N.D.Ill. 2002) (staying proceedings and decision on remand where detailed analysis of bankruptcy removal laws were at issue, but stating that **"[w]hen the merits of a remand motion are easy, a decision requires little judicial time and a stay would merely postpone the inevitable"**) (emphasis added).

Plaintiff fails to see how Ocwen would be prejudiced by this Court ruling on the Plaintiff's Motion to Remand. If the court denies the Plaintiff's motion, then Ocwen is in no different position than it is presently. If the court grants the Plaintiff's motion, then the case will be sent back to state court where Plaintiff asserts it would ultimately return after a transfer to the Illinois court once that court hears the Plaintiff's remand arguments, which this Court has addressed before.

III.    OCWEN'S REMOVAL OF THIS CASE WAS IMPROPER.

Ocwen's removal of this case was clearly improper and done solely for the purpose of attempting to quickly consolidate this case with a large federal class action in an attempt to avoid a

proper state forum. This Court has already remanded this case once and there are no new grounds for remand, contrary to Ocwen's statements. Ocwen should not be rewarded for its improper removal by receiving the requested stay on this matter.

## IV.    CONCLUSION

Ocwen has provided no legitimate reason or case law supporting their request that this Court refrain from ruling on the motion to remand presently before it. Remand is a jurisdictional question which can be decided easily by this Court (just as it was the first time). The Plaintiff will be prejudiced by a delay in this case in that it would be that much longer before she can receive relief from the Defendants' wrongful actions. It is in the interest of judicial economy to have the jurisdictional question addressed now, before the parties (including the remaining defendants) are forced to re-address their positions to a federal MDL Panel which ultimately does not have jurisdiction over the present controversy. For these reasons, Ocwen's motion to stay should be denied.

WHEREFORE, Plaintiff respectfully requests this Court to deny Ocwen's motion to stay and for such other and further relief as this Court may deem just and proper.

<div style="margin-left:40%">

**s/ Jane L. Calamusa**
Jane L. Calamusa (CALAJ5640)
R. Cooper Shattuck (SHATR5109)
Counsel for Plaintiff
ROSEN, COOK, SLEDGE, DAVIS,
SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358

</div>

OF COUNSEL:
Rhon E. Jones
Scarlette M. Tuley
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2005, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

John E. Goodman
Benjamin M. Moncrief
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203

John N. Bolus
T. Lewis Coppedge
Maynard, Cooper & Gayle, P.C.
AmSouth/Harbert Plaza
1901 – 6th Avenue North, Suite 2400
Birmingham, Alabama  35203

**s/ Jane L. Calamusa**
Jane L. Calamusa (CALAJ5640)